# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

---

| | |
|---|---|
| IN THE MATTER OF S.B., A MINOR STUDENT, ) <br> BY AND THROUGH HIS PARENTS, ) <br> M.B. AND L.H.; ) <br> ) <br> M.S., A MINOR STUDENT, ) <br> BY AND THROUGH HER PARENT, K.P.; ) <br> ) <br> T.W., A MINOR STUDENT, ) <br> BY AND THROUGH HIS PARENTS, M.W. ) <br> J.W. ) <br> ) <br>       PLAINTIFFS. ) <br> ) <br>   VS. ) <br> ) <br> GOVERNOR BILL LEE, in his official ) <br> capacity as GOVERNOR OF TENNESSEE, and ) <br> KNOX COUNTY, TENNESSEE ) <br> ) <br>       DEFENDANTS. ) | No._____ |

## COMPLAINT FOR DECLARATORY
## AND INJUNCTIVE RELIEF

---

**COME THE PLAINTIFFS**, S.B., a minor student, and M.B. and L.H., the student's parents/guardians, for their minor son; M.S., a minor student, and K.P., the student's parent/guardian, for her minor son; and T.W., a minor student, and M.W. and J.W., the student's parent/guardian, for their minor son; and pursuant to Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act (ADA), submit this Complaint.

1

## I. PARTIES, JURISDICTION, AND VENUE

1. S.B. is a child with a disability. For privacy reasons, being a minor with special needs, he is referred to by initials.

2. S.B. resides with his parents M.B. and L.H. in Knoxville, Tennessee.

3. S.B. is zoned to attend public school in Knox County at Cedar Bluff Elementary.

4. M.S. is a child with a disability. For privacy reasons, being a minor with special needs, she is referred to by initials.

5. M.S. resides with her parent K.P. in Knoxville, Tennessee.

6. M.S. is zoned to attend public school in Knox County at West Valley Middle School.

7. T.W. is a child with a disability. For privacy reasons, being a minor with special needs, he is referred to by initials.

8. T.W. resides with his parents J.W. and M.W. in Knoxville, Tennessee.

9. T.W. is zoned to attend public school in Knox County at Beaumont Magnet Academy.

10. Knox County, Tennessee operates Knox County Schools ("Knox County" or "KCS") which receives state and federal funding.

11. Defendant Bill Lee is the Governor of the state of Tennessee and is the head of the Officer of the Governor. Defendant Lee enacted the executive order at issue in this action. Suit is brought against Defendant Lee in his official capacity as the Governor of the State of Tennessee and as head of the Office of the Governor, and he may be served with process by serving the State Attorney General Herbert Slattery III, Office of the Attorney General either by mail to P.O. Box 20207, Nashville, Tennessee 37202, or in person at 500 Charlotte Avenue, Nashville, Tennessee 37219.

12. The State of Tennessee and the Office of the Governor are public entities within the meaning of the Americans with Disabilities Act, 28 C.F.R. § 35.104, and recipients of federal financial assistance within the meaning of the Rehabilitation Act, 29 U.S.C. § 794(a).

13. Defendant Knox County is a municipality within the State of Tennessee. It is a "public entity" within the meaning of the Americans with Disabilities Act, 28 C.F.R. §35.104, and receives federal financial assistance within the meaning of the Rehabilitation Act, 29 U.S.C. §794(a). It may be served with process through its Mayor Glenn Jacobs located at City County Building, Suite 615, 400 Main Street, Knoxville, TN 37902.

14. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. §§ 2201–2022.

15. Venue is proper in the United States District Court for the Eastern District of Tennessee, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred and continue to occur in this district.

## II. Facts

### A. The Named Plaintiffs With Disabilities

16. S.B. is 8 years old, a second grader.

17. S.B. planned to attend second grade in-person at Cedar Bluff Elementary, but currently attends the Knox Virtual Academy due to the lack of a masking mandate.

18. S.B. has substantial medical conditions which include chronic lung disease, Eosinophilic Esophagitis (EoE) (a chronic allergic/immune condition of the esophagus), an autoimmune condition, and autism. S.B. uses a feeding tube, daily inhaler, and nebulizer when ill. He is substantially limited in the major life activities of breathing, immune function, and neurological

3

function.

