| | |
|---|---|
| **M.B., et al.,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| **v.** | )    No. 3:21-CV-317 |
| | ) |
| **GOVERNOR BILL LEE, et al.** | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM REGARDING SUPPLEMENTAL AUTHORITY

Defendant Knox County Board of Education ("KCBOE" or "the Board"), by and through its attorneys, submits this brief memorandum regarding the supplemental authority [Doc. 27-1] submitted by Plaintiffs. The case, *Arc of Iowa v. Reynolds*, No. 4:21-cv-00264, 2021 U.S. Dist. LEXIS 172685 (S.D. Iowa Sep. 13, 2021), is another like *G.S. v. Lee*, No. 21-cv-02552-SHL-atc, 2021 U.S. Dist. LEXIS 168479 (W.D. Tenn. Sep. 3, 2021) in which a form of <u>prohibitive</u> injunctive relief was granted by a court against a state's action that either did prevent or might prevent a local school board from adopting a universal masking mandate, <u>if it so chose</u>. Neither of these cases stand for the radical proposition advocated by the Plaintiffs in the case at bar: that the court should issue a <u>mandatory</u> injunction forcing an elected body to take an action which it has voted on and determined not to take.

To the contrary, the *Arc* court found that "there is little harm to Defendants in enjoining section 280.31 and **permitting the individual public school districts to return to the way in which they were operating prior to its passage by leaving a universal mask mandate to their [*42] discretion**. It is **no great burden for individual school boards to make these types of decisions for the children within their districts**." *Arc of Iowa* at *41-42. **Bold** emphasis

1

added. This is exactly KCBOE's point: that the decisions of a local government entity are political ones left to the sound discretion of elected officials.

Another point distinguishing *Arc of Iowa* from the case at bar is that the *Arc of Iowa* court found that in-person education was the only viable option for Iowa students. Specifically, the *Arc of Iowa* court found that "Plaintiffs report unsuccessful experiences with virtual or remote learning over the past year, and that "[s]ome [Iowa] schools do not even offer virtual learning options." *Arc of Iowa* at *17. The court also seemed critical that "[o]ther [Iowa] schools offer a virtual learning option consisting of prerecorded videos that do not allow for interaction between the students and their teachers." *Id.* at *33.

In the case at bar, KCBOE has presented competent evidence that virtual schools exist within the Knox County school system that adhere to Tennessee state standards and mirror brick-and-mortar schools in most all aspects except that they do not have a physical building [testimony of Dr. Jon Rysewyk and Mr. Jason Myers]. Thus, there is a viable reasonable accommodation for Plaintiffs in Knox County which apparently did not exist in Iowa.

## CONCLUSION

*Arc of Iowa v. Reynolds* and *G.S. v. Lee* both stand for the proposition that a state government may not prevent a local school board from choosing to impose a mask mandate. But neither of these cases speak to the situation of a Board of Education which had determined not to enact a mandatory mask mandate. Shelby County, Tennessee had a "springing" mask mandate which would take effect but for E.O. 84. Iowa, by contrast, had at least one Board of Education which indicated that it would take action on a mask mandate "as soon as possible to consider a mask mandate" (*Arc of Iowa*, n. 5), and others which might or might not make such a consideration:

2

"those public school districts and others in Iowa **will have discretion to implement a mandatory mask policy** on school grounds without violating Iowa law…." *Id.* at *25. **Bold** emphasis added.

Democracy can be a messy business. Winston Churchill is quoted as saying that it's "the worst form of government – except for all the others that have been tried." KCBOE believes that the *Arc of Iowa* court was wise to leave the "discretion to implement a mask policy" to the elected body.

Respectfully submitted,

                                            s/David M. Sanders
                                            David M. Sanders (BPR # 016885)
                                            Amanda Lynn Morse (BPR # 032274)
                                            Deputy Law Director
                                            Suite 612, City-County Building
                                            400 Main Street
                                            Knoxville, TN 37902
                                            (865) 215-2327

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on the date recorded by the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States Mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

                                            s/David M. Sanders
                                            David M. Sanders

3

Case 3:21-cv-00317-JRG-DCP   Document 28   Filed 09/16/21   Page 3 of 3   PageID #: 539