UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

S.B., by and through his parents, M.B. and L.H.; M.S.,       )
by and through her parent, K.P.; T.W., by and through        )
his parents, M.W., J.W., and on behalf of those              )
similarly situated,                                          )
                                                             )
      Plaintiffs,                                       )
                                                             )    No. 3:21-cv-317
v.                                                           )
                                                             )
GOVERNOR BILL LEE, in his official capacity                  )
as GOVERNOR OF TENNESSEE, and                                )
KNOX COUNTY, TENNESSEE,                                      )
                                                             )
      Defendants.                                       )

---

**RESPONSE OF THE GOVERNOR TO PLAINTIFFS'
SUPPLEMENTAL AUTHORITY**

---

Plaintiffs' supplemental authority, *ARC of Iowa v. Reynolds*, No. 4:21-cv-00264, 2021 U.S. Dist. LEXIS 172685 (S.D. Iowa Sep. 13, 2021) materially differs from the case at bar in ways that highlight the deficiencies in Plaintiffs' evidence and theory of the case.

## I.     The *ARC of Iowa* Court relied on evidence not present in this case to support standing.

First, 2021 Iowa Act § 28 (to be codified at Iowa Code § 280.31) (the "Iowa Ban Act") differs significantly from Governor Lee's Executive Order 84 ("EO 84"). The Iowa Ban expressly precluded Iowa school districts from enacting mask mandates. *See id*. at 3.[1] ("The Iowa mask mandate ban provides that school districts 'shall not adopt, enforce, or implement a policy that requires its employees, students, or members of the public to wear a facial covering for any purpose while on the school district's … property.'") (quoting the Iowa Ban Act). The Iowa Department of Public Health "issued guidance that school districts *are prohibited* from implementing a mask-wearing policy on school property because of section 280.31." *Id*. at 7-8 (emphasis added).

Contrary to the Iowa Ban Act, which "prohibited" mask mandates, EO 84 expressly contemplates such orders and requirements. Indeed, counties in Tennessee have issued mask mandates. *See G.S. ex rel. Schwaigert v. Lee,* No. 2:21-cv-02552-SHL-atc, 2021 U.S. Dist. LEXIS 168479, at *3 (W.D. Tenn. Sept. 3, 2021); *see also* News Channel 5, *Rutherford County Schools' Temporary Mask Mandate Begins; Less than 10% Opting Out*, https://bit.ly/3hHVO6N (Sept. 13, 2021) (indicating that Rutherford County has implemented a mask mandate to run "from Sept. 13 through Oct. 14").[2]

---

[1] All page references are to the slip opinion submitted by Plaintiffs. *See* ECF 27-1.

[2] The Governor requests that the Court take judicial notice of the Rutherford County Schools mandate, which is a public record not subject to reasonable dispute.

1

Second, in granting a temporary restraining order, the Iowa court relied on evidence that some school districts intended to have a mask mandate *but for* the Iowa Ban Act. *See ARC of Iowa*, slip op., at 16-17 ("During the 2020-2021 school year, numerous school districts around the state adopted, implemented, and enforced mask mandates for students, staff, and teachers."); *see also id.* at 17 n.5 ("Defendant Iowa City Community School District communicated that, if a TRO issues, it intends to 'meet as soon as possible to consider a mask requirement.'").

Here, there is no evidence that the Knox County Board of Education would have a mask mandate but for EO 84. Indeed, the evidence establishes the opposite. Governor Lee issued EO 84 on August 16, 2021. The Board met on September 1, 2021, to reconsider the issue of a mask mandate, but voted against implementing one. Although Knox County suggests that EO 84 was discussed at the meeting, they have offered no evidence that EO 84 was a "but for" cause of the Board's vote against issuing a mask mandate. Rather, the fact that four members of the Board voted to implement a mask mandate suggests that they did not believe that EO 84 prevented the Board from doing so.

Moreover, students began classes in Knox County without a mask mandate before EO 84 was issued. Testimony at the PI hearing further indicated that there is no current requirement for employees or staff in Knox County Schools to wear a mask, although nothing in EO 84 speaks to opt outs for employees or staff. Thus, where there was evidence in *ARC of Iowa* that the Iowa Ban Act was a but-for cause of the lack of mask mandates, the only evidence in the instant case points in the opposite direction. There can be no question that EO 84's opt-out provision is inoperative when there is no local mask mandate. The Court should not substitute hypotheticals and assumptions for evidence, even at the preliminary injunction phase of this action.

## II. The Court relied on standards of law that are different from those that apply in this case.

*ARC of Iowa* is further distinguishable because the Southern District of Iowa is bound by precedent that is not applicable here. The Sixth Circuit does not recognize disparate impact claims under either the Rehabilitation Act or Title II of the Americans with Disabilities Act. *See* ECF 17, Governors' Resp. at 13-14. But the *ARC of Iowa* order expressly relies on a disparate impact-type analysis in enjoining the Iowa Ban Act. *See ARC of Iowa*, slip op. at 27 ("The Court concludes Iowa Code section 280.31 seems to conflict with the ADA and section 504 of the Rehabilitation Act because it excludes disabled children from participating in and denies them the benefits of public schools' programs, services, and activities to which they are entitled."). The court found liability based on the Iowa Ban Act's impact on disabled children without finding that it was intentionally directed at those plaintiffs; such finding is required in the Sixth Circuit.

