UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| M.B., et al., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 3:21-CV-317 |
| | ) |
| GOVERNOR BILL LEE, et al. | ) |
| | ) |
|     Defendant. | ) |

## MOTION TO ALTER OR AMEND JUDGEMENT

Comes Now Defendant Knox County Board of Education ("KCBOE"), by and through counsel, and, pursuant to Fed. R. Civ. P. 59(e), moves this honorable Court to Alter or Amend its judgment granting preliminary injunction against KCBOE [Doc. 35] (hereinafter "the Order") due to the manifest injustice which would result from the implementation of such order as written.[1] In support whereof, KCBOE would rely upon the attached declaration of Jason Myers, its exhibit, and would state as follows:

Paragraph No. Three of the Order commits KCBOE to "enforce—with immediate effect— the mask mandate that was in place in all Knox County Schools during the 2020-2021 school year." Doc. 35 at PageID #:857. The Order (see Paragraphs five and six at PageID#: 858) also mandates as follows:

---

[1] In full candor to the Court, KCBOE may move in a separate Rule 59(e) pleading for further relief from the Court's Order granting Preliminary Injunction on the basis of clear error of law or, depending upon student and community response to the mask mandate now being implemented in Knox County Schools, on the basis of newly discovered facts, asking the court to reconsider the issue of administrative burden. However, the issue presented in this motion—the untenable position in which KCBOE finds itself in attempting to implement the court's order without being able to provide accommodations to students and employees who cannot wear masks but are neither autistic nor recipients of tracheotomies—cannot wait longer for resolution. KCBOE is implementing the Order beginning Monday, September 27, and students with conditions such as those detailed *infra* need the relief requested in this motion immediately.

1

5. Any individual with autism or a tracheotomy is hereby **EXEMPT** from the Knox County Board of Education's mask mandate. [footnote omitted]

6. The Knox County Board of Education is **ORDERED** to identify, in a written filing with the court, any other medical conditions that it believes may require exemptions from its mask mandate. The Knox County Board of Education is **ORDERED** to submit this filing to the Court within five days. Plaintiffs are **ORDERED** to respond to this filing within forty-eight hours.

Reading these paragraphs together, KCBOE interprets them to state that the Court is ordering a mask mandate as it was established the previous school year, but instead of allowing the exemptions present in the policy instituted by KCBOE last school year, the Court is only permitting the exemptions of autism and tracheotomies, with the possibility of further exemptions to be granted upon the parties' fulfilling the requirements of paragraph six of the Order.

KCBOE asserts that the framework proposed by the Court presents a manifest injustice which calls for an immediate remedy from the Court. A list of medical conditions to be exempted is simply not a workable system and will result in a list of exemptions that are both under- and over-inclusive. A determination of if a student must be exempted from wearing a mask should be made on an individualized basis. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 688, 121 S. Ct. 1879, 1896 (2001). To create a blanket list of "conditions" that prevent the wearing of a mask is contra to the purpose of the ADA. *Id.* Otherwise, this Court and KCBOE, would merely be "speculat[ing] about a person's condition and would, in many cases, [be forced to] make a disability determination based on general information about how an uncorrected impairment usually affects individuals, rather than on the individual's actual condition." *Sutton v. United Air Lines*, 527 U.S.

471, 483, 119 S. Ct. 2139, 2147 (1999) (other elements of the case have been superseded by statute).

For example, not every student with autism needs to be exempted from mask wearing as sensory concerns and needs will be different from student to student. Likewise, one student with asthma may need to be exempted from wearing a mask while there will be another student who only carries an inhaler as a precaution but has never used it. Under the Court's framework, both of those students would be exempted from wearing a mask.[2] Contrariwise, no matter how many medical conditions KCBOE lists in its filing to comply with paragraph six of the Order, it's entirely possible that it will miss a particular condition which some individual has for which he/she should have an exemption.[3]

KCBOE has many students who were exempted under last year's mask mandate policy for various medical conditions other than autism or tracheotomies. Examples include hearing and speech disorders, developmental delays, Down Syndrome, asthma, dermatological issues, behavioral issues, and heart conditions.[4] In fact, most of those students, have in-place Individual Education Programs (IEPs) or 504 plans that document their disability and KCBOE made individualized determinations that a mask exception was an appropriate accommodation for them. At a bare minimum, if KCBOE implements the order as written, it will be faced with violating either the Order or students' (and perhaps employees') rights under the ADA and Section 504 because KCBOE will be forced to deny them their previously agreed to reasonable

---

[2] Presuming that the Court would grant asthma as an additional medical condition for which an exemption from the universal mask mandate would be granted.

