# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| M.B., et al., | ) |
|     Plaintiff, | ) ) ) |
| v. | )    No. 3:21-CV-317 |
| GOVERNOR BILL LEE, et al. | ) ) ) |
|     Defendant. | ) |

## KNOX COUNTY BOARD OF EDUCATION'S REPLY TO PLAINTIFFS' RESPONSE TO THE MOTION TO ALTER OR AMEND

Comes Now Defendant Knox County Board of Education ("KCBOE"), by and through counsel, and replies to Plaintiffs' Response to the Motion to Alter or Amend and List of Proposed Exemptions.

At the outset, Plaintiffs appear to have responded to KCBOE's initial Motion to Alter or Amend [Doc. 36], rather than the Amended and Restated Motion to Alter or Amend [Doc. 40]. KCBOE assumes that Plaintiffs will respond to that pleading at a later time. However, as stated by KCBOE several times, the issue of allowing further exemptions to the Court's mask mandate is of **critical** importance and therefore KCBOE files this short reply on that issue. KCBOE believes this issue is ready for adjudication and respectfully asks this Court to rule on that issue as soon as possible.

KCBOE is pleased that Plaintiffs agree that accommodations and exemptions to mask wearing should be determined on an individualized basis. As the Plaintiffs note, that was KCBOE practice last school year—and it worked. However, KCBOE does not believe that getting a note from "an individual's treating" physician is an appropriate manner to make that determination.

1

First, not every student with a disability has a "treating physician" who will feel comfortable drafting an exemption note at all, much less without an appointment as contemplated by Dr. Ker.[1] Clearly, not every student within Knox County has the privilege of quick and routine access to the same medical professional. For example, students in foster care are often either moved from one to the other, necessitating a change in physician each time, or are seen by a rotating cast of physicians on only a yearly basis. [Likewise, our socio-economically disadvantaged students may only receive health care through the Health Department or walk-in clinics. These students no not see the same physician (or any physician at all) each time and therefore not having a "prior" or "ongoing" relationship with that student.]

Secondly, both Plaintiffs and this Court seem to be linking a mask exemption to a student's *physical* ability to wear a mask without suffering some sort of medical harm i.e., that there can only be a medical exemption. As discussed, extensively, by KCBOE in previous filings, there are many reasons a student will be unable to tolerate or wear a mask. A student may not be able to physically tolerate a mask due to skin or sensory sensitivities, they may not be developmentally or intellectually able to understand why a mask is necessary and thus either refuse to keep it on or refuse to put it on in the first place. Additionally, a student may not be able to behaviorally wear a mask due to a mood dysregulation or emotional disturbance issue. All of these students have the right to receive their education in accordance with the IDEA. There are even *instructional* reasons why a student may be exempted from mask wearing, such as a severe speech impairment where speaking through cloth or only receiving instruction from muffled adults will significantly impact that student's ability to improve and expand his/her speech capabilities; would it *medically* harm that student to wear a mask or only be taught by masked teachers? Perhaps not, but failing to

---

[1] In fact, KCBOE is aware of at least one large local pediatrician's office advising clients that they will not be issue mask accommodation or exemption notes.

develop their speech skills now, will have a *lifelong* impact on that student. This is why the insistence on linking an exemption to *physical* inability to wear a mask is so harmful. With all due respect to medical professionals, they typically see children for an hour or two a year, at most. Teachers and other staff spend over 1200 (twelve hundred) hours with a student each year. A "treating physician" is simply not qualified to determine if a student is instructionally *or* behaviorally able to wear a mask

Additionally, there are 13 (thirteen) categories of educational disabilities for which a student might be eligible for special education services and for several of them medical proof is not required to be eligible for services. Tenn. Code Ann. § 49-10-102. However, for each student with an IEP team, an evaluation was conducted by a school psychologist that would have included testing, evaluations and a review of medical or other records. Tenn. Code Ann. § 49-10-108. After that evaluation, a team comprised of the school psychologist, other school staff and the parents would have met, reviewed the results, and then determined if the student was eligible under one of the 13 (thirteen) categories. 34 C.F.R. § 300.321. This evaluation process can take months. 34 C.F.R. § 300.301. Likewise, a 504 plan is developed by a team, again comprised of school staff *and* parents who review the student's records, the situation and determine if an accommodation is necessary. A 504 plan is **not** just a parent submitting a note and then getting whatever they requested. To ask students to again go get medical records or documentation after such an exhaustive process is both a waste these students time and directly contrary to the purpose of the IDEA, Section 504 and the ADA.

Finally, KCBOE disagrees that this Court should be swayed by the idea that "factional winds" will cause KCBOE to grant inappropriate or unneeded exemptions or accommodations. Everyone agrees that the system worked last year. There is no reason to presume that KCBOE will

3

Case 3:21-cv-00317-JRG-DCP    Document 44    Filed 10/04/21    Page 3 of 4    PageID #: 973

attempt to subvert the intentions of the Court when there is no evidence that would happen. Contrary to Plaintiffs' assumption, KCBOE is doing everything possible to comply with the Court's directive. Staff are spending *hours* of time with our most impacted students trying to get them to wear a mask. KCBOE is not only losing instructional hours with a population that needs every minute of instruction that they can get, but KCBOE's efforts are *failing*. Despite intense efforts by KCBOE staff, students who desperately need an exemption are being sent home daily because KCBOE is unable to grant an exemption.

KCBOE teachers and administrators have spent years working with these students, they know them and their struggles. KCBOE is asking this Court to let its staff do their job, let KCBOE serve and educate students by making individualized determinations of mask exemption so that this ongoing litigation does not continue to harm students with disabilities in the meantime.

Respectfully submitted,

s/David M. Sanders
David M. Sanders (BPR # 016885)
Amanda Lynn Morse (BPR # 032274)
Deputy Law Director
Suite 612, City-County Building
400 Main Street
Knoxville, TN 37902
(865) 215-2327

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on the date recorded by the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States Mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

s/David M. Sanders
David M. Sanders