# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| IN THE MATTER OF S.B., A MINOR STUDENT, BY AND THROUGH HIS PARENTS, M.B. AND L.H.; | ) ) ) ) |
| M.S., A MINOR STUDENT, BY AND THROUGH HER PARENT, K.P.; | ) ) ) ) |
| T.W., A MINOR STUDENT, BY AND THROUGH HIS PARENTS, M.W. J.W., AND | ) ) ) ) |
| M.K. A MINOR STUDENT, BY AND THROUGH HER PARENT, S.K. | ) ) ) ) ) |
| PLAINTIFFS. | ) ) |
| vs. | ) ) No. 3:21-cv-00317-JRG-DCP |
| GOVERNOR BILL LEE, in his official capacity as GOVERNOR OF TENNESSEE, and KNOX COUNTY BOARD OF EDUCATION, | ) ) ) ) |
| DEFENDANTS. | ) ) |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT KNOX COUNTY BOARD OF EDUCATION'S MOTION TO STAY

**COME THE PLAINTIFFS**, S.B., a minor student, and M.B. and L.H., the student's parents/guardians, for their minor son; M.S., a minor student, and K.P., the student's parent/guardian, for her minor daughter; T.W., a minor student, and M.W. and J.W., the

1

student's parent/guardian, for their minor son; and M.K. a minor student, and S.K, the student's parent/guardian, for her minor daughter, and respond to Defendant Knox County's Motion to Stay as follows:

## I. KNOX COUNTY'S MOTION SHOULD BE DENIED FOR THE SAME REASONS REFLECTED IN THE COURT'S ORDER GRANTING PRELIMINARY INJUNCTION

Knox County's motion is ill-considered.

The Court *already* heard the evidence in a full day's hearing during which Knox County testified that it *can* in fact, and *did* in fact, implement a universal masking policy the previous school year. The Court *already* determined that Plaintiffs, not Knox County, are likely to succeed on the merits, the status quo is health-threatening, and the public interest favors the reasonable accommodation of universal masking.

Medically, Plaintiffs have agreed that exemptions should be made for children (and adults) with disabilities that make them unable to wear masks, though it is the rare situation. Legally, since the Court's Order, the United States Department of Justice has not only echoed this Court's ruling but *cited* it in its Statement of Interest in similar litigation in Texas. (See DOJ Statement of Interest, attached hereto as **Exhibit A**).

Knox County's remaining objections, it seems, involve identity politics or the occasional rabble-rouser having no medical or legal voice; they should not receive a platform. As Knox County's own motion illustrates, any mayhem they cause must be dealt with through truancy measures and discipline available to Knox County, not an extraordinary motion to this Court asking for a reversal that would endanger the health and safety of students with disabilities during a pandemic.

For these reasons, Knox County's motion should be denied.

Respectfully submitted,

**GILBERT LAW, PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
Facsimile: 423.756.2233
justin@schoolandworklaw.com
**&**

**THE SALONUS FIRM, PLC**
/s Jessica F. Salonus
JESSICA F. SALONUS (28158)
139 Stonebridge Boulevard
Jackson, Tennessee 38305
Telephone: (731) 300-0970
Facsimile: 731.256.5711
jsalonus@salonusfirm.com

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I certify that this Response was served upon counsel of record for the Defendants, David Sanders and Amanda Morse for KCBOE and Reed Smith and Colleen Mallea for Governor Lee, through the Court's ECF filing system on October 4, 2021.

/s Jessica F. Salonus

3