UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

S.B., a minor student, by and through his parents,  )
M.B. and L.H. *et al.*,                               )
                                                      )
        Plaintiffs,                                   )
                                                      )
v.                                                    )       No. 3:21-CV-00317-JRG-DCP
                                                      )
GOVERNOR BILL LEE, in his official capacity           )
as Governor of Tennessee, and KNOX COUNTY            )
BOARD OF EDUCATION,                                   )
                                                      )
        Defendants.                                   )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Knox County Board of Education's Amended and Restated Motion to Alter or Amend Judgment [Doc. 40], Plaintiffs' Response in Opposition [Doc. 42], and the Knox County Board of Education's Reply [Doc. 44]. For the reasons herein, the Court will grant the Knox County Board of Education's motion in part and reserve ruling on the remainder of the motion.

## I. BACKGROUND

On August 16, 2021, the Governor of Tennessee, Bill Lee, issued Executive Order No. 84, which states:

> I, Bill Lee, Governor of the State of Tennessee, having declared a continuing state of emergency by Executive Order No. 83, dated August 6, 2021, and by virtue of the power and authority vested in me by the Tennessee Constitution and other applicable law including Tennessee Code Annotated § 58-2-107, do hereby order that a student's parent or guardian shall have the right to opt out of any order or requirement for a student in kindergarten through twelfth-grade to wear a face covering at school, on a school bus, or at school functions, by affirmatively notifying in writing the local education agency or personnel at the student's school.

[Executive Order No. 84, Doc. 23]. Not long afterwards, the Knox County Board of Education, in response to the ongoing COVID-19 pandemic, met on September 1, 2021, to discuss and vote on a district-wide mask mandate for its school system, [Am. Compl., Doc. 7, ¶ 52],[1] which consists of ninety schools and 60,000 students, [Hr'g Tr. at 179:24–25, 180:1–6 (on file with the Court)].[2] Approximately 8,000 of those students are disabled. [*Id.* at 180:7–14]. By vote of the board, a mask mandate had been in effect during the entirety of the previous school year, from August 2020 to May 2021, for all ninety schools. [*Id.* at 206:15–25]. But this year, during the board's meeting on September 1, 2021, it decided not to renew the mask mandate by a vote of 5 to 4, [Am. Compl. ¶ 54]—acting at odds with the guidelines of the Knox County Health Department, the American Academy of Pediatrics, and the Centers for Disease Control and Prevention ("CDC"), all of which recommend masks for all students enrolled in kindergarten through twelfth grade, [Dr. Yaun Decl., Doc. 9-3, ¶ 12; Hr'g Tr. at 55:21–25, 56:1, 69:5–7].[3]

In response to the board's vote, Plaintiffs, on the following day, brought a class-action lawsuit in this Court under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 *et seq.*, and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, claiming they are "unable to *safely* attend school without increased risks of serious injury or even death, unlike their non-disabled peers." [Am. Compl. ¶ 54 (emphasis in original)]. Plaintiffs allege that they suffer from underlying medical conditions that expose them to a likelihood of severe illness

---

[1] Plaintiffs' amended complaint is verified under 28 U.S.C. § 1746, *see El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (noting that a "verified complaint" is one that is signed under the penalty of perjury under 28 U.S.C. § 1746), and the Court may therefore rely on it as evidence, *see Barron v. PGA Tour, Inc.*, 670 F. Supp. 2d 674, 677 n.3 (W.D. Tenn. 2009) (stating that "the court may rely on facts contained in affidavits and verified complaints in deciding whether to issue a temporary restraining order or preliminary injunction" (citing Fed. R. Civ. P. 65(b)(1)(A))).

[2] The Court has relied on an uncertified copy of the transcript, which it received from the court reporter immediately after the evidentiary hearing. It does not exactly match the line numbers and page numbers in the certified copy of the transcript that was recently filed in the record. The two copies are otherwise consistent with each other.

[3] On August 11, 2021, the Knox County Board of Health recommended masking indoors regardless of vaccination status. [Hr'g Tr. at 69:5–7].

