UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| S.B., a minor student, by and through his parents, M.B. and L.H. *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNOR BILL LEE, in his official capacity as Governor of Tennessee, and KNOX COUNTY BOARD OF EDUCATION,<br><br>Defendants. | ) | No. 3:21-CV-00317-JRG-DCP |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Knox County Board of Education's Motion to Stay Injunction Pending Appeal [Doc. 43], Plaintiffs' Response in Opposition [Doc. 45], the Knox County Board of Education's Reply [Doc. 51], Defendant Governor Bill Lee's Motion for Stay Pending Appeal [Doc. 49], Governor Lee's Memorandum in Support [Doc. 49-1], and Plaintiffs' Response in Opposition [Doc. 53]. For the reasons herein, the Court will deny the Knox County Board of Education's and Governor Lee's motions.

## I. BACKGROUND

On August 16, 2021, the Governor of Tennessee, Bill Lee, issued Executive Order No. 84, which states:

> I, Bill Lee, Governor of the State of Tennessee, having declared a continuing state of emergency by Executive Order No. 83, dated August 6, 2021, and by virtue of the power and authority vested in me by the Tennessee Constitution and other applicable law including Tennessee Code Annotated § 58-2-107, do hereby order that a student's parent or guardian shall have the right to opt out of any order or requirement for a student in kindergarten through twelfth-grade to wear a face covering at school, on a school bus, or at school functions, by affirmatively notifying in writing the local education agency or personnel at the student's school.

[Executive Order No. 84, Doc. 23]. Not long afterwards, the Knox County Board of Education, in response to the ongoing COVID-19 pandemic, met on September 1, 2021, to discuss and vote on a district-wide mask mandate for its school system, [Am. Compl., Doc. 7, ¶ 52],[1] which consists of ninety schools and 60,000 students, [Hr'g Tr. at 179:24–25, 180:1–6 (on file with the Court)].[2] Approximately 8,000 of those students are disabled. [*Id.* at 180:7–14]. By vote of the board, a mask mandate had been in effect during the entirety of the previous school year, from August 2020 to May 2021, for all ninety schools. [*Id.* at 206:15–25]. But this year, during the board's meeting on September 1, 2021, it decided not to renew the mask mandate by a vote of 5 to 4, [Am. Compl. ¶ 54]—acting at odds with the guidelines of the Knox County Health Department, the American Academy of Pediatrics, and the Centers for Disease Control and Prevention ("CDC"), all of which recommend masks for all students enrolled in kindergarten through twelfth grade, [Dr. Yaun Decl., Doc. 9-3, ¶ 12; Hr'g Tr. at 55:21–25, 56:1, 69:5–7].[3]

In response to the board's vote, Plaintiffs, on the following day, brought a class-action lawsuit in this Court under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 *et seq.*, and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, claiming they are "unable to *safely* attend school without increased risks of serious injury or even death, unlike their non-disabled peers." [Am. Compl. ¶ 54 (emphasis in original)]. Plaintiffs allege that they suffer from underlying medical conditions that expose them to a likelihood of severe illness

---

[1] Plaintiffs' amended complaint is verified under 28 U.S.C. § 1746, *see El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (noting that a "verified complaint" is one that is signed under the penalty of perjury under 28 U.S.C. § 1746), and the Court may therefore rely on it as evidence, *see Barron v. PGA Tour, Inc.*, 670 F. Supp. 2d 674, 677 n.3 (W.D. Tenn. 2009) (stating that "the court may rely on facts contained in affidavits and verified complaints in deciding whether to issue a temporary restraining order or preliminary injunction" (citing Fed. R. Civ. P. 65(b)(1)(A))).

[2] The Court has relied on an uncertified copy of the transcript, which it received from the court reporter immediately after the evidentiary hearing. It does not exactly match the line numbers and page numbers in the certified copy of the transcript that was recently filed in the record. The two copies are otherwise consistent with each other.

[3] On August 11, 2021, the Knox County Board of Health recommended masking indoors regardless of vaccination status. [Hr'g Tr. at 69:5–7].

or death from COVID-19, a highly transmissible and sometimes deadly virus that invades the body through the mouth, nose, and eyes and spreads through respiratory droplets that persons produce by speaking, coughing, or sneezing. [Hr'g Tr. at 51:2–25, 52:1–6, 103:8–9]. Children under the age of twelve are not yet eligible to receive COVID-19 vaccines, and some children who are old enough to receive the vaccines may have medical conditions that do not allow their immune systems to sufficiently respond to them. [Dr. Yaun Decl. ¶¶ 21–22].

