# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| M.B., et al., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 3:21-CV-317 <br> **Jury Trial Demanded.** |
| GOVERNOR BILL LEE, et al. | ) ) ) | |
| Defendant. | ) | |

## ANSWER TO FIRST AMENDED VERIFIED COMPLAINT

Comes Now Defendant Knox County Board of Education ("KCBOE"), by and through counsel, and hereby moves answers Plaintiffs' First Amended Verified Complaint ("Complaint") for Declaratory and Injunctive Relief as follows:

### I.
### GENERAL DEFENSES

1. Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted.

2. At all times material hereto, KCBOE and their agents, employees, and officers acted properly, prudently, correctly, in good faith, and in accordance with both state and federal law.

3. KCBOE are immune by virtue of the doctrines of common law immunity, qualified immunity, qualified good faith immunity, sovereign immunity, and governmental immunity, as the same may apply to the facts and circumstances herein.

1

4. Plaintiffs have failed to join one or more (or a class or classes of) necessary parties to this litigation: those disabled students, staff, and visitors whose disability prevent them from wearing a mask or face coverings while in school; and those students, staff, and visitors who genuinely believe and argue that they have a constitutionally protected liberty interest in not wearing a mask or face covering.[1]

5. Neither KCBOE nor any Knox County agents, employees, or officers violated any of Plaintiffs' rights pursuant to the Constitution of the United States, the Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation act of 1973 ("Sec. 504" or "§ 504").

6. No policy, custom or practice of Knox County was the moving force behind the alleged violation of Plaintiffs' rights referred to in the Complaint.

7. One or more Plaintiffs lack standing to bring this action. S.B. attends school virtually only, and therefore lacks standing to bring this suit. M.S. is homeschooled, and therefore lacks standing to bring this suit. T.W. and M.K. are full-time students at their respective schools, have not been denied services, and therefore lack standing to pursue claims under the ADA or Sec. 504.

8. KCBOE would adopt the defenses raised by Governor Lee that Plaintiffs' claims necessarily arise under the Individuals with Disabilities Education Act ("IDEA"), and because Plaintiffs have not pursued administrative remedies, their claims are not ripe and not justiciable.

9. Plaintiffs fail to establish the elements necessary to establish a class for certification pursuant to Fed. R. Civ. P. 23.

---

[1] KCBOE does not take the position that such individuals have the claimed liberty interest; however, KCBOE acknowledges that many people assert such interest, and that they may be necessary parties to this litigation.

10. Pursuant to 42 U.S.C. § 1988, if KCBOE prevail on any federal claims under 42 U.S.C. § 1983, this Court should allow Knox County to recover from Plaintiffs its reasonable attorney fees and costs to defend this action.

11. Pursuant to *City of Los Angeles v. Heller*, 475 U.S. 796 (1986), Knox County may not be held liable under 42 U.S.C. § 1983 without a finding of an underlying civil rights violation by one of its employees, which violation does not exist.

12. Plaintiffs are not entitled to recover any damages against KCBOE for any amounts, or for attorney's fees, expert fees, or other costs in this action.

II.

In answer to the specific factual allegations of the Complaint, as set forth in numbered paragraphs, KCBOE respond as follows:

1. Upon information and belief, the allegations of Paragraph No. 1 of Plaintiffs' Complaint are admitted.

2. Upon information and belief, the allegations of Paragraph No. 2 of Plaintiffs' Complaint are admitted.

3. Upon information and belief, the allegations of Paragraph No. 3 of Plaintiffs' Complaint are admitted. However, S.B. only attends school virtually, and not in person.

4. Upon information and belief, the allegations of Paragraph No. 4 of Plaintiffs' Complaint are admitted.

5. Upon information and belief, the allegations of Paragraph No. 5 of Plaintiffs' Complaint are admitted.

6. Upon information and belief, the allegations of Paragraph No. 6 of Plaintiffs' Complaint are admitted. However, M.S. is currently homeschooled, and does not attend any Knox County school in person.

