# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| IN THE MATTER OF S.B., A MINOR STUDENT, BY AND THROUGH HIS PARENTS, M.B. AND L.H.; | ) ) ) ) |
| M.S., A MINOR STUDENT, BY AND THROUGH HER PARENT, K.P.; | ) ) ) |
| T.W., A MINOR STUDENT, BY AND THROUGH HIS PARENTS, M.W. J.W., AND | ) ) ) ) |
| M.K. A MINOR STUDENT, BY AND THROUGH HER PARENT, S.K. | ) ) ) ) ) |
| PLAINTIFFS. | ) ) |
| vs. | ) |
| GOVERNOR BILL LEE, in his official capacity as GOVERNOR OF TENNESSEE, and KNOX COUNTY BOARD OF EDUCATION, | ) 3:21-cv-00317–JRG–DCP ) JUDGE GREER ) ) ) |
| DEFENDANTS. | ) |

## PLAINTIFFS' MOTION TO STRIKE JURY DEMAND AND SUPPORTING MEMORANDUM OF LAW

**COME THE PLAINTIFFS**, S.B., a minor student, et. al., and file this Motion to Strike Knox County's Jury Demand (D.E. 71) pursuant to Fed. R. Civ. P. 39(a)(2).[1] They show:

---

[1] The general rule is that filing of a notice of appeal divests a trial court with jurisdiction. However, the district court retains jurisdiction "to adjudicate matters unrelated to the issues on

1

# I. INTRODUCTION

Knox County conceded in Court that it could *not* comply with its federal obligation to provide an effective reasonable accommodation for medically at-risk children due to the Governor's Executive Order 84. Knox County stated on the record: "Certainly [KCS] could not offer an effective accommodation." *S.B. v. Lee*, 2021 U.S. Dist. LEXIS 182674, at *26 (E.D. Tenn. Sep. 24, 2021). Knox County also offered no evidence that it had any difficulties with its own mask mandate in the year prior. (*Id.* at *61).

Despite these admissions, Knox County recently filed a "demand" for a jury. (D.E. 71). But only *judges* decide cases of equitable relief like the present case, not juries. Accordingly, Knox County's demand for a jury must be stricken.

## I. ONLY JUDGES, NOT JURIES, DECIDE CASES OF PURELY EQUITABLE RELIEF

Plaintiffs have not sought monetary damages. Their complaint is solely in the nature of *equitable* relief—enjoining the Executive Order and ordering a mask mandate. (See D.E. 7, Am. Compl., ¶¶ 47-49). Again, Knox County already conceded the Executive Order prevented it from invoking a mask mandate and that Knox County had been successful with a mandate previously. Instead of just offering a reasonable universal masking plan for its children, Knox County instead fought against its own admissions, "a poor strategic decision." *S.B. v. Lee*, 2021 U.S. Dist. LEXIS 195663, at *16 (E.D. Tenn. Oct. 12, 2021). Now it wants a jury.

It has been well-settled since at least the 1800s, and continuing through today, that juries do not decide cases of purely equitable relief, only judges do. *E.g., Curtis v. Loether*,

---

ppeal." *Christmas Lumber Co. v. NWH Roof & Floor Truss Sys., LLC*, 2020 U.S. Dist. LEXIS 99952, at *3 (E.D. Tenn. June 8, 2020). The jury demand is unrelated to the legal issues on appeal.

415 U.S. 189, 193 (1974) (quoting *Parsons v. Bedford*, 28 U.S. 433 (1830)(Story, J.)); *Osborn v. Griffin* , 865 F.3d 417, 460 (6th Cir. 2017); *Naturalite v. Hood* , 98 F. App'x 401, 403 (6th Cir. 2004); *Leary v. Daeschner*, 349 F.3d 888, 910 (6th Cir. 2003) ("because Plaintiffs' original complaint involved only claims that were equitable in nature, Plaintiffs were not entitled to a jury trial"); *Ferrari S.P.A. Esercizio Fabriche Automobili E Corse v. Roberts* , 944 F.2d 1235, 1248 (6th Cir. 1991) ("disgorgement of profits" is equitable, so no jury trial); *English v. Que Linda, Inc.*, 2010 U.S. Dist. LEXIS 111795, at *2 (E.D. Tenn. Oct. 20, 2010) (case for solely injunctive relief under Title III of ADA does not allow a jury); *accord Red Carpet Studios v. Midwest Trading Grp., Inc.*, 2021 U.S. Dist. LEXIS 59168, at *3-4 (S.D. Ohio Mar. 29, 2021).

For all these reasons, the demand for jury must be stricken.

Respectfully submitted,

**GILBERT LAW, PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
Facsimile: 423.756.2233
justin@schoolandworklaw.com
**&**

 **THE SALONUS FIRM, PLC**
/s Jessica F. Salonus
JESSICA F. SALONUS (28158)
139 Stonebridge Boulevard
Jackson, Tennessee 38305
Telephone: (731) 300-0970
Facsimile: 731.256.5711
jsalonus@salonusfirm.com

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I certify that this Motion to Strike was served upon counsel of record for the Defendants, David Sanders and Amanda Morse for KCBOE, and Reed Smith and Colleen Mallea for Governor Lee, through the Court's ECF filing system on November 21, 2021.

/s Jessica F. Salonus