# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| IN THE MATTER OF S.B., A MINOR STUDENT, BY AND THROUGH HIS PARENTS, M.B. AND L.H.; | ) ) ) ) |
| M.S., A MINOR STUDENT, BY AND THROUGH HER PARENT, K.P.; | ) ) ) |
| T.W., A MINOR STUDENT, BY AND THROUGH HIS PARENTS, M.W. J.W., AND | ) ) ) ) |
| M.K. A MINOR STUDENT, BY AND THROUGH HER PARENT, S.K. | ) ) ) |
| PLAINTIFFS. | ) ) |
| VS. | ) ) No. 3:21−cv−00317−JRG−DCP |
| GOVERNOR BILL LEE, in his official capacity as GOVERNOR OF TENNESSEE, and KNOX COUNTY BOARD OF EDUCATION, | ) ) ) ) |
| DEFENDANTS. | ) |

## KNOX COUNTY BOARD OF EDUCATION'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEMAND FOR TRIAL BY JURY

Comes now Knox County Board of Education, "KCBOE," and responds as follows to Plaintiffs' Motion to Strike KCBOE's demand for jury trial:

While it is true that Judges, rather than juries, have authority over injunctive relief, it is not true that Plaintiffs' Complaint sounds "solely" in equity. Plaintiffs have filed their action under Title II of the Americans with Disabilities Act (ADA). [Doc. 7, Amended Complaint, Introduction, PageID#: 35.] Title II of the ADA permits Plaintiffs to recover monetary damages. See *Johnson v. City of Saline*, 151 F.3d 564 (6th Cir. 1998) (holding that a District Court erred in dismissing

1

claims for damages under Title II of the ADA). See also *Dorsey v. City of Detroit*, 157 F. Supp. 2d 729, 731 (E.D. Mich. 2001):

> Title II of the ADA specifically incorporates the remedial provisions of section 794a of the Rehabilitation Act, 29 U.S.C. § 794a, as its enforcement provision. 42 U.S.C. § 12133. The relevant provision of section 794a of the Rehabilitation Act incorporates the 'the remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.].' *See* 29 U.S.C. § 794a(b). The remedy provision in Title VI of the Civil Rights Act provides that 'remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation against any public or private entity….' 42 U.S.C. § 2000d-7.

While it is true that Plaintiffs have not thus far explicitly claimed monetary damages, they have claimed for "any further and just relief." [Doc. 7 at PageID#: 51.] A complicating factor in this particular litigation is that Plaintiffs have sued in the name of a class, though thus far, they have not sought class certification. *See* Doc. 7. It is unknown whether any claims for monetary damages under Title II of the ADA will be brought on behalf of members of Plaintiffs' proposed class, should such class be certified.[1]

A jury demand under F. R. Civ. P. 38 is a "use it or lose it" proposition: "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). Rule 38(b) mandates that such a demand be made within fourteen (14) days of a Defendant's Answer. KCBOE has complied with this requirement. It is simply too early in this litigation to determine whether or not Plaintiffs' claims ultimately will include monetary damages. The court has not yet issued a scheduling order. Even if the court finds that Plaintiffs have not heretofore pled damages, they are still well within their window to (further) amend their Complaint. It would make most sense for the court to deny Plaintiffs' Motion at this time, and allow Plaintiffs to renew it after the deadline to amend pleadings has passed. At that time, the parties will know far better the extent

---

[1] KCBOE will oppose the certification of such a class should Plaintiffs file a motion to certify.

2

Case 3:21-cv-00317-JRG-DCP   Document 80   Filed 12/10/21   Page 2 of 3   PageID #: 1310

of Plaintiffs' claims, presumably whether Plaintiffs are successful in certifying a class, and whether, if certified, the class brings any actions triable by a jury.

It is undisputable that KCBOE has the constitutional right to a jury trial for all matters triable by a jury. An action pursuant to Title II of the ADA, such as this one, may include a claim for damages. This case is currently in its infancy. The Plaintiffs have not yet attempted to certify their proposed class, and there has not even been a deadline set to close pleadings. It is premature to state that a jury will not be needed.[2]

Wherefore, KCBOE respectfully requests that Plaintiffs' Motion to Strike Jury Demand be Denied.

Respectfully submitted,

s/David M. Sanders
David M. Sanders (BPR # 016885)
Amanda Lynn Morse (BPR # 032274)
Deputy Law Director
Suite 612, City-County Building
400 Main Street
Knoxville, TN 37902
(865) 215-2327

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on the date recorded by the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States Mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

s/David M. Sanders
David M. Sanders

---

[2] If Plaintiffs are willing to irrevocably foreswear claims to any and all monetary damages of any type, KCBOE will reconsider its position on this issue.