# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: December 20, 2021

Mr. Justin Scott Gilbert
Gilbert Law
100 W. Martin Luther King Boulevard
Suite 501
Chattanooga, TN 37402

Mr. David M. Sanders
Knox County Law Department
400 W. Main Street
Suite 612
Knoxville, TN 37902

Re: Case No. 21-6007, *M.B., et al v. William Lee, et al*
Originating Case No. 3:21-cv-00317

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely,

s/Gretchen S. Abruzzo
Case Manager
Direct Dial No. 513-564-7018

cc: Ms. Amanda Lynn Morse
    Ms. Jessica Farriis Salonus
    Ms. LeAnna Wilson

Enclosure

No. 21-6007

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 20, 2021
DEBORAH S. HUNT, Clerk

M.B., Parent of Minor S.B., et al., )
 )
    Plaintiffs-Appellees, )
 )
v. )    O R D E R
 )
GOVERNOR WILLIAM BYRON LEE, )
 )
    Defendant, )
 )
KNOX COUNTY BOARD OF EDUCATION, )
 )
    Defendant-Appellant. )

Before: SILER, CLAY, and McKEAGUE, Circuit Judges.

The Knox County Board of Education ("the Board") moves for a stay pending its appeal from the district court's amended order granting a preliminary injunction that, as relevant here, requires the Board to enforce a universal mask mandate in Knox County schools with limited exceptions. *S.B. v. Lee*, ___ F. Supp. 3d ____, 2021 WL 4755619, at *28 (E.D. Tenn. Oct. 12, 2021).[*] In granting a preliminary injunction, the district court found that Plaintiffs—four children with disabilities that render them especially vulnerable to COVID-19—were likely to succeed on

---

[*]The district court's preliminary injunction also prohibits Tennessee Governor Bill Lee, who is not a party to this appeal, from enforcing his Executive Order No. 84. *Id.* That executive order has since been terminated in tandem with the enactment of a new Tennessee law. *See G.S. v. Lee*, No. 21-5915, 2021 WL 5411218, at *1 (6th Cir. Nov. 19, 2021) (per curiam).

their claims that the Board violated the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act by not providing a reasonable accommodation for their medical vulnerabilities: universal masking in K-12 schools. *S.B.*, 2021 WL 4755619, at *11–*28. Plaintiffs oppose the motion for a stay, and the Board replies.

In reviewing a preliminary injunction, we consider "the record that was before the district court at the time the preliminary injunction was entered." *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020) (citation omitted). To determine whether a stay pending such appeal is warranted, we consider "(1) the likelihood that the party seeking the stay will prevail on the merits; (2) the likelihood that the moving party will be irreparably harmed; (3) the prospect that others will be harmed by the stay; and (4) the public interest in the stay." *Crookston v. Johnson*, 841 F.3d 396, 398 (6th Cir. 2016) (citing *Coal. to Def. Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006)). Although none of these factors is necessarily dispositive, a movant's likelihood of success on the merits will often be the "determinative factor" in our analysis. *Thompson v. DeWine*, 959 F.3d 804, 807 (6th Cir. 2020) (per curiam) (quoting *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012)).

Our review of a district court's preliminary injunction is "highly deferential." *DV Diamond Club of Flint, LLC v. Small Bus. Admin.*, 960 F.3d 743, 746 (6th Cir. 2020) (order) (citation omitted). We review the district court's legal conclusions de novo and its findings of fact for clear error. *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (per curiam) (citation omitted). "We review 'for abuse of discretion, however, the district court's ultimate determination as to whether the four preliminary injunction factors weigh in favor of granting or denying preliminary injunctive relief.'" *Id.* (citation omitted).

Title II of the ADA prohibits disabled individuals from being "excluded from participation in" or "denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. Denial of a reasonable accommodation is a cognizable claim under Title II of the ADA. *See Marble v. Tennessee*, 767 F. App'x 647, 651 (6th Cir. 2019) (citing *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 460 (6th Cir. 1997)); 28 C.F.R. § 35.130(b)(7)(i).

We recently denied a stay pending appeal in a related case brought under the ADA. *See G.S.*, 2021 WL 5411218, at *2–3. Here, as in *G.S.*, Plaintiffs submitted evidence that they would be denied access to Knox County public schools and the benefit of a public education absent reasonable accommodations to mitigate their risk of contracting COVID-19. *See S.B.*, 2021 WL 4755619, at *15–17. Plaintiffs also submitted evidence that the safety measures in place at their schools were ineffective and that universal masking, by contrast, is effective in preventing transmission of the virus. *Id.*

The Board proposed virtual schooling as an alternative accommodation. *Id.* at *18. As the district court explained, however, Knox County's virtual schools require a caregiver to be present during the school day, which may impose significant financial burdens on parents and guardians. *Id.* at *19. The district court also noted the evidence of disparities in educational quality and socialization between virtual and in-person schooling. *Id.* at *18–19. Further, Tennessee law requires students to physically attend school for state-issued testing, subjecting them to the same harm that virtual schooling purports to avoid. *Id.* at *19. Like the district court, we are not persuaded that virtual schooling is a reasonable alternative to universal masking.

Finally, the Board argues that Plaintiffs' proposed accommodation is unreasonable because it impermissibly burdens the rights of third parties. *See, e.g.*, *Davis v. Echo Valley Condo. Ass'n*, 945 F.3d 483, 492 (6th Cir. 2019) ("[A] third party's 'rights [do] not have to be sacrificed on the

altar of reasonable accommodation.'" (second alteration in original) (quoting *Groner v. Golden Gate Gardens Apartments*, 250 F.3d 1039, 1046 (6th Cir. 2001)).  We rejected a similar argument in *G.S.*, explaining that the subject schools had previously implemented a mask mandate and highlighting the absence of evidence that these measures were "impractical or impossible for schools to enforce."  *G.S.*, 2021 WL 5411218, at *3.  Likewise, the record in this case "does not demonstrate that the Knox County Board of Education actually did experience any meaningful problems in response to [its prior] mask mandate."  *S.B.*, 2021 WL 4755619, at *20.  The Board itself acknowledges that, since the district court issued its preliminary injunction in this case, "the number of students engaging in obvious non-compliance is less than 1% of the student population."  Mot. to Stay at 13.

For these reasons, the Board has not established a likelihood of success on the merits.  As in *G.S.*, we acknowledge the "significant arguments in favor of both sides of this case on the three remaining equitable factors.  But under our highly deferential standard of review, we cannot say the district court abused its discretion in finding that the balance of these factors weighed in favor of preliminary injunctive relief."  2021 WL 5411218, at *3.

Accordingly, the motion for a stay of the preliminary injunction pending appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk