# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| M.B., et al., | ) |
|     Plaintiff, | ) |
| v. | )    No. 3:21-CV-317 |
| | )    Jury Trial Demanded. |
| GOVERNOR BILL LEE, et al. | ) |
|     Defendant. | ) |

### RESPONSE IN OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS

Comes Now Defendant Knox County Board of Education ("KCBOE"), by and through counsel, and submits this Response in Opposition to Plaintiffs' Motion for Attorneys' Fees. Because Plaintiffs are not entitled to fees at the preliminary injunction stage, the requested lodestar amount is unreasonable, and Plaintiffs' attorneys are not entitled to an upward deviation, KCBOE requests that the Court deny Plaintiffs' motion for attorneys' fees and costs.

**I.**     **Plaintiffs are not entitled to fees at this preliminary stage in the proceeding.**

Under § 1988(b), "the court, in its discretion, may award the prevailing party . . . a reasonable attorney's fees as part of the costs[.]" In order to be a "prevailing party" for the purposes of attorneys' fees, "a party must have obtained a judicially-sanctioned change in the legal relationship of the parties." *Jones v. Haynes*, 350 F. Supp. 3d 691, 694 (6th Cir. 2018) (citing *Toms v. Taft*, 338 F.3d 519, 528 (6th Cir. 2003)). Thus, "[o]nly enforceable judgments on the merits and court-ordered consent decrees create the material alternation of the legal relationship of the parties necessary to permit an award of attorney's fees." *Toms*, 383 F.3d at 528-29 (quoting *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Resources*, 532 U.S.

1

598, 600 (2001)). "Stated differently, a plaintiff qualifies as a prevailing party when the plaintiff wins relief on the merits in the form of a court order, consent decree, or judicially-enforced settlement that materially alters the legal relationship between the parties by modifying the defendant's behavior in such a way that directly benefits the plaintiff." *Haynes*, 350 F.3d at 695 (citing *Sole v. Wyner*, 551 U.S. 74, 82 (2007) ("The touchstone of the prevailing party inquiry . . . is the material alteration of the legal relationship of the parties . . . .")).

Contrary to Plaintiffs' assertions, they are not entitled to attorneys' fees simply because they obtained preliminary injunctive relief following an evidentiary hearing. *See Plaintiffs' Memorandum*, Doc. 87-1, p. 3-7, PageID# 1352-1356. In *McQyeary v. Conway*, 614 F.3d 591, 596 (6th Cir. 2010), the Sixth Circuit addressed the issue of whether a plaintiff who obtains a preliminary injunction is entitled to attorneys' fees. In that case, the Sixth Circuit rejected a *per se* rule that a plaintiff is always entitled to fees after prevailing on a preliminary injunction because "[s]ome preliminary injunctions have nothing to do with the merits, offering no insight into whether one party or the other will prevail at the end of the case," such as "stay-put or status quo injunctions" that "turn more on the graveness of irreparable harm to one party or the public interest than on the legal virtues of the parties' positions." *Id.* at 600. The Sixth Circuit also rejected a *per se* rule that plaintiffs are never entitled to fees after obtaining a preliminary injunction and instead stated that the district court must make a "contextual and case-specific inquiry" regarding the propriety of fees. *Id.* at 601. The Sixth Circuit also cautioned "that the preliminary nature of the relief together with the requirement that a prevailing party victory must create a lasting change in the legal relationship between the parties and not merely catalyze the defendant to voluntary action—will generally counsel against fees in the context of preliminary injunctions." *Id.* The court-ordered change in the legal relationship between the parties must be "enduring and

2

irrevocable." *McQueary*, 614 F.3d at 597; *Miller v. Davis*, 267 F. Supp. 3d 971, 976 (E.D. Ky. 2017). "Thus a preliminary injunction does not establish prevailing party status if it is reversed, dissolved, or otherwise undone by a final decision in the same case because Section 1988 requires lasting relief, not the temporary, fleeting success that an injunction represents." *Haynes*, 350 F. Suppp. 3d at 695 (citing *McQueary*, 614 F.3d at 597).

Here, Plaintiffs have not achieved "irrevocable and enduring change" to a KCBOE policy because the preliminary injunction has been appealed to the Sixth Circuit and no final determination on the merits has been reached by the district court. The cases cited by the Plaintiff do not compel a different result. In *Webster v. Sowders*, 846 F.2d 1032 (6th Cir. 1988), the Sixth Circuit reversed the district court's award of interim attorneys' fees noting that the preliminary injunction was a "procedural victory and did not qualify them for attorneys' fees." *Id.* at 1036. In *Miller v. Caudill*, 936 F.3d 442 (6th Cir. 2019), the district court dismissed the case as moot due to an intervening change in the law before the appeal of the preliminary injunction was complete and before a final decision on the merits had been rendered. The court then awarded fees after the case had been mooted by the subsequent action. In *Tucker v. City of Fairfield*, 2006 U.S. Dist. LEXIS 16996 (S.D. Ohio Feb. 8, 2006), fees were awarded *after* the preliminary injunction had been upheld on appeal. The remaining cases cited by the Plaintiffs involve cases where the injunction was mooted as a result of some subsequent state action which may be relevant to the Plaintiffs' claims against the State but do no require the Court to award attorneys fees from KCBOE. Plaintiffs have not cited a single case determining that interim attorneys' fees are appropriate during the pendency of an appeal of the preliminary injunction. Given that the preliminary injunction may be modified or dissolved on appeal, the request for fees from KCBOE is premature at this time and Plaintiffs' motion should be denied.

