# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | |
|---|---|
| IN THE MATTER OF S.B., A MINOR STUDENT,<br>BY AND THROUGH HIS PARENTS,<br>M.B. AND L.H.;<br><br>M.S., A MINOR STUDENT,<br>BY AND THROUGH HER PARENT, K.P.;<br><br>T.W., A MINOR STUDENT,<br>BY AND THROUGH HIS PARENTS, M.W.<br>J.W., AND<br><br>M.K. A MINOR STUDENT,<br>BY AND THROUGH HER PARENT, S.K.<br><br>       PLAINTIFFS.<br><br>   vs.<br><br>GOVERNOR BILL LEE, in his official<br>capacity as GOVERNOR OF TENNESSEE, and<br>KNOX COUNTY BOARD OF EDUCATION, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 3:21–cv–00317–JRG–DCP<br>)<br>)<br>)<br>) |

## PLAINTIFFS' RESPONSE TO KNOX COUNTY BOARD OF EDUCATION'S MOTION FOR A SUR-REPLY

     **COME THE PLAINTIFFS, S.B., et. al.**, and file this Response to Knox County

Board of Education's Motion for Leave to File a Sur-Reply (Doc. 107). They show:

## STANDARD FOR SUR-REPLY

Neither the Local Rules of this jurisdiction nor the Federal Rules of Civil Procedure permit the filing of sur-replies as a matter of right. *See Key v. Shelby Cnty.*, 551 Fed. Appx. 262, 265 (6th Cir. 2014). Instead, in order "to file a sur-reply the party must obtain leave of the court." *Eberhard v. Chicago Title Ins. Co.*, No. 1:11-cv-834, 2014 WL 12756822, at *2 (N.D. Ohio Jan. 8, 2014). District courts are afforded broad discretion in deciding whether to permit a party to file a sur-reply, the classic reason being "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Key*, 551 Fed. Appx. at 264.

*In re Whitetail Vessel Co.*, 2022 U.S. Dist. LEXIS 26902, at *3-4 (W.D. Ky. Feb. 14, 2022). Sur-replies are generally disfavored. *See, e.g, Dickey v. Rapier*, 2018 U.S. Dist. LEXIS 213267, at *1 (W.D. Ky. Dec. 18, 2018).

## KCBOE's ASSERTED GROUNDS FOR SUR-REPLY

KCBOE says the purpose of the proposed sur-reply is two-part, to address "blatant inaccuracies" and to address the role of the Law Director. (Doc. 107-1, Memorandum, p. 1).

First, KCBOE objects on hearsay grounds to the student's Facebook post showing how the student was instructed to don a mask for the photographs. However, a document submitted to *impeach* KCBOE's official position about staged photographs is not inadmissible hearsay. And, even if it were, hearsay is admissible in preliminary injunction matters. This is not sufficient grounds for a sur-reply.

Second, KCBOE seeks to address the fiduciary role of an elected Law Director when the public and various public entities conflict. In its Response, the Law Director asserted a very narrow role for itself, prompting Plaintiffs to reply, essentially, that the Law Director cannot be a servant to conflicting masters—the Plaintiffs' rights under the Constitution, the Board of Education's vote against masking, and the Department of Health's stance that masking is necessary. For its sur-

reply KCBOE calls the issue "ridiculous" and "non-sensical." (*Id.* at 2). Scorn is not sufficient for a sur-reply either.

It *is* true, as footnote 3 of Defendant's proposed Sur-reply states, that the Health Office and Health Director were referenced at the preliminary injunction as being a *recommendation* of masking. (*Id.* at 2, fn. 3). But there is quite a difference between a witness referencing a "recommendation" of masking by the Knox County Health Department, or, even more distantly, objecting that the issue is "*not* about masks," when it obviously is, versus the Knox County Law Director admitting that *all* of the medical evidence from its own Health Department "*support[s] the arguments of the Plaintiffs.*" (See Doc. 106-3, Buuck Memorandum, p.2).

As this Court observed, *Plaintiffs* are the "the masters of their complaint" and "the plaintiff may decide what claims to bring and how to prove them." *S.B. v. Lee*, 2021 U.S. Dist. LEXIS 182674, at *12 (E.D. Tenn. Sep. 24, 2021)(citing *Energy Conversion Devices Liquidation Tr. v. Trina Solar Ltd.*, 833 F.3d 680, 688 (6th Cir. 2016)). In responding to *Plaintiffs'* claims, surely a Law Director cannot choose the side of risking death or serious injury to children in public schools when its own Health Department "supports the arguments of the Plaintiffs." The sur-reply does not wrestle with this serious issue; it merely offers a dissimilitude that "masks are effective" yet somehow "masks are *not* a reasonable accommodation." (Doc. 107-1, p. 3).

Plaintiffs fail to see how fiduciary duties of an elected in-house law department are "ridiculous" or "non-sensical," or how the proposed sur-reply addresses them in a manner helpful to the Court. *Ultimately*, as this Court advised KCBOE's attorneys, the issue is the "lives of children," *and* considerations under the Constitution. (Doc. 34, TR., p. 26). However, because

the Buuck Memorandum did not exist at the time of the original motion, though a close call,

Plaintiffs will not oppose the filing of the exhibited sur-reply.

Respectfully submitted,

**GILBERT LAW, PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
Facsimile: 423.756.2233
justin@schoolandworklaw.com
**&**

**THE SALONUS FIRM, PLC**
/s Jessica F. Salonus
JESSICA F. SALONUS (28158)
139 Stonebridge Boulevard
Jackson, Tennessee 38305
Telephone: (731) 300-0970
Facsimile: 731.256.5711
jsalonus@salonusfirm.com

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I certify that this Response was served upon all counsel of record for the Defendants,

including David Sanders and Amanda Morse for KCBOE and Reid Smith and Jim Newsom for

Governor Lee, through the Court's ECF filing system on February 17, 2022.

/s Justin S. Gilbert