# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| M.B., et al., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 3:21-CV-317 |
| | ) |
| GOVERNOR BILL LEE, et al. | ) |
| | ) |
|    Defendant. | ) |

## KCBOE'S SUR-REPLY IN FURTHER RESPONSE IN OPPOSITION TO MOTION TO APPOINT COURT MONITOR, CREATE A COMPLIANCE PLAN AND TO A FINDING OF CIVIL CONTEMPT

Knox County Board of Education ("KCBOE"), by and through undersigned counsel (unless referred to individually, attorneys representing KCBOE will be referred to as members of the Knox County Law Department, or "KCLD"), responds in opposition to Plaintiff's Motion to appoint a court monitor, create a compliance plan and for a show cause hearing regarding civil contempt. [Doc. 96]; [Doc. 106]. KCBOE submits this brief sur-reply to Plaintiffs' recent filing to respond to evidence presented for the first time in Plaintiffs' reply brief [Doc. 106], address the blatant inaccuracies contained in Plaintiffs' pleading, and address Plaintiffs' argument, presented for the first time in their reply brief, that KCLD is somehow violating the United States Constitution in representing its client.

Apparently realizing their failure to make a reasonable inquiry into the facts as required by Fed. R. Civ. P. 11, Counsel for Plaintiffs have now reimagined their argument to assert that any photos taken in "defense" of a litigation *must* have been staged to present an "impression of mask compliance," rather than the candid photos actually taken by KCLD. KCBOE will not dwell on

1

this issue but simply state that Plaintiffs' belief that the photos were staged <u>is not evidence</u>; nor is the screenshot of an unauthenticated message from a parent, relaying alleged information from the parent's child, that the child allegedly obtained from a random staff member at a school, evidence of the so-called conspiracy.[1]

Plaintiffs have further introduced in their Reply brief an entirely new argument, that the KCLD is somehow violating *the United States Constitution* by not arguing in favor of a mask mandate. Plaintiffs pin this ridiculous argument on the fact that the KCLD referenced medical professionals' opinions on masks in a recent memorandum[2] to two members of the KCBOE but did not present this evidence to the Court. Frankly, this theory is non-sensical. It is also <u>blatantly</u> untrue. At the hearing KCBOE staff **did** testify that the Knox County Health Department, the CDC and the Tennessee Department of Health all recommend masking to slow the spread of COVID.[3]

---

[1] KCBOE counts at least three levels of hearsay in the attempted presentation of that screenshot alone. To the extent necessary, KCBOE objects to the introduction of this purported "evidence," as well as any related argument, on the basis of Hearsay.

[2] The memorandum referred to by Plaintiffs, Doc. 106-3, was issued to two members of the KCBOE individually, as opposed to the entire Board, in response to their inquiry, *inter alia*, regarding why the KCLD **did not** present the argument to this court that masks or masking were/was ineffective in slowing the transmission of COVID-19.

[3] [THE COURT] Q. MR. MYERS, LET ME ASK YOU A QUESTION, AND MAYBE I SHOULD HAVE ASKED EARLIER TODAY, I'VE HEARD NOW FROM MULTIPLE WITNESSES AND ATTORNEYS THAT KNOX COUNTY SCHOOLS RECOMMENDS ITS STUDENTS WEAR MASKS, WHY DO YOU MAKE THAT RECOMMENDATION?

WELL**, I THINK THAT WE BASE OUR RECOMMENDATIONS ON THOSE OF THE TENNESSEE DEPARTMENT OF HEALTH AND THE CDC AND THEN BASED ON COLLABORATION WITH OUR OWN HEALTH DEPARTMENT**. [Doc. 34, Pg. 238].

