# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

_____

| | |
|---|---|
| IN THE MATTER OF S.B., A MINOR STUDENT,<br>BY AND THROUGH HIS PARENTS,<br>M.B. AND L.H.; | ) <br> ) <br> ) <br> ) |
| M.S., A MINOR STUDENT,<br>BY AND THROUGH HER PARENT, K.P.; | ) <br> ) <br> ) |
| T.W., A MINOR STUDENT,<br>BY AND THROUGH HIS PARENTS, M.W.<br>J.W., AND | ) <br> ) <br> ) <br> ) |
| M.K. A MINOR STUDENT,<br>BY AND THROUGH HER PARENT, S.K. | ) <br> ) <br> ) |
| | ) **DISTRICT JUDGE GREER** |
| **PLAINTIFFS.** | ) <br> ) |
| vs. | ) <br> ) |
| | ) **No. 3:21–cv–00317–JRG–DCP** |
| GOVERNOR BILL LEE, in his official<br>capacity as GOVERNOR OF TENNESSEE, and<br>KNOX COUNTY BOARD OF EDUCATION, | ) <br> ) <br> ) <br> ) |
| **DEFENDANTS.** | ) |

---

## MEMORANDUM IN SUPPORT OF
## MODIFICATION OF INJUNCTION

---

**COME THE PLAINTIFFS, filing this Memorandum** in support of Modification of

Injunction. They show:

# I.     STANDARD

Federal Rule of Civil Procedure 62(d) grants the district court a limited ability to modify an interlocutory injunction while an appeal is pending from the injunction. Fed. R. Civ. P. 62(d). "[A] sound judicial discretion may call for the modification of the terms of an injunctive decree if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen." *Sherwood v. TVA*, 2021 U.S. Dist. LEXIS 142673, at \*6 (E.D. Tenn. July 30, 2021)(citing *Rufo v. Inmates of Suffolk Cnty. Jail,* 502 U.S. 367, 388 (1992)).

While Knox County has a pending appeal to the Sixth Circuit, the CDC guidance and the COVID cases in Knox County involve circumstances from September of 2021 when Delta was the chief variant. The Court of Appeals will only consider "the record that was before the district court at the time the preliminary injunction was entered." *M.B. v. Lee*, 2021 U.S. App. LEXIS 37682, at \*2 (6th Cir. Dec. 20, 2021) (citing *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020) (citation omitted)).

As the Sixth Circuit has explained, a notice of appeal is not an "absolute" bar of consideration of new circumstances because it is "based on judicial prudence and is not absolute." *Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989). This motion focuses instead upon COVID's newer Omicron variant with the most recent CDC guidance in order to update Policy C-240 to present circumstances.

## II.     THE ORIGINAL KCBOE POLICY ON MASKING

The CDC recommendations have always been at the heart of this case. At the preliminary injunction hearing, "the Knox County Board of Education contend[ed] that Knox County Schools are 'practicing the CDC′s recommendations,' including 'three feet social distancing wherever

possible,' 'intense cleaning protocols,' 'hand sanitizer in every classroom,' and 'recommended and encouraged masks for all.'" *S.B. v. Lee*, 2021 U.S. Dist. LEXIS 182674, at *42-43 (E.D. Tenn. Sep. 24, 2021) (citing Knox Cty. Bd. of Educ.'s Resp. at 14).

However, this Court found that "[w]hile these accommodations do comply with some of the CDC's guidelines, they do not comply with *the* most important of the CDC's guidelines, which is mask-wearing, at least indoors." *Id.* at *43 (emphasis in original). Therefore, the Court ordered that the Knox County Board of Education must enforce the mask mandate it adopted in 2020-2021, a policy that *did* comply with the CDC recommendations. (Policy C-240). *Id.* at *84 (citing D.E. 36-2).

To refresh, Policy C-240 is the original Knox County Board of Education policy stating that "face coverings are essential in preventing/reducing the spread of COVID-19," and that all K-12 students, employees and visitors must wear them at school and when riding school-provided transportation. (D.E. 36-2, p. 1). When it adopted this policy, the Board considered the recommendations by the Centers for Disease Control and Prevention (CDC). (*Id*). This policy adequately protected the Plaintiffs at high risk—students with disabilities. Additionally, the first sentence of Policy C-240 says the Board will be mindful "of the *evolving need* for emergency measures to respond to the COVID-19 pandemic." *Id.*

## III.    THE CDC'S NEW GUIDANCE

On February 25, 2022, the CDC did provide updated information on the evolving pandemic. This included mitigation measures for managing COVID-19 and the Omicron variant, including masking. Specifically, the CDC used three county-level metrics—hospital admissions, percent of hospital beds, and new cases per 100,000 people the previous week—to create

3

"Community Levels."  These metrics are represented in the chart below.

| COVID-19 Community Levels – Use the Highest Level that Applies to Your Community | | | | |
|---|---|---|---|---|
| New COVID-19 Cases<br>Per 100,000 people in the past 7 days | Indicators | Low | Medium | High |
| Fewer than 200 | New COVID-19 admissions per 100,000 population (7-day total) | <10.0 | 10.0-19.9 | ≥20.0 |
| | Percent of staffed inpatient beds occupied by COVID-19 patients (7-day average) | <10.0% | 10.0-14.9% | ≥15.0% |
| 200 or more | New COVID-19 admissions per 100,000 population (7-day total) | NA | <10.0 | ≥10.0 |
| | Proportion of staffed inpatient beds occupied by COVID-19 patients (7-day average) | NA | <10.0% | ≥10.0% |

The CDC then presented mitigation recommendations depending on a County's Community Level.  A "Green" Community Level represents a low risk.  Masking by everyone is no longer a recommendation.  www.cdc.gov/coronavirus/2019-ncov/science/community-levels.html.  At this level, high risk individuals should talk to their own healthcare providers about oral antivirals, PrEP, and monoclonal antibodies.