19. M.S. is 12 years old, a sixth grader.

20. M.S. planned to attend school at West Valley Middle School, but currently is being educated from home due to the lack of a masking mandate.

21. M.S. has Joubert Syndrome, a rare genetic disorder involving brain malformation. For M.S., this impairs her cognitively, and precludes her from standing, walking, crawling, and bearing weight. She utilizes a wheelchair, a feeding tube, diapers, and is transported by a caregiver. To address excessive vomiting and acid reflux, she has undergone a fundoplication.[1] She is substantially limited in the major life activities of learning, thinking, communicating, breathing, immune function, digestive function, and neurological function.

22. T.W. is 10 years old, a fourth grader.

23. T.W. has Shone's Complex, a rare congenital heart disease that restricts blood flow both in and out of the heart's left ventricle. T.W.'s heart functions almost entirely on the right side through a "single ventricle heart." He has had numerous open-heart surgeries and uses a feeding tube. In addition to the heart impairment, T.W. has epilepsy. He is substantially limited in the major life activities of cardiovascular function, immune function, digestion, and neurological function.

---

[1] A fundoplication is a surgical procedure used to treat stomach acid reflux. During fundoplication, the top part of one's stomach — called the fundus — is folded and sewn around the lower esophageal sphincter, a muscular valve at the bottom of your esophagus. This reinforces the lower esophageal sphincter, making it less likely that acid will back up into the esophagus. *See* https://www.mayoclinic.org/fundoplication/vid20084708#:~:text=Fundoplication%20is%20a%20surgical%20procedure,the%20bottom%20of%20your%20esophagus.

### B. COVID-19 SPREADS THROUGH RESPIRATORY DROPLETS THAT CAN CAUSE SERIOUS INJURY OR DEATH TO MEDICALLY VULNERABLE STUDENTS

24.  Conditions such as a chronic lung and heart conditions, and a weakened immune system, have been identified by the Centers for Disease Control ("CDC") as risk factors for severe COVID-19 infection.

25.  In Knox County, COVID-19 and its "Delta variant" are rapidly spreading throughout children and staff in the schools.[2]

26.  COVID-19 is spread primarily through respiratory droplets.[3]

27.  It spreads when others inhale these droplets generated when people cough, sneeze, talk, or even breathe.[4]

28.  Persons who lack symptoms of COVID-19 ("asymptomatic") or do not yet know they have COVID-19 ("pre-symptomatic") may feel perfectly fine. However, they are estimated to account

---

[2]  As of September 1, 2021, 1 in 5 KCS students did not report to school, with KCS's cases of COVID-19 amongst students and staff multiplying rapidly. *See* KCS COVID-19 Update: 890 active cases, increasing by almost 200, *available at* https://www.wbir.com/article/news/education/covid-cases-in-knox-county-schools/51-42bf561c-65f3-49f3-a689-9dd94fc17ac5 (last visited Sept. 2, 2021).

[3]  CDC, Scientific Brief: SARS-CoV-2 Transmission, May 7, 2021, *available at* https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/sars-cov-2 transmission.html ("The principal mode by which people are infected with [COVID-19] is through exposure to respiratory fluids carrying infectious virus. Exposure occurs in three principal ways: (1) inhalation of very fine respiratory droplets and aerosol particles, (2) deposition of respiratory droplets and particles on exposed mucous membranes in the mouth, nose, or eye by direct splashes and sprays, and (3) touching mucous membranes with hands that have been soiled either directly by virus-containing respiratory fluids or indirectly by touching surfaces with virus on them.").

[4]  Science Brief: Community Use of Cloth Masks to Control the Spread of SARS-CoV-2, *available at* https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/masking-science-sars-cov2.html (last visited Sept. 2, 2021).

for more than 50% of transmissions.[5]

29. The Delta variant is extremely infectious and more than doubly contagious than the original strand of COVID-19.[6]

30. COVID vaccines currently are not available for children under the age of 12. And according to the CDC, "children with medical complexity, with genetic, neurologic, metabolic conditions, or with congenital heart disease can be at increased risk for severe illness from COVID-19."[7] Similarly, "children with obesity, diabetes, asthma or chronic lung disease, sickle cell disease, or immunosuppression can also be at increased risk for severe illness from COVID-19."[8]

31. Knox County, one of Tennessee's largest school districts, routinely serves children with these very health conditions. This includes S.B., T.W., M.S., and others like them.