Similarly, the Sixth Circuit has held that modifications under the ADA that are not individually tailored and impose obligations on third parties are not reasonable. *See* ECF 17 at 16-17. The Eighth Circuit apparently has no such precedent, instead the district court found a universal mask mandate to be a reasonable accommodation without discussion or consideration of its impact on third parties. *See ARC of Iowa*, slip op. at 26.

## III. *Arc of Iowa* relies on a flawed analysis of the IDEA, ADA, and Section 504.

*ARC of Iowa* also relies on a flawed understanding of the IDEA, ADA, and Section 504. Without analysis, the court opined that the plaintiffs were not required to exhaust their administrative remedies because the plaintiffs could bring their claims against other public facilities like libraries, and that an adult could bring the same claims. *Id.*, slip op. at 18. However, the court's opinion otherwise shows that neither of these conclusions are tenable. The court held that part of the plaintiffs' irreparable harm was a loss of educational opportunities. *Id.* at 21-22.

3

The court further relies on cases referencing educational programming, which undeniably fall under the IDEA. *See id.* at 21 ("'[E]ven a 'few months' in an unsound program can make 'a world of difference in harm' to a child's educational development'" (quoting *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 142 (3d Cir. 2017))); *see also id.* at 25 ("Under the ADA and the Rehabilitation Act, schools are required 'to 'start by considering how [their educational programs] are used by non-disabled [students] and then take reasonable steps to provide [disabled students] with a like experience.'" (quoting *Argenyi v. Creighton Univ.*, 703 F.3d 441, 451 (8th Cir. 2013))). Loss of educational opportunities is not a harm that adults can assert against schools, nor is it a harm that children can assert as to public facilities generally. Instead, these issues go directly to a free appropriate public education analysis (FAPE) under the IDEA and thus require exhaustion.

The instant record, when viewed as a whole, shows that the gravamen of Plaintiffs' case is about denial of a FAPE. Plaintiffs complain that they are being denied educational opportunities. *See, e.g.*, ECF 7 at ¶¶ 55-56 (stating that virtual education generally denies students their "fundamental right of education"). Notably, the Complaint fails to allege facts to support a contention that the alternatives available to them, such as virtual education, are not reasonable accommodations. At the preliminary injunction hearing, however, Plaintiffs repeatedly referenced ways they felt virtual education was generally inferior to in-person education. Indeed, unless the essence of Plaintiffs' complaint is that the numerous accommodations currently available to Plaintiffs lead to unacceptably inferior educational opportunities, there is no basis for determining that EO 84 denies Plaintiffs of their "fundamental right to education." ECF 7, First Amended Complaint, at ¶ 56. Plaintiffs either (1) have *no injury* under the ADA and Rehabilitation Act because virtual education or other alternatives presented at the hearing are appropriate for

4

Plaintiffs' circumstances, or (2) must show such alternatives are programmatically inferior to in-person education with mask mandates, and thus satisfy the IDEA's exhaustion requirements.

**IV.     *ARC of Iowa* differs in the availability of reasonable alternatives.**

The *ARC of Iowa* is further distinguishable because there the evidence showed that "[s]ome schools are not offering a virtual learning option," and others "offer a virtual learning option consisting of prerecorded videos that do not allow for interaction between the students and their teachers." *Id*., slip op at 21. In contrast, the evidence shows that Knox County Schools offer interactive virtual education. There is no evidence *and not even an allegation* that the virtual learning options to all Plaintiffs are inferior educational options *as to them*.[3] Witnesses from the Tennessee Department of Education testified that they had received reports from many parents that virtual education had created a *better* learning environment for their children than in-person school, so to the extent that Plaintiffs rely on allegations regarding virtual learning in general, those allegations do not show harm as to the specific plaintiffs before the Court. Witnesses from the Department further identified solutions other than mask mandates to enable Plaintiffs to attend school safely out of the presence of unmasked students. Indeed, Plaintiffs themselves provided expert testimony that virtual learning is *safer* with respect to the transmission of COVID-19 than Plaintiffs' requested remedy of a universal mask mandate.

**CONCLUSION**

For these reasons and those provided in previous briefing and in open court, the Governor respectfully submits that the Court should deny Plaintiffs' motion for a preliminary injunction.

---

[3] Although Plaintiff M.S. has indicated some problems with virtual education, the testimony shows that even when in-person education with mask mandates was available in Knox County Schools, M.S. did not attend school in person (ECF 9-2, K.P. Declaration at ¶3 (noting that M.S. has not attended school in person since March 2020)). There is no allegation or evidence that even with a mask mandate, an in-person education would be more available to or more appropriate for M.S.

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2021, a copy of the foregoing **Response of Governor Bill Lee to Plaintiffs' Supplemental Authority** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows:

Justin S. Gilbert
GILBERT LAW, PLC
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
justin@schoolandworklaw.com

Jessica F. Salonus
THE SALONUS FIRM, PLC
139 Stonebridge Boulevard
Jackson, Tennessee 38305
jsalonus@salonusfirm.com

David M Sanders
Amanda Norse
KNOX COUNTY LAW DIRECTOR'S OFFICE
400 Main Street, Suite 612
Knoxville, TN 37902
david.sanders@knoxcounty.org

Parties may access this filing through the Court's electronic filing system.

 *s/ Reed N. Smith*
Reed N. Smith, (VA BN 77334)*
Assistant Attorney General
***admitted pro hac vice*

6