[3] There is also the concern that a student may not have a medical condition that physically prevents the wearing of a mask, but wearing a mask would be an inherent injustice to that student. For example, a student who is confined to a wheelchair and uses his mouth to hold a pen and/or control his wheelchair. A mask might cause that student no physical harm, but it would obviously impede his learning, functioning, and be detrimental.

[4] Pending further action of this court, KCBOE will submit as comprehensive a list as it can in accordance with Paragraph 6 of the Order.

3

accommodation. KCBOE doubts that this was the Court's intent, but the Order contains no further exceptions.

Apart from those individuals who have plans in place which expressly exempt them from mask-wearing, there will be those who should be exempted due to any number of conditions or circumstances but haven't been because KCBOE hasn't had the need to address those individuals' conditions or circumstances in an IEP or 504 plan. It will take significant time to develop these plans for all these individuals.

The mask mandate policy previously implemented by KCBOE (Policy C-240, "Face Coverings")[5] stated that face coverings must be worn by students, employees, and visitors with the following exceptions:

1. Students, employees, and visitors may remove masks or face coverings for eating and drinking;

2. Students, employees, and visitors may be exempted from this policy by the school principal due to a documented medical condition; and students with health, behavioral, or other disability concerns, as noted in his or her IEP or 504 plan(s), will be addressed on an individual basis and afforded all protections and safeguards under federal and state law;

3. Students, employees, and visitors may remove masks or face coverings on a case-by-case basis for specific instructional needs and other activities (such as, when 6 feet distancing can be maintained, outdoor recess and/or other appropriately distanced activities), as determined by the principal in consultation with the teacher, and permission will not be

---

[5] https://www.knoxschools.org/cms/lib/TN01917079/Centricity/domain/974/board%20policies/C-240%20Face%20Coverings.pdf, last accessed 9/25/2021. Also attached as Exhibit 1 to Declaration of Jason Myers, filed in support hereto.

unreasonably withheld, in which case the teacher will utilize appropriate social distancing measures; and

4. Students, employees, and visitors may be exempted from this policy due to special behavioral or individualized needs as determined by the school principal.

KCBOE hereby moves this honorable Court to alter or amend the Order in order to permit KCBOE to re-institute this exception framework in lieu of the granting or denial of specific medical condition exceptions as outlined and implied in paragraphs five and six of the Order. KCBOE further moves this Court to alter or amend the Order in order to allow any student or staff who was exempted from KCBOE's previous mask policy to be exempted from the Court's Order. The students who were exempted last year pursuant to Policy C-240 have already provided the school system with medical information and documentation in order to have IEPs and 504 plans, and KCBOE has already made an individualized accommodation determination for those students. See Paragraph No. 2 of policy, *supra*.

KCBOE believes that the framework used last schoolyear is simpler to implement and would better serve the students of Knox County, including the Plaintiffs, than a list of medical conditions exempted, which would be both under- and over-inclusive. Furthermore, giving KCBOE the freedom to grant such exemptions would allow it to comply with federal disability and Special Education law, which mandates that people with certain conditions receive an individualized inquiry into their needs. Finally, allowing KCBOE to implement such a system would serve the interest of judicial economy. In the event that this court maintains exclusive control over which conditions are and are not exempted, two scenarios are possible, if not likely: (a) KCBOE will need to file requests for additional exemptions with the court as such needs arise,

or (b) KCBOE will be sued by persons who believe they are entitled to an exemption and for whom KCBOE was unable to obtain an exemption.

Undersigned counsel presented the gist of this proposal to counsel for Plaintiffs via email on September 25, 2021. Plaintiffs' Counsel responded as follows: "Plaintiffs do not oppose a motion to exempt medical conditions that are contra-indicated for masking, as documented by a physician. Plaintiffs take no position on other policy language as we would have to discuss such with medical professionals."

    Respectfully submitted,

    s/David M. Sanders
    David M. Sanders (BPR # 016885)
    Amanda Lynn Morse (BPR # 032274)
    Deputy Law Director
    Suite 612, City-County Building
    400 Main Street
    Knoxville, TN 37902
    (865) 215-2327

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on the date recorded by the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States Mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

    s/David M. Sanders
    David M. Sanders

6

Case 3:21-cv-00317-JRG-DCP   Document 36   Filed 09/27/21   Page 6 of 6   PageID #: 864