2

or death from COVID-19, a highly transmissible and sometimes deadly virus that invades the body through the mouth, nose, and eyes and spreads through respiratory droplets that persons produce by speaking, coughing, or sneezing. [Hr'g Tr. at 51:2–25, 52:1–6, 103:8–9]. Children under the age of twelve are not yet eligible to receive COVID-19 vaccines, and some children who are old enough to receive the vaccines may have medical conditions that do not allow their immune systems to sufficiently respond to them. [Dr. Yaun Decl. ¶¶ 21–22].

A ten-year-old fourth grader, Plaintiff T.W. has only one heart ventricle, a congenital defect that impairs his cardiovascular and immune functions, and he also suffers from epilepsy. [Am. Compl. ¶¶ 25–26]. He has undergone multiple open-heart surgeries. [*Id.* ¶¶ 25– 26]. A twelve-year-old sixth grader, Plaintiff M.S. suffers from "Joubert Syndrome, a rare genetic disorder involving brain malformation" that results in cognitive impairments. [*Id.* ¶¶ 22–24]. She is confined to a wheelchair. [*Id.* ¶ 24].[4] An eight-year-old second grader, Plaintiff S.B. suffers from chronic lung disease, Eosinophilic Esophagitis (a chronic immune-system disease of the esophagus), autoimmune disease, and autism. [*Id.* ¶¶ 19–21]. An eleven-year-old sixth grader, Plaintiff M.K. has asthma and is on the Knox County School System's "Asthma Action Plan," an emergency plan. [*Id.* ¶¶ 27–28]. All Plaintiffs are zoned within the public school system of the Knox County Schools. [*Id.* ¶¶ 3, 6, 9, 12].

Plaintiffs claim that the Knox County Board of Education has violated the ADA and the Rehabilitation Act by not providing them with a reasonable accommodation that would enable them—against the backdrop of the COVID-19 pandemic—to have safe and "fundamental *access* to the school building itself." [*Id.* ¶ 55 (emphasis in original)]. Specifically, Plaintiffs cite an "urgent need" for a mask mandate inside Knox County Schools and allege the reasonable

---

[4] The parties have stipulated that M.S. has now been vaccinated. [*Id.* at 121:8–25, 122:1–25].

accommodation "being sought in this case is *community masking: protection of selves and others.*" [*Id.* ¶¶ 40, 51 (emphasis in original)]. According to Plaintiffs, the Knox County Board of Education's rejection of a mask mandate is placing them at an "increased risk of serious injury or death by not allowing a simple reasonable modification under the ADA and Rehabilitation Act." [*Id.* ¶ 60]. Also, Plaintiffs claim that Governor Lee has violated the ADA and the Rehabilitation Act because, by promulgating Executive Order No. 84, he denied the Knox County Board of Education "the ability to provide the children with disabilities in the instant matter with the protections they need to attend school safely." [*Id.* ¶ 68].

Plaintiffs bring suit on behalf of all "current and future K-12 students" who are "eligible to attend public school in Knox County, Tennessee, during the coronavirus pandemic," who are unable to receive the vaccine or unable to mount an adequate immune response to the vaccine, and who suffer from one or more of the following medical conditions:

> (a) lung disease, including asthma, chronic obstructive pulmonary disease (*e.g.*, bronchitis or emphysema), or other chronic conditions associated with impaired lung function;
> (b) heart disease, such as congenital heart disease, congestive heart failure and/or coronary artery disease;
> (c) chronic liver or kidney disease (including hepatitis and dialysis patients);
> (d) diabetes or other endocrine disorders;
> (e) hypertension;
> (f) compromised immune systems (such as from cancer, HIV, receipt of an organ or bone marrow transplant, as a side effect of medication, or other autoimmune disease);
> (g) blood disorders (including sickle cell disease);
> (h) inherited metabolic disorders;
> (i) history of stroke;
> (j) neurological or developmental disability (including epilepsy);
> (k) cancer or cancer treatments; and/or
> (l) muscular dystrophy or spinal cord injury.

[*Id.* ¶ 58; *see* Dr. Yaun Decl. ¶ 18 (stating that children with these medical conditions are "more likely to face severe symptoms, require hospitalization, and potentially die" from COVID-19)].