A ten-year-old fourth grader, Plaintiff T.W. has only one heart ventricle, a congenital defect that impairs his cardiovascular and immune functions, and he also suffers from epilepsy. [Am. Compl. ¶¶ 25–26]. He has undergone multiple open-heart surgeries. [*Id.* ¶¶ 25– 26]. A twelve-year-old sixth grader, Plaintiff M.S. suffers from "Joubert Syndrome, a rare genetic disorder involving brain malformation" that results in cognitive impairments. [*Id.* ¶¶ 22–24]. She is confined to a wheelchair. [*Id.* ¶ 24].[4] An eight-year-old second grader, Plaintiff S.B. suffers from chronic lung disease, Eosinophilic Esophagitis (a chronic immune-system disease of the esophagus), autoimmune disease, and autism. [*Id.* ¶¶ 19–21]. An eleven-year-old sixth grader, Plaintiff M.K. has asthma and is on the Knox County School System's "Asthma Action Plan," an emergency plan. [*Id.* ¶¶ 27–28]. All Plaintiffs are zoned within the public school system of the Knox County Schools. [*Id.* ¶¶ 3, 6, 9, 12].

Plaintiffs claim that the Knox County Board of Education has violated the ADA and the Rehabilitation Act by not providing them with a reasonable accommodation that would enable them—against the backdrop of the COVID-19 pandemic—to have safe and "fundamental *access* to the school building itself." [*Id.* ¶ 55 (emphasis in original)]. Specifically, Plaintiffs cite an "urgent need" for a mask mandate inside Knox County Schools and allege the reasonable

[4] The parties have stipulated that M.S. has now been vaccinated. [*Id.* at 121:8–25, 122:1–25].

accommodation "being sought in this case is *community masking: protection of selves and others*." [*Id.* ¶¶ 40, 51 (emphasis in original)]. According to Plaintiffs, the Knox County Board of Education's rejection of a mask mandate is placing them at an "increased risk of serious injury or death by not allowing a simple reasonable modification under the ADA and Rehabilitation Act." [*Id.* ¶ 60]. Also, Plaintiffs claim that Governor Lee has violated the ADA and the Rehabilitation Act because, by promulgating Executive Order No. 84, he denied the Knox County Board of Education "the ability to provide the children with disabilities in the instant matter with the protections they need to attend school safely." [*Id.* ¶ 68].

Plaintiffs bring suit on behalf of all "current and future K-12 students" who are "eligible to attend public school in Knox County, Tennessee, during the coronavirus pandemic," who are unable to receive the vaccine or unable to mount an adequate immune response to the vaccine, and who suffer from one or more of the following medical conditions:

> (a) lung disease, including asthma, chronic obstructive pulmonary disease (*e.g.*, bronchitis or emphysema), or other chronic conditions associated with impaired lung function;
> (b) heart disease, such as congenital heart disease, congestive heart failure and/or coronary artery disease;
> (c) chronic liver or kidney disease (including hepatitis and dialysis patients);
> (d) diabetes or other endocrine disorders;
> (e) hypertension;
> (f) compromised immune systems (such as from cancer, HIV, receipt of an organ or bone marrow transplant, as a side effect of medication, or other autoimmune disease);
> (g) blood disorders (including sickle cell disease);
> (h) inherited metabolic disorders;
> (i) history of stroke;
> (j) neurological or developmental disability (including epilepsy);
> (k) cancer or cancer treatments; and/or
> (l) muscular dystrophy or spinal cord injury.

[*Id.* ¶ 58; *see* Dr. Yaun Decl. ¶ 18 (stating that children with these medical conditions are "more likely to face severe symptoms, require hospitalization, and potentially die" from COVID-19)].

Plaintiffs also moved the Court to issue a preliminary injunction[5] that "requir[es] Knox County Board of Education to enforce a mask mandate" and that "enjoin[s] Governor Lee during this litigation from enforcing Executive Order No. 84." [Am. Compl. ¶ 77].[6] Last month, the Court held a hearing on Plaintiffs' motion for a preliminary injunction. The Court heard from several witnesses during the hearing, including Ms. Ashley Paquette, Jason Yaun, M.D., Jennifer Ker, M.D., Jon Rysewik, Ph.D., and Mr. Jason Myers.