7. Upon information and belief, the allegations of Paragraph No. 7 of Plaintiffs' Complaint are admitted.

8. Upon information and belief, the allegations of Paragraph No. 8 of Plaintiffs' Complaint are admitted.

9. Upon information and belief, the allegations of Paragraph No. 9 of Plaintiffs' Complaint are admitted.

10. Upon information and belief, the allegations of Paragraph No. 10 of Plaintiffs' Complaint are admitted.

11. Upon information and belief, the allegations of Paragraph No. 11 of Plaintiffs' Complaint are admitted.

12. Upon information and belief, the allegations of Paragraph No. 12 of Plaintiffs' Complaint are admitted.

13. The allegations of Paragraph No. 13 of Plaintiffs' Complaint are admitted.

14. To the extent that an answer to Paragraph No. 14 of the Complaint is required of this Defendant, the allegations of Paragraph No. 14 of Plaintiffs' Complaint are admitted.

15. To the extent that an answer to Paragraph No. 15 of the Complaint is required of this Defendant, the allegations of Paragraph No. 15 of Plaintiffs' Complaint are admitted.

16. The allegations of Paragraph No. 16 of Plaintiffs' Complaint are admitted as of the time Plaintiffs' Complaint was filed. The physical location of the office of the Director of Schools

("Superintendent") for Knox County Schools has subsequently moved. KCBOE does not contest service of process in this action.

17. The allegations of Paragraph No. 17 are denied as written. Such allegations are admitted, however, with the presumption that "28 U.S.C. §2022" is a typographical error for "2202."

18. It is admitted that venue is proper in the Eastern District of Tennessee.

19. Upon information and belief, the allegations of Paragraph No. 19 of Plaintiffs' Complaint are admitted.

20. It is admitted that S.B. is zoned for Cedar Bluff Elementary School, and that he currently attends school virtually. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the remaining allegations of Paragraph No. 20 of Plaintiffs' Complaint.

21. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the allegations of Paragraph No. 21 of Plaintiffs' Complaint, and strict proof thereof is demanded.

22. Upon information and belief, the allegations of Paragraph No. 22 of Plaintiffs' Complaint are admitted.

23. It is admitted that M.S. is zoned for West Valley Middle School, and that she is currently homeschooled. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the remaining allegations of Paragraph No. 23 of Plaintiffs' Complaint.

24. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the allegations of Paragraph No. 24 of Plaintiffs' Complaint, and strict proof thereof is demanded.

25. Upon information and belief, the allegations of Paragraph No. 25 of Plaintiffs' Complaint are admitted.

26. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the allegations of Paragraph No. 26 of Plaintiffs' Complaint, and strict proof thereof is demanded.

27. Upon information and belief, the allegations of Paragraph No. 27 of Plaintiffs' Complaint are admitted.

28. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the allegations of Paragraph No. 28 of Plaintiffs' Complaint, and strict proof thereof is demanded.

29. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the allegations of Paragraph No. 29 of Plaintiffs' Complaint, and strict proof thereof is demanded.

30. The allegations of Paragraph No. 30 of Plaintiffs' Complaint are denied.

31. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the allegations of Paragraph No. 31 of Plaintiffs' Complaint, and strict proof thereof is demanded.

32. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the allegations of Paragraph No. 32 of Plaintiffs' Complaint, and strict proof thereof is demanded.

33. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the allegations of Paragraph No. 33 of Plaintiffs' Complaint, and strict proof thereof is demanded.

34. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the allegations of Paragraph No. 34 of Plaintiffs' Complaint, and strict proof thereof is demanded.

35. The allegations of Paragraph No. 35 regarding the availability of vaccines for children under the age of 12 are denied. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the remaining allegations of Paragraph No. 35 of Plaintiffs' Complaint, and strict proof thereof is demanded.

36. It is admitted that the Knox County school system ("Knox County Schools," or "KCS") enrolls students with a variety of health conditions. The Plaintiffs, with the exception of M.S., are enrolled as KCS students. It is denied that M.S. is enrolled as a KCS student.

37. The allegations of Paragraph No. 37 regarding the availability of vaccines for S.B., T.W., and M.K. are denied. It is admitted upon information and belief that a variety of mitigation strategies can be used to reduce the risk of individuals' contracting COVID-19. These mitigation strategies include, but aren't limited to masking and social distancing. Furthermore, KCBOE would aver that masking and social distancing do not provide a completely risk-free environment to the contraction of COVID-19. Such strategies merely reduce the risk of contraction of the disease. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the remaining allegations of Paragraph No. 37 of Plaintiffs' Complaint, and strict proof thereof is demanded.