3

## II. Plaintiffs' Requested Fees Are Not Reasonable.

The requested hourly rate sought be Plaintiffs' counsel is not reasonable considering the market rates of the surrounding community and the duplication of Plaintiffs' work across similar litigation filed in other districts. Further, Plaintiffs have not demonstrated that the issues presented here regarding the requirements of the ADA and Section 504 so "rare" and "exceptional" that this matter warrants the requested upward deviation in rates. Finally, Plaintiffs' counsel have billed on a quarter-hour basis and submitted duplicative fees, both of which call for a reduction of the requested attorneys' fees. Accordingly, KCBOE believes that any award of attorneys' fees should be reduced.

### A. The Requested Hourly Rate is not Reasonable.

If the Court determines that the Plaintiff is the prevailing party, then it must determine if the fee request is reasonable. *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994). "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). In determining the appropriate hourly rate to apply, the district court must consider the prevailing market rate in the relevant community, which for fee purposes, is the legal community within the court's territorial jurisdiction or venue. *Brooks v. Invista*, No. 1:05-cv-328, 2008 U.S. Dist. LEXIS 7288, 2008 WL 304893, at *3 (E.D. Tenn. Jan. 30, 2008) (citing *Adcock-Ladd v. Sec'y of the Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). It should be at a rate "necessary to cause competent legal counsel to perform the work required." *EEOC v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 966 (E.D. Tenn. 2017). The appropriate or reasonable hourly rate "may not, however, exceed the amount necessary to cause competent legal counsel to perform the work

4

required." *Id.* (citing *Coulter v. Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986), *abrogated on other grounds by, The Ne. Ohio Coal. For the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016)).

Here, the Plaintiffs seek $500 an hour for Attorney Justin Gilbert and $400 an hour for Attorney Jessica Salonus, which are outside the hourly rates awarded by the Eastern District in other complex litigation. *See Vanderhoef v. Dixon*, No. 3:16-cv-508-TAV-DCP, 2020 U.S. Dist. LEXIS 144549 at *20-21 (E.D. Tenn. May 4, 2020) (recommending that the attorney be awarded $350 an hour rather than the requested $400); *Herring v. SCI Tenn. Funeral Servs., LLC*, No. 2:15-cv-280, 2018 U.S. Dist. LEXIS 88206 (E.D. Tenn. May 4, 2018), *report and recommendation adopted by* 2018 U.S. Dist. LEXIS 87331 (E.D. Tenn. May 24, 2018) (awarding lead attorney with nearly 18 years of experience in civil rights and employment law at a $350 hourly rate). In *EEOC v. Dolgencorp*, Magistrate Judge Guyton noted the Declaration of Attorney Wade Davies, "stating that a billable hourly rate of $250-$350 is within a reasonable range in the Knoxville, Tennessee market for attorneys with approximately 10 years of experience who are accomplished in their primary area of practice." No. 3:15-cv-441, 2017 U.S. Dist. LEXIS 163739, at *6 (E.D. Tenn. Aug. 7, 2017), *report and recommendation adopted by* 277 F. Supp. 3d 932 (E.D. Tenn. 2017).

**B.  The Work Performed by Plaintiffs' Counsel is not so "Rare" and "Exceptional" as to Warrant an Upward Deviation in Rate.**

In addition to the hourly fee request, Plaintiffs' counsel contends that they are entitled to an upward deviation of the hourly rate because of the "novelty" and "difficulty" presented by this case. Accordingly, they seek $875 and $700 an hour respectively. While it is true that courts may increase the hourly rate, the Supreme Court has cautioned that upward adjustments are permissible only in "rare" and "exceptional" cases. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). The issues in this case and specifically, the scope and application of the ADA and Section 504 as argued by KCBOE, do not warrant an upward deviation

5

of fees. Further, Plaintiffs are seeking an almost double upward deviation in the hourly rate. "[T]he upward adjustment . . . may be no more than one third of the lodestar and any additional adjustment would require the most exacting justification." *Geier*, 372 F.3d at 793. Plaintiffs have not demonstrated that this is a case which warrants an upward deviation in fees. Indeed, Plaintiffs have argued in the Sixth Circuit that oral argument is not necessary because the issues in the appeal are "straightforward." [Plaintiff's Brief, Doc. 21, p. 2].