[MS. MORSE] Q. ALL RIGHT, AND ONE QUESTION I WANTED TO LOOP BACK TO. YOU WERE TALKING ABOUT WEEKLY MEETINGS WITH THE HEALTH DEPARTMENT, WHO IS DR. MARTHA BUCHANAN?
[RYSEWYK]A. **SHE'S CURRENTLY THE DIRECTOR OF THE HEALTH DEPARTMENT FOR KNOX COUNTY, AND THAT'S THE ROLE SHE SERVES.** AND, YOU KNOW, THE SCHOOL SYSTEM HAS WORKED CLOSELY WITH THE KNOX COUNTY HEALTH DEPARTMENT ON MULTIPLE THINGS PRIOR TO COVID, SO WE'VE CONTINUED THAT THROUGH THIS PROCESS.
[MS. MORSE] Q. OKAY. IN FACT, **DR. BUCHANAN IS BOTH KNOX COUNTY'S HEALTH OFFICER AND HEALTH DIRECTOR; CORRECT?**
[RYSEWYK] A. **CORRECT.** [Doc. 34, Pgs. 199-200].

*During the hearing*, KCBOE's counsel stated that KCBOE was not arguing about the efficacy of masking to slow the spread of COVID.[4] KCBOE has consistently stated in Court and in its filings that this case is not about masks, but rather it is about what is a reasonable accommodation under the ADA.[5] See, e.g., KCBOE's Response to Plaintiff's Motion for Preliminary Injunction: "Although Plaintiffs have framed this case as a debate about masking or not masking, that is not the issue at the heart of this case….The issue is whether KCBOE voting to not have a mask mandate is a denial of a reasonable accommodation to Plaintiffs." [Doc. 14, p. 1] KCBOE even stated this in its *Answer* to the complaint: "It is admitted that current research shows that masks are effective at reducing the transmission rate of COVID-19." [Doc. 66, ¶¶ 38, 39, 41 and 42]. At no time, whatsoever, has KCBOE argued that masking is not a mitigation measure currently being recommended by the medical community. Instead, for the entirety of the litigation, KCBOE has argued that the Americans with Disabilities Act (and related laws) do not require universal masking as a reasonable accommodation for Plaintiffs.

---

[4] MS. MORSE: … FROM THE KNOX COUNTY SCHOOL BOARD'S PERSPECTIVE **THIS WHOLE CASE IS NOT ABOUT WHETHER OR NOT MASKS ARE GOOD OR BAD OR WHETHER OR NOT COVID IS IN SCHOOLS OR NOT IN SCHOOLS,** THE PLAINTIFFS ARE ASKING THIS COURT TO SUBSTITUTE ITS VOTE FOR THE VOTES OF THE ELECTED SCHOOL BOARD MEMBERS OF KNOX COUNTY. [Doc. 34, Pg. 19].

[5] MS. MORSE: …SO FROM OUR PERSPECTIVE THAT RIGHT THERE ENDS THE DISCUSSION. IF IT DOESN'T, **[KCBOE DOES] NOT BELIEVE IT WOULD BE A REASONABLE ACCOMMODATION TO ENFORCE A MASK MANDATE FOR THE ENTIRE SCHOOL DISTRICT. A REASONABLE ACCOMMODATION IS BY DEFINITION NOT REASONABLE IF IT DEPRIVES OTHERS OF THEIR RIGHTS.** [Doc. 34, Pg. 23].

THE QUESTION FOR THIS CASE IS NOT WHETHER OR NOT THE SCHOOL BOARD COULD IMPOSE A MASK MANDATE, **THE QUESTION HERE IS WHETHER 504 AND THE ADA REQUIRES A MASK MANDATE AS A REASONABLE ACCOMMODATION**. [Doc. 34, Pg. 25].

**THE ISSUE BEFORE THIS COURT IS WHETHER OR NOT KNOX COUNTY BOARD OF EDUCATION HAS AN OBLIGATION TO HAVE A MASK MANDATE UNDER 504 AND THE ADA**, I BELIEVE THAT ANSWER IS CLEARLY NO. [Doc. 34, Pg. 29].

In sum, Plaintiffs have failed to provide any clear and convincing evidence that KCBOE has failed to comply with the Court's order and their Motion to appoint a court monitor, create a compliance plan and for a show cause hearing regarding civil contempt should be denied.

                Respectfully submitted,

                s/David M. Sanders
                David M. Sanders (BPR # 016885)
                Amanda Lynn Morse (BPR # 032274)
                Deputy Law Director
                Suite 612, City-County Building
                400 Main Street
                Knoxville, TN 37902
                (865) 215-2327

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on the date recorded by the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States Mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

                s/David M. Sanders
                David M. Sanders