A "Yellow" Community Level represents a medium risk.  Again, masking by everyone is no longer a recommendation.  *Id*.  At this level, high risk individuals should talk to their healthcare providers about whether *they* should wear a mask and take other precautions.

An "Orange" community level represents a high risk.  At this level, *everyone* should wear a well-fitting mask indoors in public regardless of vaccination status (including in K-12 schools).  *Id*.

The CDC chart is available at www.cdc.gov/coronavirus/2019-ncov/science/community-levels.html and it is summarized below:

## What Prevention Steps Should You Take Based on Your COVID-19 Community Level?

| Low | Medium | High |
|-----|--------|------|
| • Stay up to date with COVID-19 vaccines<br>• Get tested if you have symptoms | • If you are at high risk for severe illness, talk to your healthcare provider about whether you need to wear a mask and take other precautions<br>• Stay up to date with COVID-19 vaccines<br>• Get tested if you have symptoms | • Wear a mask indoors in public<br>• Stay up to date with COVID-19 vaccines<br>• Get tested if you have symptoms<br>• Additional precautions may be needed for people at high risk for severe illness |

People may choose to mask at any time. People with symptoms, a positive test, or exposure to someone with COVID-19 should wear a mask.

The CDC provides a live map displaying the colors of every county including Knox County. This map is updated weekly. *See id.* Therefore, this CDC guidance is useful for understanding when de-masking can occur as well as when it needs to *reoccur* if there are future waves of the virus.

Currently, many counties no longer need to mask indoors according to the CDC. However, as of today, Knox County is orange, for *high risk.* Accordingly, under Policy C-240 and the most current CDC guidance, masking remains appropriate today but these benchmarks are realistic to set a plan going forward.

Policy C-240 is now "part of the status quo." (D.E. 47, Memorandum Opinion, p. 12). While the Court does not perform "markups," (*Id.* at p. 11), Policy C-240 itself does allow for an "evolving need" to respond to the COVID-19 pandemic that is consistent with recommendations of the CDC and Tennessee Department of Health and Knox County Department of Health. All of these follow CDC.

Modifying the injunction to adopt the current CDC recommendations would be in keeping with the language of Policy C-240 itself. The CDC guidance, in turn, is *locally* based—it turns on

5

County hospital admissions, percent of hospital beds, and new cases per 100,000. *Ultimately*, as this Court advised, the issue is the "lives of children," along with considerations under the Constitution. (D.E. 34, TR., p. 26). The CDC update balances all of these while protecting the Plaintiffs from unscientific sentiments that simply do not provide reasonable accommodations.

## IV. PLAINTIFFS' MEDICAL TEAM SUPPORTS THE UPDATED GUIDANCE

As the "Buuck Memorandum" recently demonstrated, *all* of the medical evidence from Knox County's Health Department "*support[s] the arguments of the Plaintiffs*." (See D.E. 106-3, p.2). That is, "the CDC, the state, and the county still recommend masking." (*Id*. at fn 1).

Plaintiffs and the putative class seek to update the Court about the CDC's new guidance. Specifically, Dr. Katelyn Jetilina, an epidemiologist from University of Texas Health Center, has examined and explains the CDC metrics and their appropriateness for Knox County. (See **Exhibit A**, Jetelina Declaration).

Dr. Jetelina has been at the fore of COVID mitigation strategies—considering "off ramps" and "on ramps" during the pandemic. Her work has been credited by the Washington Post, https://www.washingtonpost.com/opinions/2022/02/07/what-omicron-covid-wave-taught-us/, and by Business Insider. https://www.businessinsider.com/where-and-when-should-people-actually-wear-masks-omicron-epidemiology-2022-2.

Additionally, Plaintiffs have consulted with the physicians from UT Le Bonheur, Dr. Jason Yaun, and Vanderbilt, Dr. Jennifer Ker, each of whom testified in the preliminary injunction. Like Dr. Jetelina, they have each voiced their support for the CDC's new guidance as it relates to this case. (See **Exhibits B, C**, Drs. Yaun and Ker Declarations).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully propose the injunction be modified to incorporate the current CDC Guidance as part of Policy C-240 in order to protect the Plaintiffs and provide standards going forward.

Respectfully submitted,

**GILBERT LAW, PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
Facsimile: 423.756.2233
justin@schoolandworklaw.com
**&**

**THE SALONUS FIRM, PLC**
/s Jessica F. Salonus
JESSICA F. SALONUS (28158)
139 Stonebridge Boulevard
Jackson, Tennessee 38305
Telephone: (731) 300-0970
Facsimile: 731.256.5711
jsalonus@salonusfirm.com

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I certify that this Motion was served upon all counsel of record for the Defendants, including David Sanders and Amanda Morse for KCBOE and Reid Smith for Governor Lee, through the Court's ECF filing system on February 28, 2022.

/s Jessica F. Salonus

7