### C. Community Masking As a Reasonable Modification to School Policy

32. Some children, like S.B. and T.W., are too young to be vaccinated. Other children, like M.S., have been vaccinated. But due to their disabilities, they all experience a greater risk of contracting COVID-19, with greater consequences. However, the state and school district can seriously mitigate these risks through community masking practices and social distancing.

---

[5] *Id.*

[6] CDC, Delta Variant: What We Know About the Science, Aug. 6, 2021, *available at* https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html (noting that the Delta variant is "more than 2x as contagious as previous variants" and studies indicated that "patients infected with the Delta variant were more likely to be hospitalized") (last visited Sept. 2, 2021).

[7] Centers for Disease Control, *COVID-19: People with Certain Medical Conditions*, May 13, 2021, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 2, 2021).

[8] *Id.*

33. Why masks? Because the cloth layer *blocks* the droplets from releasing into the environment, along with the microorganisms these particles carry. To be more specific, masks block the large droplets ("20-30 microns and up") as well as finer droplets too.[9]

34. Community masking protects *other* students—the Plaintiffs in this case. For medically fragile children, the consequences of COVID can be, and often are, terrifying to the child and for their parents. Last month, for example, a child in Maryville was placed on a ventilator with fluid in her lungs, unable to communicate with her parent, her parent being confronted with questions about whether to resuscitate.[10]

35. Accordingly, the entirely reasonable modification being sought in this case is *community masking: protection of selves and others.* Indeed, Governor Lee himself declared: **"If you want to protect your kid from the virus or from quarantine, the best way to do that is to have your kid in school with a mask."** – Governor Bill Lee, speaking about the COVID-19 Pandemic.[11]

36. Governor Lee's declaration is correct, proved times over. For example, top physicians on the staff of Duke University found that even without social distancing, masking is effective in

---

[9] Science Brief: Community Use of Cloth Masks to Control the Spread of SARS-CoV-2, *available at* https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/masking-science-sars-cov2.html (last visited Sept. 2, 2021).

[10] https://www.wbir.com/article/news/health/coronavirus/maryville-child-fighting-for-her-life-after-contracting-covid/51-87fd3d0c-d941-432a-a455-7f92703c9a1c (last visited Sept. 2, 2021).

[11] Health Chief: Children now 36% of Tennessee's virus, *available at* https://apnews.com/article/health-coronavirus-pandemictennessee32b7ff0dc540a2b11cc8c736c67020fe (last visited Sept. 2, 2021).

preventing in-school COVID-19 transmission.[12]

37.     Moreover, the CDC,[13] the American Academy of Pediatrics,[14] the Le Bonheur Children's Hospital and the University of Tennessee Health Sciences Center[15] have all recommended universal masking in schools in an effort to reduce the risk of transmission of COVID-19.

### D. THE STATE AND KNOX COUNTY'S REFUSAL TO ENFORCE MASKING MODIFICATIONS

38.     Since school reopened in 2021, in Knox County, COVID-19 infections among school aged children have increased substantially. As of September 2, 2021, Knox County schools reported 750 known and active cases among students and an additional 140 cases among staff members.[16] And as of September 1, 2021, *one out of every five* students was not even attending school, with 193

---

[12] ABC's Final Report, June 30, 2021, *available at* https://abcsciencecollaborative.org/wp-content/uploads/2021/06/ABCs-Final-Report-June-2021.06-esig-DB-KZ-6-29-21.pdf?fbclid=IwAR3XDNVh44k8mrrfd2rcJz8rm-zOdtmlouMDkt- Tt3P3zXicWQeeU5E6wA8 (last visited Sept. 2, 2021).

[13] CDC, Guidance for COVID-19 Prevention in K-12 Schools, updated Aug. 5, 2021,https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html (last visited Sept. 2, 2021).