Plaintiffs also moved the Court to issue a preliminary injunction[5] that "requir[es] Knox County Board of Education to enforce a mask mandate" and that "enjoin[s] Governor Lee during this litigation from enforcing Executive Order No. 84." [Am. Compl. ¶ 77].[6] Last month, the Court held a hearing on Plaintiffs' motion for a preliminary injunction. The Court heard from several witnesses during the hearing, including Ms. Ashley Paquette, Jason Yaun, M.D., Jennifer Ker, M.D., Jon Rysewik, Ph.D., and Mr. Jason Myers.

Ms. Paquette is a fifth-grade teacher in the Knox County School System and teaches at Farragut Intermediate School. A licensed, board-certified pediatrician, Dr. Yaun is an associate professor of pediatrics at the University of Tennessee Health Sciences Center and practices medicine with the University of Tennessee Le Bonheur Pediatric Specialists in Memphis, where he treats children who are infected with COVID-19. [Hr'g Tr. at 48:5–11, 49:14–16]. A licensed, board-certified immunologist, Dr. Ker is an assistant clinical professor of allergy, pulmonary, and critical-care medicine at the Vanderbilt University Medical Center and practices medicine in Nashville and Brentwood. [Hr'g Witness List, Doc. 25, at 2]. She also treats children who are infected with COVID-19 and who, in some instances, have immune systems that function poorly. [Hr'g Tr. at 97:13–24, 98:20–22]. Ms. Paquette, Dr. Yaun, and Dr. Ker testified on Plaintiffs' behalf. Dr. Rysewik and Mr. Myers appeared on the Knox County Board of Education's behalf. Dr. Rysewik is the chief academic officer and assistant superintendent for Knox County Schools, and Mr. Myers is the executive director of student support for Knox County Schools. [*Id.* at 178:21–22, 217:18–19].

---

[5] In a class-action lawsuit, the Court has license to issue a class-wide preliminary injunction before ruling on class certification. *See Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 433 (6th Cir. 2012) ("[T]here is nothing improper about a preliminary injunction preceding a ruling on class certification.").

[6] Plaintiffs' amended complaint is misnumbered between pages sixteen and eighteen.

5

The Court ultimately granted Plaintiffs' motion for a preliminary injunction and ordered the Knox County Board of Education to enforce—with immediate effect—the mask mandate that was in place in all Knox County Schools during the 2020-2021 school year, as a reasonable accommodation under the ADA for Plaintiffs and Class Plaintiffs. [Mem. Op. & Order, Doc. 35, at 55]. Dr. Ker, however, specifically identified individuals with autism and tracheotomies as disabled individuals who may be unable to wear masks, [Hr'g Tr. at 111:7–9], so the Court exempted these individuals from the mask mandate, [Mem. Op. & Order at 56]. Beyond Dr. Ker's testimony, the parties presented the Court with no evidence by which it could determine whether additional medical exemptions from the mask mandate were appropriate. The Court therefore ordered the Knox County Board of Education to file a list of medical conditions that it believed warranted further exemptions from the mask mandate, and it ordered Plaintiffs to respond to that filing. [*Id.*].

The Knox County Board of Education has now filed this list, but it also filed a motion to alter or amend the Court's judgment under Federal Rule of Civil Procedure 59(e). The Knox County Board of Education claims that relief under Rule 59(e) is appropriate because (1) the Court's mask mandate is causing it to suffer manifest injustice, (2) newly discovered evidence establishes that the mask mandate is placing an undue burden on it, and (3) the mask mandate constitutes a clear error of law. Having now carefully considered the Knox County Board of Education's arguments and Plaintiffs' response to those arguments, the Court is prepared to rule on the Rule 59(e) motion.

## II. LEGAL STANDARD

Rule 59(e) states that a party may file a motion to alter or amend judgment within twenty-eight days from the entry of judgment. *See* Fed. R. Civ. P. 59(e). Rule 59(e) permits the Court to

alter or amend a judgment based on "(1) a clear error in law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quotation omitted). The Court has "considerable discretion" in deciding whether to grant a Rule 59(e) motion. *Id.* (citation omitted). A Rule 59(e) motion, however, "run[s] contrary" to notions of "finality and repose," and it is therefore "generally discouraged" and "afford[s] relief only under extraordinary circumstances." *Polzin v. Barna & Co.*, No. 3:07-cv-127, 2007 WL 4365760, at *3 (E.D. Tenn. Dec. 11, 2007).