Ms. Paquette is a fifth-grade teacher in the Knox County School System and teaches at Farragut Intermediate School. A licensed, board-certified pediatrician, Dr. Yaun is an associate professor of pediatrics at the University of Tennessee Health Sciences Center and practices medicine with the University of Tennessee Le Bonheur Pediatric Specialists in Memphis, where he treats children who are infected with COVID-19. [Hr'g Tr. at 48:5–11, 49:14–16]. A licensed, board-certified immunologist, Dr. Ker is an assistant clinical professor of allergy, pulmonary, and critical-care medicine at the Vanderbilt University Medical Center and practices medicine in Nashville and Brentwood. [Hr'g Witness List, Doc. 25, at 2]. She also treats children who are infected with COVID-19 and who, in some instances, have immune systems that function poorly. [Hr'g Tr. at 97:13–24, 98:20–22]. Ms. Paquette, Dr. Yaun, and Dr. Ker testified on Plaintiffs' behalf. Dr. Rysewik and Mr. Myers appeared on the Knox County Board of Education's behalf. Dr. Rysewik is the chief academic officer and assistant superintendent for Knox County Schools, and Mr. Myers is the executive director of student support for Knox County Schools. [*Id.* at 178:21–22, 217:18–19].

---

[5] In a class-action lawsuit, the Court has license to issue a class-wide preliminary injunction before ruling on class certification. *See Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 433 (6th Cir. 2012) ("[T]here is nothing improper about a preliminary injunction preceding a ruling on class certification.").

[6] Plaintiffs' amended complaint is misnumbered between pages sixteen and eighteen.

The Court ultimately granted Plaintiffs' motion for a preliminary injunction and ordered the Knox County Board of Education to enforce—with immediate effect—the mask mandate that was in place in all Knox County Schools during the 2020-2021 school year, as a reasonable accommodation under the ADA for Plaintiffs and Class Plaintiffs. [Am. Mem. Op. & Order, Doc. 48, at 56]. The Court, however, granted the Knox County Board of Education leave to approve exemptions to the mask mandate under Policy C-240 [Doc. 36-2], which it created and put into effect during the 2020-2021 school year. The Knox County Board of Education and Governor Lee have now filed motions to stay the preliminary injunction pending appeal. Having now carefully considered their arguments and Plaintiffs' responses to those arguments, the Court is prepared to rule on the motions.

## II. Analysis

When determining whether to stay a preliminary injunction pending an appeal, the Court considers "the same four factors" that it did when granting the preliminary injunction:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citations omitted). The first two factors are "the most critical," *Nken v. Holder*, 556 U.S. 418, 434 (2009), but the Sixth Circuit has treated the first factor as dispositive when a movant fails to show a likelihood of success on the merits, *see Luxshare, Ltd. v. ZF Auto. US, Inc.*, ___ F.4th ___, No. 21-2736, 2021 WL 4771732, at *2 (6th Cir. 2021) ("Given that the [movant] is unlikely to succeed on the merits, we need not consider the remaining stay factors." (alteration in original) (quotation omitted))); *Tiger Lilly, LLC v. U.S. Dep't of Hous. & Urban Dev.*, 992 F.3d 518, 522 (6th Cir. 2021) ("When a party has no likelihood of success on the merits, we may not

grant a stay." (citation omitted)). To establish a likelihood of success on the merits, the movant must show "[m]ore than a mere 'possibility' of" success. *Nken*, 556 U.S. at 434 (alteration in original).

The Knox County Board of Education claims it can show a likelihood of success on the merits because a mask mandate is not a reasonable accommodation under the ADA. [Knox Cty. Bd. of Educ.'s Mot. at 3]. In response, Plaintiffs argue that the Court should decline to stay the preliminary injunction pending appeal "for the same reasons reflected in the Court's order," [Pls.' Resp. at 2]—an argument that is not without merit, *see Handel's Enters., Inc. v. Schulenburg*, No. 4:18-CV-508, 2018 WL 5013837, at *2 (N.D. Ohio Oct. 16, 2018) ("[G]iven the similarity between the two inquiries (whether to grant a preliminary injunction in the first place and whether to stay enforcement of that injunction pending appeal), much of the necessary analysis regarding the pending motion has already been conducted."); *Sony/ATV Music Publ'g LLC v. 1729172 Ontario, Inc.*, No. 3:14-cv-1929, 2015 WL 13705073, at *1 (M.D. Tenn. Oct. 16, 2015) ("The standard for a stay pending appeal therefore requires the Court to re-engage with the analysis that it recently undertook when granting Plaintiffs' request for a preliminary injunction, even though there has not been any sort of intervening change in law or fact. To reverse course now would not only defy logic but also stand in opposition to the facts presently on the record."); *cf. Griepentrog*, 945 F.2d at 153 (stating that an order granting a preliminary injunction "will only be disturbed if the court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard" (citation omitted)).