38. It is admitted that current research shows that masks are effective at reducing the transmission rate of COVID-19. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the allegations of Paragraph No. 38 of Plaintiffs' Complaint, and strict proof thereof is demanded.

39. It is admitted that current research shows that masks are effective at reducing the transmission rate of COVID-19. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the allegations of Paragraph No. 39 of Plaintiffs' Complaint, and strict proof thereof is demanded.

40. It is denied that the masking of others is a "reasonable modification" under the ADA or a "reasonable accommodation" under Sec. 504 for, *inter alia*, the reasons set forth in KCBOE's Response in Opposition to a Preliminary Injunction, Doc. 14; Memorandum Regarding Supplemental Authority, Doc. 28; Motion to Alter or Amend, Doc. 36; Amended and Restated Motion to Alter or Amend, Doc. 40; and Motion to Stay Injunction Pending Appeal, Doc. 43. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the remaining allegations of Paragraph No. 40 of Plaintiffs' Complaint, and strict proof thereof is demanded.

41. It is admitted that current research shows that masks are effective at reducing the transmission rate of COVID-19. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the allegations of Paragraph No. 41 of Plaintiffs' Complaint, and strict proof thereof is demanded.

42. It is admitted that current research shows that masks are effective at reducing the transmission rate of COVID-19. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the allegations of Paragraph No. 42 of Plaintiffs' Complaint,

and strict proof thereof is demanded. KCBOE would aver that "universal masking in the schools" is neither a "reasonable accommodation" nor a "reasonable modification" as set forth above. Furthermore, a universal mask mandate is impossible to enact without violating the rights of other individuals—students, staff, and visitors—under the ADA and Sec. 504.

43. It is admitted that Paragraph No. 43 of Plaintiffs' Complaint accurately reflects language from the cited opinion of the Tennessee Attorney General. However, KCBOE would aver that since the issuance of such opinion, the authority of the six metropolitan health departments has been curtailed by action of the Tennessee state legislature.

44. It is admitted that Paragraph No. 44 of Plaintiffs' Complaint accurately reflects language from the cited opinion of the Tennessee Attorney General. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the assertions contained therein regarding COVID-19; therefore, strict proof thereof is demanded.

45. It is admitted that Paragraph No. 45 of Plaintiffs' Complaint accurately reflects language from the cited opinion of the Tennessee Attorney General. KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the assertions contained therein regarding COVID-19; therefore, strict proof thereof is demanded.

46. The allegations of Paragraph No. 46 are denied as written. It is admitted that Paragraph No. 46 of Plaintiffs' Complaint contains accurate quotations of the cited materials and information. However, as of the date of this Answer, the substantive allegations of such paragraph are denied. As of November 8, 2021, fewer than ten (10) new cases of COVID-19 had been reported per day in the previous week among 5- to 17-year-olds in Knox County.[2] Furthermore, for the period of November 3 – 8, 2021, the KCS Covid Dashboard reports approximately 50 active

---

[2] https://covid.knoxcountytn.gov/case-count.html, last accessed 11/8/2021.

9

student cases, 12 staff cases, for a total of 62 active cases in Knox County Schools.[3] The trend of new cases per day in Knox County has been steadily declining since mid-September of 2021.[4]

47. It is admitted that Governor Lee issued Executive Order ("EO") 84 on or about August 16, 2021, which permitted parents to "opt out" of a mask mandate imposed by a Local Education Agency ("LEA"—KCBOE is the LEA for Knox County, Tennessee). KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the remaining allegations of such paragraph, and strict proof thereof is demanded.

48. The allegations of Paragraph No. 48 appear to consist entirely of argument and are furthermore directed at Codefendant Lee. To the extent an answer is required of KCBOE, KCBOE would state that is without knowledge or information sufficient to form a belief regarding the truthfulness of such allegations of and would demand strict proof thereof.

49. The allegations of Paragraph No. 49 appear to consist entirely of argument and are furthermore directed at Codefendant Lee. To the extent an answer is required of KCBOE, KCBOE would state that is without knowledge or information sufficient to form a belief regarding the truthfulness of such allegations of and would demand strict proof thereof.