Moreover, this matter is one of three matters filed across the state seeking to enjoin Executive Order 84. *See G.S. v. Lee*, No. 2:21-cv-02552 (W.D. Tenn.); *R.K. v. Lee*, No. 3:21-cv-00725 (M.D. Tenn.). Plaintiffs' counsel are the co-counsel of record in the case filed in the Middle District and their co-counsel in the *R.K.* matter also filed a similar lawsuit in the Western District of Tennessee. *See G.S. v. Lee*, No. 2:21-cv-02552 (W.D. Tenn.). The legal issues and factual basis presented in each suit contain substantial overlap. Plaintiffs' attorneys are seeking similar fees and the same hourly rate in both cases with no consideration given to the overlap between the three matters. "The fundamental principle in calculating fee awards is making an award that is adequate to attract competent counsel but does not constitute a windfall to attorneys." *Louisville Black Police Officers Organization, Inc. v. Louisville*, 700 F.2d 268, 278 (6th Cir. 1983). Awarding Plaintiffs' counsel fees at this exorbitant rate is not warranted in this matter and would result in a "windfall" to Plaintiffs' counsel.

In light of the prevailing market conditions in the Eastern District of Tennessee and because Plaintiffs have not demonstrated that this is the "rare" and "exceptional" case that warrants a fee increase, KCBOE contends that should attorneys' fees be awarded, the hourly rates should therefore be reduced to $350 an hour for Mr. Gilbert and $250 an hour for Ms. Salonus.

**C.     KCBOE Objects to Specific Fee Requests by the Plaintiffs' Counsel.**

6

First, KCBOE objects to counsel's use of quarter-hour billing. It is clear that in this District, "the use of quarter-hour billing is disfavored." *Yellowbook Inc. v. Bradenberry*, 708 F.3d 837, 849 (6th Cir. 2013); L.H., 356 F. Supp. 3d at 727-28 "Quarter-hour increments are a fee-enhancing, rather than a fee-constraining, mechanism." *Bench Billboard Co. v. City of Toledo*, 759 F. Supp. 2d 905, 914 (N.D. Ohio 2010) aff'd in part, rev'd in part, 499 F. App'x 538 (6th Cir. 2012). "Billing in quarter-hour increments generates a fee that is 15% higher than billing in a tenth of an hour." *Id.* "District courts typically account for quarter-billing inaccuracy by reducing the number of hours worked by a percentage amount." *Id.*; see also *Corbis Corp. v. Starr*, 719 F. Supp. 2d 843, 846 (N.D. Ohio 2010) ("quarter hour billing and conclusory descriptions 'invite downward adjustment' of attorney's fees"). KCBOE requests that the Court reduce any amount awarded to Plaintiffs' counsel by 15 percent to offset the use of quarter-hour billing.

Further, fees should be reduced to account for the duplicative fees sought by Plaintiffs' counsel. KCBOE acknowledges that when a party is represented by two separate attorneys, some overlap of billing hours is inevitable. However,

> Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, billing judgment is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

*Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

When the working relationship between the two lawyers is one of co-counsel, "the opposing party should not bear the total burden of double expenditures for attorney time." *Williamson Cnty. Bd. of Educ. v. C.K.*, No. 3:07-0826, 2009 U.S. Dist. LEXIS 59118, at *9 (M.D. Tenn. July 9, 2009) *9 (quoting with approval *Mass. Dep't of Pub. Health v. Sch. Comm.*, 841 F. Supp. 449, 459 (D. Mass. 1993)). In that matter, the court took into consideration double billing

of joint court appearances where only one attorney was primarily responsible for addressing the court. *Id.* Here, there is substantial overlap in the billing by both attorneys. For example, Mr. Gilbert and Ms. Salonus billed 12 hours and 8.75 hours respectively for preparation for the preliminary injunction hearing. They both also billed for attendance at the hearing. However, Mr. Gilbert was the only attorney who addressed the Court at the hearing. KCBOE should not bear the burden of this fee duplication. There are also additional billing requests for communication and consultation with co-counsel. KCBOE requests that any fee award be reduced to account for this overlap. Although KCBOE is not privy to the fees requested by these attorneys in the *R.K. v. Lee* matter, the same logic would apply; Plaintiffs' attorneys should not be entitled to a windfall for recycling substantially similar work in another jurisdiction.

Finally, KCBOE requests that the Court consider the respective arguments made by KCBOE and the State in the preliminary injunction hearing and award fees on a proportional basis. KCBOE has specifically confined its arguments to its interpretation of the ADA and Section 504. It has not argued that masks are not effective or that COVID-19 is not a significant and serious illness. Further, it did not argue that the Plaintiffs were required to exhaust their remedies under the IDEA, which was a substantial issue at the preliminary hearing. KCBOE requests that any fee award take into consideration the arguments put forth by KCBOE and the State to award a proportional fee.

## **CONCLUSION**

The Plaintiffs are not entitled to any fees from KCBOE at this stage because they have not obtained "irrevocable and enduring" change as this matter is still on appeal and no final determination has been made. To the extent that the Court does award interim attorneys' fees,

8

Plaintiffs are not entitled to their requested hourly rate. Finally, KCBOE requests that the Court reduce Plaintiffs' request to account for quarter-hour billing and duplicative billing.

s/David M. Sanders
David M. Sanders (BPR # 016885)
Amanda Lynn Morse (BPR # 032274)
Deputy Law Director
Suite 612, City-County Building
400 Main Street
Knoxville, TN 37902
(865) 215-2327

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on the date recorded by the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States Mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

s/David M. Sanders
David M. Sanders