[14] American Academy of Pediatrics COVID Guiadance for Safe Schools, *available at* https://www.aap.org/en/pages/2019-novel-coronavirus-covid-19-infections/clinicalguidance/covid-19-planning-considerations-return-to-in-person-education-in-schools/ (last visited Sept. 2, 2021).

[15] LeBonheur Children's Hopsital, Back-to-School Task Force Recommendations, *available at* https://www.lebonheur.org/files/patient-education-materials/Back-to-School%20Task%20Force%20Le%20Bonheur%20Children's%20UTHSC%20Recommendations%20Updated%20FINAL%20August%202021.pdf (last visited Sept. 2, 2021).

[16] Knox County Schools COVID Dashboard, *available at* https://www.knoxschools.org/covid (last visited Sept. 2, 2021).

new active cases reported in a single day.[17]

39. Making matters worse, Governor Lee issued Executive Order No. 84. This allows parents to substitute their own judgments and disregard the findings of, *inter alia,* the CDC, the American Academy of Pediatrics, Le Bonheur Children's Hospital, and the University of Tennessee Health Sciences Center about the necessity for masks to reduce the spread of COVID-19. Governor Lee's order states:

> I, Bill Lee, Governor of the State of Tennessee…do hereby order that a student's parent or guardian shall have the right to opt out of any order or requirement for a student in kindergarten through twelfth-grade to wear a face covering at school, on a school bus, or at school functions, by affirmatively notifying in writing the local education agency or personnel at the student's school.

40. Despite the soaring numbers, Knox County has *not* adopted a masking mandate for its children in public schools. And even if they did, the Governor's order says parents can simply "opt out" and risk injury or death to other vulnerable children.

41. Plaintiffs have an urgent need for community masking, a need elevated from the local schools to the attention of the Knox County School Board.

42. The Board held a special meeting on September 1, 2021 to discuss masking. Tragically, the Board voted 5-4 against masking, even temporarily. One Board member was even quoted as saying *the masks* would be harmful "physically, socially, and emotionally."[18]

43. As a result of these failures, countless numbers of children are going mask-less at school.

---

[17] *See* KCS COVID-19 Update: 890 active cases, increasing by almost 200, *available at* https://www.wbir.com/article/ news/education/covid-cases-in-knox-county-schools/51-42bf561c-65f3-49f3-a689-9dd94fc17ac5 (last visited Sept. 2, 2021).

[18] Knox County Schools votes against implementing masks amid record-breaking number of cases, *available at* https://www.wbir.com/article/news/education/knox-county-schools-votes-against-implementing-masks-amid-record-breaking-number-of-cases/51-d751c4ba-30c1-4472-8c99-0911e3795cc9 (last visited Sept. 2, 2021).

44. Thus, S.B., M.S. and T.W., the named Plaintiffs, and others similarly situated, are unable to *safely* attend school without increased risks of serious injury or even death, unlike their non-disabled peers. They are, or would be, in close proximity to unmasked students in hallways, bathrooms, the cafeteria, the gym, the playground, on buses, and in classrooms, and are exposed to a substantial likelihood or risk of serious injury or even death.

45. This action, therefore, is not to make changes in educational programming per se, but rather to enable these children to have fundamental *access* to the school building itself. Sending these students home, and providing a "virtual education," as learned in 2020, resulted in substantial *harm* to countless students across the state.[19] It is simply not a reasonable modification that allows them equal access.

46. In short, the inaction of Knox County, and the action of Governor Lee's Executive Order, places children like S.B., M.S. and T.W. in an impossible dilemma: risk their life to obtain the basic fundamental right to education or stay home and fall further behind academically, socially, and mentally from lack of access to school.

### III. CLASS CLAIMS

47. Plaintiffs bring this action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedures on behalf of themselves and a class of similarly situated individuals consisting of all students with disabilities that make them medically vulnerable to severe infection and/or death from COVID-19 and who are eligible to attend public school in Knox County.

48. The Class is defined as follows: all current and future K-12 students eligible to attend public

---

[19] Department of Education Office of Civil Rights, Education in a Pandemic: The Disparate Impacts of COVID-19 on America's Students, *available at* https://www2.ed.gov/about/offices/list/ocr/docs/20210608-impacts-of-covid19.pdf (last visited Sept. 2, 2021).