### III.   ANALYSIS

The Court's order granting a preliminary injunction against the Knox County Board of Education is a judgment for purposes of Rule 59(e). *Malam v. Adducci*, 481 F. Supp. 3d 631, 636 (E.D. Mich. 2020); *see Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 414 n.2 (6th Cir. 2012); *Hunter v. Hamilton Cty. Bd. of Elections*, 635 F.3d 219, 232 (6th Cir. 2011). The motion is therefore properly before the Court. Of the three arguments that the Knox County Board of Education raises under Rule 59(e), it claims that its argument of manifest injustice is "of extreme urgency" and requires a ruling from the Court at its "earliest opportunity." [Knox Cty. Bd. of Educ.'s Mot. at 2]; *see* [*id.* at 11 (seeking, "at a bare minimum," relief "regarding more flexible exemptions, so that individuals with specific disabilities that prevent them from wearing masks may work in and attend school without violating this Court's Order")]. The Court agrees that the Knox County Board of Education's argument of manifest injustice is urgent, and it will therefore address this argument at the exclusion of its other two arguments, on which it will reserve ruling for another time.

7

"The manifest injustice standard presents [movants under Rule 59(e)] with a high hurdle," *Westerfield v. United States*, 366 F. App'x 614, 620 (6th Cir. 2010), though courts in this circuit have been unable to arrive at a clear definition of what exactly constitutes manifest injustice, *see Hernandez v. City of Saginaw*, No. 12–cv–11916, 2013 WL 4052632, at *3 (E.D. Mich. Aug. 12, 2013) ("The 'manifest injustice' ground is, it must be acknowledged, 'an amorphous concept with no hard line definition.'" (quotation omitted)); *United States v. Jarnigan*, No. 3:08–CR–7, 2008 WL 2944902, at *2 (E.D. Tenn. June 19, 2008) ("As applied to Rule 59(e), no general definition of manifest injustice has ever been developed; courts instead are directed to look at the matter on a case-by-case basis." (citations omitted)). But "[w]hat is clear from the case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a *fundamental flaw* in the court's decision that without correction would lead to a result that is *both inequitable and not in line with applicable policy*." *Jarnigan*, 2008 WL 2944902 at *2 (emphasis in original) (quotation omitted).

The Knox County Board of Education argues that the Court's mask mandate is causing it to endure manifest injustice because the exemptions are not flexible enough to accommodate all students who require an exemption. According to the Knox County Board of Education, many students who were exempt under last year's voluntary mask mandate are now not exempt under the Court's mask mandate. [Knox Cty. Bd. of Educ.'s Mot. at 2, 4]. These students, it says, are unable to wear masks because they suffer from various medical, behavioral, and developmental problems—like Down syndrome, for example—and have either stayed home or been sent home since the Court's mask mandate took effect because it exempts only students with autism and tracheotomies. [*Id.*]. According to the Knox County Board of Education, it is in "the untenable position . . . [of] attempting to implement the court's order without being able to provide

8

accommodations to students and employees who cannot wear masks but are neither autistic nor recipients of tracheotomies." [*Id.* at 2].

In the Knox County Board of Education's view, the Court's approach of formulating a list of medical exemptions to its mask mandate "is simply not a workable system and will result in a list of exemptions that are both under—and over—inclusive." [*Id.* at 3]. The Knox County Board of Education is of the conviction that "the framework used last schoolyear is simpler to implement and would better serve the students of Knox County, including the Plaintiffs, than a list of medical conditions exempted, which would be both under—and over—inclusive." [*Id.* at 6]. Under last year's framework, the Knox County Board of Education had a policy in place—Policy C-240—that required all students, employees, and visitors to wear masks but with the following exemptions:

> 1. Students, employees, and visitors may remove masks or face coverings for eating and drinking;
>
> 2. Students, employees, and visitors may be exempted from this policy by the school principal due to a documented medical condition; and students with health, behavioral, or other disability concerns, as noted in his or her IEP or 504 plan(s), will be addressed on an individual basis and afforded all protections and safeguards under federal and state law;
>
> 3. Students, employees, and visitors may remove masks or face coverings on a case-by-case basis for specific instructional needs and other activities (such as, when 6 feet distancing can be maintained, outdoor recess and/or other appropriately distanced activities), as determined by the principal in consultation with the teacher, and permission will not be unreasonably withheld, in which case the teacher will utilize appropriate social distancing measures; and
>
> 4. Students, employees, and visitors may be exempted from this policy due to special behavioral or individualized needs as determined by the school principal.

[Policy C-240, Doc. 36-2, at 1].

The Knox County Board of Education claims that, with Policy C-240 in place last year, it was free to "ma[k]e individualized determinations that a mask exception was an appropriate

accommodation for" students with disabilities, in compliance with the ADA. [Knox Cty. Bd. of Educ.'s Mot. at 4]; *see generally PGA Tour, Inc. v. Martin*, 532 U.S. 661, 688 (2001) ("[A]n individualized inquiry must be made to determine whether a specific modification for a particular person's disability would be reasonable under the circumstances as well as necessary for that person[.]"). "To create a blanket list of 'conditions' that prevent the wearing of a mask is contra to the purpose of the ADA," the Knox County Board of Education argues. [Knox Cty. Bd. of Educ.'s Mot. at 3]. It therefore urges the Court to alter or amend its judgment by allowing the Knox County Board of Education to operate under last year's policy—that is, by giving it the discretion to approve individualized exemptions within the limits of Policy C-240.

The Court would be much more sympathetic to the Knox County Board of Education's argument if not for the fact that it had every occasion, both before and during the preliminary-injunction hearing, to argue in the alternative as to what a mask mandate—with exemptions—ought to look like if the Court elected to put one in place, which it ultimately did. But the Knox County Board of Education presented no such argument or evidence, yet it now blames the Court instead of itself for its own lack of foresight. Its cry of manifest injustice is therefore at best meritless and at worst disingenuous. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (stating that a movant under Rule 59(e) cannot succeed on an argument of manifest injustice if the only error it seeks to correct is a "poor strategic decision").

Still, the Court will not stand by idly while its preliminary injunction is preventing some disabled students from attending school. *See Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978) (stating that the "focus" of a preliminary injunction must always be on "prevention of injury by a proper order"). And nor did the Court intend to stand idly by from the start, which is why it ordered the parties to prepare, on an expedited schedule, a list of medical exemptions in

10

addition to the exemptions for autism and tracheotomies. In any case, Plaintiffs now agree that the Court should permit the Knox County Board of Education to craft exemptions to the mask mandate on an individualized basis. [Pls.' Resp. at 2]. They acknowledge that "Knox County schools were quite successful in masking *a year ago*," [*id.* (emphasis in original)], and they state that "[a]n individualized approach would be consistent with ADA case law," [*id.* at 5].

Plaintiffs, however, do not agree with Policy C-240 in its entirety. Although they have no objection to Policy C-240's first and third exemptions, they object to its second and fourth exemptions. Under exemption two, Plaintiffs maintain that the Court should require individuals to provide the Knox County Board of Education with documentation—from the individual's treating physician—that demonstrates a medical need for an exemption from the mask mandate. [*Id.* at 7–8]. Plaintiffs also contend that exemption four is "too vague in leaving exemptions to individual principals without specifying any such conditions or need." [*Id.* at 8]. In reply, the Knox County Board of Education claims that "not every student with a disability has a 'treating physician' who will feel comfortable drafting an exemption note." [Knox Cty. Bd. of Educ.'s Reply at 2]. Along these lines, it states that it is aware that one large, local pediatrician's office has notified patients that it will not approve exemptions to the Court's mask mandate. [*Id.* at 2 n.1]. In addition, the Knox County Board of Education points out that many students who will require exemptions from the mask mandate will not require them for medical reasons but for behavioral or instructional reasons, which will include intellectual disabilities or speech impediments. [*Id.* at 2–3].