For the reasons that the Court stated in its amended memorandum opinion and order, the Knox County Board of Education's argument is unavailing. In claiming that it can establish a likelihood of success on the merits, it disputes "whether this Court can order a mask mandate as

a reasonable accommodation pursuant to the ADA" because in its view "it is the local board of education," and not the Court, that is responsible for managing and controlling "all public schools established . . . under its jurisdiction." [Knox Cty. Bd. of Educ.'s Mot. at 3 (quoting Tenn. Code Ann. § 49-2-203(a)(2))]. With this argument, the Knox County Board of Education implies that the Court created a mask mandate out of its own cloth and, in doing so, usurped the Knox County Board of Education's authority as a local government body by traversing "into [the] forbidden domain of judicial legislation." *Union Cent. Life Ins. Co. v. Champlin*, 116 F. 858, 860 (8th Cir. 1902).

But this is not the case. The ADA clearly permits the Court to enjoin the Knox County Board of Education's inaction—its vote not to adopt a mask mandate on September 1, 2021—because of its discriminatory effect against Plaintiffs and Class Plaintiffs. *See Mayberry v. Von Valtier*, 843 F. Supp. 1160, 1166 (E.D. Mich. 1994) (stating that "Congress appears to have intended the ADA to address the discriminatory effects of benign actions or *inaction*" (emphasis added)); *see also* 42 U.S.C. § 12131(1)(A)–(B) (stating that Title II of the ADA applies to "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government"); *cf. Milliken v. Bradley*, 433 U.S. 267, 289 (1977) (affirming an injunction requiring state officials to "conform their conduct to the requirements of federal law"). And in requiring the Knox County Board of Education to put a mask mandate in place, the Court did not fashion one from the bench. Rather, the Court simply restored the parties to the status quo—i.e., the mask mandate that was in effect in Knox County Schools during the 2020-2021 school year,[7] [Am. Mem. Op. & Order at 56]—which is precisely

[7] The Court even permitted the Knox County Board of Education to grant medical, intellectual, and behavioral exemptions to the mask mandate in accordance with last year's policies and procedures. [Mem. Op. & Order, Doc. 47, at 13–14; Am. Mem. Op. & Order at 56].

the purpose of a preliminary injunction, *see Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."). The Knox County Board of Education therefore fails to show that it is likely to succeed on the merits.

As for Governor Lee, he asserts that he is likely to succeed on the merits because "the Court misapplied relevant legal principles to compel [him] to provide a specific reasonable accommodation as opposed to other available options." [Governor Lee's Mot. at 2]. He contends that the Court's analysis was faulty because it found that the Knox County Board of Education's social-distancing measures were "slack." [*Id.*]. In Governor Lee's view, "[t]he proper inquiry for Plaintiffs' claims is whether a reasonable accommodation other than their preferred choice exists, not whether Knox County Schools is slacking in its implementation." [*Id.*].

But "[t]he hallmark of a reasonable accommodation is effectiveness." *Wright v. N.Y. State Dep't of Corrs.*, 831 F.3d 64, 72 (2d Cir. 2016) (quotation omitted); *see U.S. Airways, Inc. v. Barnett,* 535 U.S. 391, 400 (2002) ("It is the word 'accommodation,' not the word 'reasonable,' that conveys the need for effectiveness."); *Keller v. Chippewa Cty., Mich. Bd. of Comm'rs*, ___ F. App'x ___, 2021 WL 2411873, at *4–6 (6th Cir. 2021) (citing *Wright* repeatedly as precedential support). In this vein, "a reasonable accommodation 'need not be "perfect" or the one "most strongly preferred" by the [ ] plaintiff,'" *Keller*, ___ F. App'x ___, 2021 WL 2411873 at *4 (alteration in original) (quoting *Wright*, 831 F.3d at 72), but it must be effective enough to "adequately address" a disabled individual's "unique needs," *EEOC v. Ford Motor Co.*, 752 F.3d 634, 646 (6th Cir. 2014), *vacated en banc on other grounds*, 782 F.3d 783 (6th Cir. 2015). The Knox County Board of Education had previously argued that it was "already providing a reasonable accommodation" to Plaintiffs in the form of "three feet social distancing wherever