50. The substantive, non-argumentative allegations of Paragraph No. 50 of Plaintiffs' Complaint are admitted.

51. The allegations of Paragraph No. 51 of Plaintiffs' Complaint are denied.

52. The substantive, non-argumentative allegations of Paragraph No. 52 of Plaintiffs' Complaint are admitted.

53. The allegations of Paragraph No. 53 of Plaintiffs' Complaint are denied as written for the date on which the Complaint was filed.

---

[3] https://www.knoxschools.org/covid, last accessed 11/8/2021.
[4] https://covid.knoxcountytn.gov/case-count.html, last accessed 11/8/2021.

54. The allegations of Paragraph No. 54 of Plaintiffs' Complaint are denied.

55. The allegations of Paragraph No. 55 of Plaintiffs' Complaint are denied.

56. The allegations of Paragraph No. 56 of Plaintiffs' Complaint are denied.

57. It is denied that Plaintiffs are entitled to establish a class for certification pursuant to Fed. R. Civ. P. 23.

58. It is denied that Plaintiffs are entitled to establish a class for certification pursuant to Fed. R. Civ. P. 23.

59. The allegations of Paragraph No. 59 of Plaintiffs' Complaint are denied.

60. The allegations of Paragraph No. 60 of Plaintiffs' Complaint are denied.

61. The allegations of Paragraph No. 61 of Plaintiffs' Complaint are denied.

62. The allegations of Paragraph No. 59 of Plaintiffs' Complaint are denied.

63. The allegations of Paragraph No. 59 of Plaintiffs' Complaint are denied.

64. When and as necessary, commensurate paragraphs of KCBOE's Answer are likewise adopted.

65. It is admitted that Paragraph No. 65 contains an accurate quotation of the law. It is denied that KCBOE has violated such law.

66. It is admitted that Paragraph No. 66 contains an accurate summary of the law. It is denied that KCBOE has violated such law.

67. It is admitted that Paragraph No. 67 contains an accurate quotation of the law. It is denied that KCBOE has violated such law.

68. The allegations of Paragraph No. 68 appear to be directed at Codefendant Lee. To the extent an answer is required of KCBOE, KCBOE would state that is without knowledge or

11

information sufficient to form a belief regarding the truthfulness of such allegations of and would demand strict proof thereof.

69. It is admitted that Paragraph No. 69 contains an accurate summary of the law. It is denied that KCBOE has violated such law.

70. (Second ¶42 in Complaint) When and as necessary, commensurate paragraphs of KCBOE's Answer are likewise adopted.

71. The allegations of the Second ¶43 are admitted as to Plaintiffs. KCBOE would deny that Plaintiffs are entitled to establish a class for certification pursuant to Fed. R. Civ. P. 23.

72. The allegations of the Second ¶44 are admitted as to Plaintiffs. KCBOE would deny that Plaintiffs are entitled to establish a class for certification pursuant to Fed. R. Civ. P. 23.

73. The allegations of the Second ¶45 appear to be directed at Codefendant Lee. To the extent an answer is required of KCBOE, KCBOE would state that is without knowledge or information sufficient to form a belief regarding the truthfulness of such allegations of and would demand strict proof thereof.

74. The allegations of the Second ¶46, including its sub-parts, are denied.

75. It is denied that the Plaintiffs are entitled to the relief requested in the Second ¶47.

76. It is denied that the Plaintiffs are entitled to the relief requested in the Second ¶48.

77. It is denied that the Plaintiffs are entitled to the relief requested in the Second ¶49.

78. It is denied that the Plaintiffs are entitled to the relief requested in the Second ¶50.

79. It is denied that the Plaintiffs are entitled to the relief requested in the Second ¶51.

WHEREFORE, having fully answered, KCBOE asks the Court for dismissal of this lawsuit with prejudice, for attorney fees as provided by law, and for costs. KCBOE demands a jury trial in this action.

s/David M. Sanders
David M. Sanders (BPR # 016885)
Amanda Lynn Morse (BPR # 032274)
Deputy Law Director
Suite 612, City-County Building
400 Main Street
Knoxville, TN  37902
(865) 215-2327

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing was filed electronically on the date recorded by the Court's electronic filing system.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular United States Mail, postage prepaid.  Parties may access this filing through the Court's electronic filing system.

s/David M. Sanders
David M. Sanders