10

Case 3:21-cv-00317-JRG-DCP   Document 1   Filed 09/02/21   Page 10 of 16   PageID #: 10

school in Knox County, Tennessee during the coronavirus pandemic who (1) are unable to obtain a vaccine either because of their age or (2) for whom the vaccine is of limited efficacy due to their compromised or suppressed immune system, and who have any one or more of the following disabling impairments:

> (a) lung disease, including asthma, chronic obstructive pulmonary disease (*e.g.*, bronchitis or emphysema), or other chronic conditions associated with impaired lung function;
> (b) heart disease, such as congenital heart disease, congestive heart failure and/or coronary artery disease;
> (c) chronic liver or kidney disease (including hepatitis and dialysis patients);
> (d) diabetes or other endocrine disorders;
> (e) hypertension;
> (f) compromised immune systems (such as from cancer, HIV, receipt of an organ or bone marrow transplant, as a side effect of medication, or other autoimmune disease);
> (g) blood disorders (including sickle cell disease);
> (h) inherited metabolic disorders;
> (i) history of stroke;
> (j) neurological or developmental disability (including epilepsy);
> (k) cancer or cancer treatments; and/or
> (l) muscular dystrophy or spinal cord injury.

49. Class action is the appropriate means by which to address this action under Fed. R. Civ. P. 23(a). The class is too numerous for joinder, and many members lack sufficient resources to pursue the matter individually.

50. Numerosity and commonality are met. For numerosity, thousands of children in Knox County have one or more of the listed conditions. For commonality, Governor Lee's directive through the Executive Order increases the risk serious injury or death to all Class members who wish to attend school without a masking mandate in place. Knox County, which has let parents "decide for themselves," pursuant to the Executive Order, and rejected a masking mandate, is similarly placing Class members at increased risk of serious injury or death by not allowing a simple reasonable modification under the ADA and Rehabilitation Act.

51. The claims meet the typicality requirement as well. Each named Plaintiff is attending, or zoned to attend, a school in Knox County, and all named Plaintiffs and Class members are being subjected to the same wrongful act, policy, or procedure, with the same legal theories.

52. The Plaintiffs are also adequate personal representatives: they each have the same interest in this action, will fairly represent the interests of others, and do not have interests adverse to others. Class Counsel are familiar with both class actions and with actions under Title II of the ADA and Section 504 of the Rehabilitation Act. There are no known conflicts between Class members and Class counsel.

53. This action seeks declaratory and injunctive relief under Rule 23(b)(2). Alternatively, the requirements of Rule 23(b)(1) are met because prosecuting separate actions would create a risk of inconsistent or varying adjudications with respect to individual Class members.

## COUNT 1. DENIAL OF REASONABLE MODIFICATIONS AND EXCLUSION FROM SERVICES (DISCRIMINATION) UNDER THE ADA

54. The foregoing facts are repeated herein.

55. Under Section 504, "[n]o otherwise qualified individual with a disability in the United States…shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. §794(a).

56. Similarly, under the ADA, KCS may not, by reason of disability, exclude the Plaintiffs from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. §12132.

57. Moreover, under the ADA and Section 504, KCS "shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on

12

Case 3:21-cv-00317-JRG-DCP   Document 1   Filed 09/02/21   Page 12 of 16   PageID #: 12

the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 CFR §35.130(b)(7)(2001) (504); *Alexander v. Choate*, 469 U.S. 287, 301 (1985) (Section 504).

58. Governor Lee's Executive Order is denying local school districts the ability to provide the children with disabilities in the instant matter with the protections they need to attend school safely. In doing so, Governor Lee, acting in his official capacity, has violated the regulations and provisions of the ADA:

    a. Defendants are failing to make a reasonable modification, and/or are preventing the school districts attended by the Class from making a reasonable modification, under circumstances where it is required, in violation of 28 C.F.R. § 35.130(b)(7);

    b. Defendants are excluding, and/or are causing the school districts of Knox County, Tennessee to exclude Plaintiffs from participation in public education, in violation of 42 U.S.C. § 12132 and 28 C.F.R. § 35.130;

    c. Defendants are failing to make, and/or causing Plaintiffs' school districts to fail to make, their services, programs, and activities "readily accessible" to disabled individuals, in violation of 28 C.F.R. § 35.150;

    d. Defendants are administering a policy that has the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability and that has the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entity's program with respect to individuals with disabilities, in violation of 28 C.F.R. § 35.130(b)(3).