In resolving the parties' dispute, the Court is compelled to remind them of its principal function during a preliminary-injunction proceeding. The Court's role is not to draft, markup, or enact rules, regulations, policies, or procedures that fall within the purview of local government

bodies, whether on the topic of a mask mandate or any other topic. Rather, the Court's function during a preliminary-injunction proceeding is to preserve the status quo between the parties. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."). In this case, the status quo is the mask mandate that was in place in Knox County Schools during the 2020-2021 school year, and the Court's preliminary injunction restored the parties to that status quo. *See* [Mem. Op. & Order at 55 ("The Knox County Board of Education is **ORDERED** to enforce—with immediate effect—the mask mandate that was in place in all Knox County Schools during the 2020-2021 school year, as a reasonable accommodation under the ADA for Plaintiffs and Class Plaintiffs.")].

Policy C-240 was in place during last year's mask mandate—as the parties have now made the Court aware—so it is necessarily part of the status quo, and the Court is therefore loath to disturb Policy C-240 without a showing of harm. *See Stenberg*, 573 F.2d at 925 ("If the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury . . . by allowing the parties to take proposed action that the court finds will minimize the irreparable injury." (internal citation omitted)). The record, however, does not establish that Policy C-240 will result in irreparable harm to Plaintiffs.

First, for students who seek an exemption based on a medical condition, Policy C-240's plain language already requires documentation of that medical condition: "Students, employees, and visitors may be exempted from this policy by the school principal due to a *documented* medical condition[.]" [Policy C-240 at 1 (emphasis added)]. Second, the Court agrees with Plaintiffs' contention that exemption four is vague—it appears, in fact, to give principals carte blanche to extend an exemption to virtually anyone—but the question for the Court is whether

the Knox County Board of Education will enforce this exemption so loosely that it exposes Plaintiffs to the threat of harm. *Stenberg*, 573 F.2d at 925. The record—right now—contains no evidence to suggest that the Knox County Board of Education will rely on this exemption as a loophole for dodging the mask mandate, and the Knox County Board of Education assures the Court that its processes for granting exemptions are rigorous and comply with both the Code of Federal Regulations and Tennessee statutes. [Knox Cty. Bd. of Educ.'s Reply at 3].

The Court will therefore permit the Knox County Board of Education, for the time being, to operate under Policy C-240 as it did during last year's mask mandate, but not without first issuing a parting caveat. The Court reminds the Knox County Board of Education that its school system is no longer under a voluntary mask mandate; rather, it is under a court-ordered mask mandate. The record evidence supports the need for—and the Court ordered—a *universal* mask mandate, and the Court fully expects its mask mandate to be exactly that: universal, to every possible extent, with "very few" medical exemptions, as Dr. Yaun said. [Hr'g Tr. at 77:5–7]. If the Knox County Board of Education does not comply in good faith with this Order, the Court may impose considerable sanctions against it for civil contempt.

The Court will order the Knox County Board of Education to file monthly status reports in which it identifies the number of exemptions it grants every month for students, employees, and visitors; the full names of the exempted individuals; and the *specific* reasons for their exemptions. The Knox County Board of Education shall also inform the Court as to whether any exempted individual received an exemption under last year's mask mandate as well. The Knox County Board of Education may move for leave to file these status reports under seal. The first status report will be due by November 1, 2021.

13

## IV. CONCLUSION

The Knox County Board of Education's Amended and Restated Motion to Alter or Amend Judgment [Doc. 40] is **GRANTED** only to the extent that it requests leave to operate under Policy C-240 as it did during the 2020-2021 school year. The Court will reserve ruling on the remaining arguments in the Knox County Board of Education's motion and will enter an amended judgment consistent with this opinion. The Knox County Board of Education's Motion to Alter or Amend Judgment [Doc. 36] is **DENIED as moot**.[7]

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[7] The Knox County Board of Education acknowledges that its amended motion "replaces . . . its earlier Motion to Alter or Amend." [Knox Cty. Bd. of Educ.'s Mot. at 1–2].