possible," "intense cleaning protocols," "hand sanitizer in every classroom," and "recommended and encouraged masks for all,"[8] and that, therefore, "no further accommodations are required by law." [Knox Cty. Bd. of Educ.'s Resp., Doc. 14, at 14–15]. Similarly, Governor Lee had previously contended that "Plaintiffs have not shown that" these accommodative "measures of risk mitigation other than mask wearing are *ineffective*." [Governor Lee's Resp., Doc. 17, at 7 (emphasis added)]. The evidence, however, clearly established—for all the reasons the Court identified in its opinion, including the Knox County Board of Education's slack enforcement of its social-distancing measures—that these accommodations were not effective in addressing Plaintiffs' unique needs and were, therefore, not reasonable accommodations. *See* [Am. Mem. Op. & Order at 29–33]. Indeed, since the start of the school year, infections among school-aged children in Knox County were rising at a rate of 600 percent a day with these accommodations in place. [Hr'g Tr. at 55:2–7].

In claiming that the Court erred in referring to the Knox County Board of Education's social-distancing measures as slack, Governor Lee now appears to be suggesting that the Court, instead of restoring the parties to the status quo—i.e., last year's mask mandate—should have ordered the Knox County Board of Education to work harder in enforcing the accommodations that it already had in place against COVID-19. But with this argument, he ignores the evidence, which clearly established that the Knox County Board of Education's accommodations simply could not be effective without a mask mandate. Dr. Ker testified that a school system should not follow some of the CDC's guidelines at the exclusion of mask wearing because the exclusion of mask wearing "nullifies *any* attempt at keeping those vulnerable children safe." [*Id.* at 107:24–25 (emphasis added)]. And similarly, Dr. Yaun testified that mask-wearing is the "primary" way

[8] Despite this recommendation, the evidence showed that roughly ninety percent to students chose not to wear masks. [Hr'g Tr. at 36:24–25, 37:1–5; Paquette Decl., Doc. 9-5, ¶ 4].

to mitigate the spread of COVID-19: "[O]ur primary recommendation, which is backed by the American Academy of Pediatrics and CDC, is for universal masking for all K through 12 students. That includes students, staff, teachers, visitors, really anyone that's in the school building[.]" [*Id.* at 55:21–25]. Governor Lee introduced no evidence into the record to refute Dr. Ker's or Dr. Yaun's testimonies. The Court therefore cannot agree with his assertion that it "rel[ied] on an erroneous legal standard and improperly appl[ied] the relevant law." [Governor Lee's Mot. at 2].

Next, Governor Lee maintains that the Court erred "by concluding that Plaintiffs had standing to bring suit and were not subject to the exhaustion requirements of the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 to 1445." [*Id.*]. The Court's analysis on both the issue of standing and the applicably of the IDEA was exhaustive, and Governor Lee provides the Court with no persuasive argument to convince it that it committed "error" when addressing either issue, [*id.*], so the Court is compelled to rely on the reasoning it already articulated, *see Handel's Enters*, 2018 WL 5013837 at *2; *Sony/ATV Music Publ'g*, 2015 WL 13705073 at *1. The Court, however, will briefly address a pair of arguments that Governor Lee now raises in pursuit of a stay.

First, on the issue of whether the IDEA governs this case, the Court decided that it did not because "[t]he crux of Plaintiffs' allegations is safe access to public, brick-and-mortar government buildings and not the denial of a FAPE." [Am. Mem. Op. & Order at 12]. In now contending that the Court's decision was in error, Governor Lee cites *L.G. by and through G.G. v. Board of Education of Fayette County*, 775 F. App'x 227, 230 (6th Cir. 2019), in which the Sixth Circuit concluded that the IDEA rather than the Rehabilitation Act governed the plaintiff's claims despite his "emphasis on the word 'access.'" [Governor Lee's Mem. at 14 (quoting *L.G.*,

775 F. App'x at 231)]. But *L.G.* is an unpublished case, *see Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir. 1996) (stating that unpublished cases in the Sixth Circuit "carry no precedential weight" and "have no binding effect on anyone other than the parties to the action"), and besides, the plaintiff in L.G. sought "access to an education," not access to a public facility, *L.G.*, 775 F. App'x at 231. Also, in *L.G.*, the Sixth Circuit recognized the same distinction this Court relied on in reaching its decision: "a distinction between 'equality of access to public facilities,' which is more properly characterized as a discrimination claim, and the denial of a FAPE, which concerns the 'adequacy of special education.'" *Id.* (quoting *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 758 (2017)).