13

Case 3:21-cv-00317-JRG-DCP   Document 1   Filed 09/02/21   Page 13 of 16   PageID #: 13

59. The ADA further prohibits any public entity from, either directly or through contractual or other arrangements, using any criteria or methods of administration that (a) have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability and/or (b) perpetuate the discrimination of another public entity if both public entities are subject to common administrative control or are agencies of the same State. 28 C.F.R. §§ 35.130 (b)(3)(i) & (iii).

### COUNT 2. DENIAL OF REASONABLE MODIFICATIONS AND EXCLUSION FROM SERVICES (DISCRIMINATION) UNDER SECTION 504

42. Plaintiffs, on behalf of themselves and those similarly situated, do repeat and reallege the allegations in previous paragraphs of this Complaint as if fully alleged herein.

43. Plaintiffs and those similarly situated are children with disabilities that substantially limit one or more major life activity, and therefore, are considered to be persons with a disability under Section 504 of the Rehabilitation Act, as amended. *See* 29 U.S.C. § 705(9)(B), as amended by the ADA Amendments Act, Pub. L. 110-325, Sec. 7, 122 Stat. 3553 (Sept. 25, 2008).

44. Plaintiffs are otherwise qualified under Section 504 of the Rehabilitation Act because they meet the essential eligibility requirements for public education in the state of Tennessee.

45. Defendant Lee, in his official capacity, is the recipient of federal financial assistance. Governor Lee's Executive Order is denying local school districts and public health authorities the ability to provide these children with the accommodations they need to attend school safely.

46. Defendants have violated the regulations and provisions of Section 504, and/or caused Plaintiffs' school districts to violate the regulations and provisions of Section 504, as follows:

>a. Defendants are excluding, and/or are causing Plaintiffs' school districts to exclude, Plaintiffs from participation in public education, in violation of 29 U.S.C. § 794(a) and 34 C.F.R. § 104.4(b)(1)(i);

b. Defendants are using methods of administration that have the effect of subjecting Plaintiffs to discrimination on the basis of disability, in violation of 34 C.F.R. § 104.4(b)(4);

c. Defendants are using methods of administration that have the effect or purpose of defeating or substantially impairing accomplishment of the objectives of the public education provided by Plaintiffs' school districts, in violation of 34 C.F.R. § 104.4(b)(4).

## IV. RELIEF SOUGHT

47. For relief, Plaintiffs seek a judgment that KCS violated the ADA and Section 504, as reflected above.

48. Additionally, Plaintiffs seek a temporary restraining order enjoining Governor Lee from enforcing Executive Order No. 84 and an injunction requiring Knox County to enforce a mask mandate in this case.

49. Plaintiffs seek a preliminary injunction enjoining Governor Lee during this litigation from enforcing Executive Order No. 84 and an injunction requiring Knox County to enforce a mask mandate in this case.

50. Plaintiffs therefore pray that this Court assume jurisdiction, certify this matter as a class action, declare Executive Order No. 84 as violative of the ADA and Section 504, and issue a temporary restraining order and permanent injunction.

51. Plaintiffs also seek their reasonable attorneys' fees and costs, and expenses under 42 U.S.C. §1988; and any further and just relief.

Respectfully Submitted,

**GILBERT LAW, PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
Facsimile: 423.756.2233
justin@schoolandworklaw.com

**&**

**THE SALONUS FIRM, PLC**
/s Jessica F. Salonus
JESSICA F. SALONUS (28158)
139 Stonebridge Boulevard
Jackson, Tennessee 38305
Telephone: (731) 300-0970
Facsimile: 731.256.5711
jsalonus@salonusfirm.com

***ATTORNEYS FOR PLAINTIFFS***