Second, in challenging the Court's decision on standing, Governor Lee believes that the Court made a "novel" and "speculative" conclusion in ruling that the opt-out provision of his executive order "as opposed to any other exception, would render a general mask mandate policy ineffective." [Governor Lee's Mem. at 8]. But if the dispositive question on standing, as he now describes it, is whether the "injury was 'produced by determinative or coercive effect upon the action of'" the Knox County Board of Education, [*id.* at 7 (quoting *Bennett v. Spear*, 520 U.S. 154, 169 (1997))], then the Court's decision is not at all speculative and instead rests on ample evidence illustrating that the Knox County Board of Education was unable to adopt a mask mandate because of Governor Lee's executive order.[9] The Knox County Board of Education previously acknowledged that it "considered" Governor Lee's executive order during its last

---

[9] The ADA is a civil-rights statute, *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 322 (6th Cir. 2012) (Clay, J., concurring in part and dissenting in part); *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011), and the Court must "take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the Act,'" *Chapman*, 631 F.3d at 946 (quoting *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972). And similarly, when a case like this one involves an executive-branch official and alleged wrongdoing that implicates the "rights and liberties of individual citizens . . . against . . . *discriminatory* government," the need for judicial review is arguably at its zenith. *Raines v. Byrd*, 521 U.S. 811, 829 (1997) (emphasis added) (quotation omitted).

meeting and determined that "no universal mask mandate can be put into place by the Board." [Knox Cty. Bd. of Educ.'s Resp. at 7 (footnote omitted)]. And during the evidentiary hearing, the Knox County Board of Education's counsel said that the executive order creates a procedural catch-22 that prevents it from adopting a mask mandate, the accommodation that Plaintiffs seek under the ADA:

> The Court: If the governor's order is not set aside, Knox County can never comply with its responsibility—Knox County schools can never comply with its responsibilities under the ADA?
>
> Ms. Morse: I do not believe that a mask mandate is required by the ADA.
>
> The Court: Well, that's a different question. Let's assume that it is.
>
> Ms. Morse: Correct.
>
> The Court: Let's assume that there is a remedy under the ADA that may or may not include masking.
>
> Ms. Morse: Certainly they could not offer an effective accommodation.
>
> The Court: They could not offer the accommodation.
>
> Ms. Morse: Yes, Your Honor.

[Hr'g Tr. at 19:7–22].[10] The Court also took stock of the record in a similar case, *G.S. by and through Schwaigert v. Lee*, ___ F. Supp. 3d ___, 2021 WL 4057812 (W.D. Tenn. Sept. 3, 2021), in which the Shelby County Department of Health abandoned its mask mandate because it viewed Governor Lee's executive order as an executive "exception" to it. *Id.*; *see G.S. by and through Schwaigert v. Lee*, No. 2:21-cv-02552-SHL-ATC, at 7 (W.D. Tenn. Sept. 17, 2021)

---

[10] The Court did, originally, mistakenly attribute this quote to Governor Lee's counsel instead of the Knox County Board of Education's counsel, but whether from the mouth of either's counsel, it still supports the Court's thesis that the Knox County Board of Education cannot provide Plaintiffs with the reasonable accommodation they seek under the ADA—a mask mandate—while Executive Order No. 84 is in effect. The Court hereby amends its judgment to correct its mistaken attribution of this quote.

(PACER) ("As a result of Executive Order No. 84, local education agencies . . . falling under the jurisdiction of Shelby County Health Department's directive could no longer require all students to be masked."). So, no, the Court's decision on standing was not speculative, nor was it novel; rather, it was rooted in evidence and similar precedent.

In sum, neither the Knox County Board of Education nor Governor Lee satisfies their burden of establishing a likelihood of success on the merits, so the Court may now conclude its analysis. *Luxshare*, ___ F.4th ___, 2021 WL 4771732 at *2; *Tiger Lilly*, 992 F.3d at 522. As to the remaining factors, the Court agrees with Plaintiffs' assertion that the Court's prior opinion, as it stands, adequately addresses them, and they do not favor a stay pending appeal. The Court will therefore deny the Knox County Board of Education's and Governor Lee's requests for a stay.

## III. CONCLUSION

The Knox County Board of Education and Governor Lee do not meet their burden of demonstrating that a stay of the preliminary injunction is appropriate pending appeal. The Knox County Board of Education's Motion to Stay Injunction Pending Appeal [Doc. 43] and Governor Bill Lee's Motion for Stay Pending Appeal [Doc. 49] are therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE