# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| M.B., et al., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:21-CV-317 |
| GOVERNOR BILL LEE, et al. | ) ) ) |
| Defendant. | ) |

## MOTION TO HOLD PUBLIC MEETING IN MEDIATION

Comes Now Knox County Board of Education ("KCBOE"), by and through undersigned counsel, and respectfully Moves this Court to permit it to Hold a Public Meeting During Mediation, [Doc. 117] ("the Order") entered by this Honorable Court regarding Mediation.

The Order compels the Parties to participate in the Federal Mediation Program in an attempt to resolve the case. E.D. Tenn. L.R. 16.4(l) states that: "Unless otherwise excused by the Mediator in writing, all parties, or party representatives, and any required claims professionals (e.g., insurance adjusters) shall be present at the Mediation Conference with full authority to negotiate a settlement." Public bodies in Tennessee, including KCBOE, act through their votes. They only act collectively. "The Board, as a public body, acts through its official minutes." *Hubbard v. Claiborne Cty. Bd. of Educ.*, No. E2020-00517-COA-R3-CV, 2021 Tenn. App. LEXIS 413, at *19 (Ct. App. Oct. 13, 2021). The Tennessee Open Meetings Act requires that "All meetings of any governing body are declared to be public meetings open to the public at all times, except as provided by the Constitution of Tennessee." Tenn. Code Ann. 8-44-102. While there is a court-created exception available for governing bodies to consult with their attorneys in

1

executive session,[1] no such exception exists for the process of deliberating regarding the resolution of a lawsuit. "Our Open Meetings Law is perhaps one of the most comprehensive and extensive in the nation. There are no exceptions except those situations which may be in conflict with the constitution." *Lakeway Publishers v. Civil Serv. Bd.*, 1994 Tenn. App. LEXIS 364, *3, 1994 WL 315919. Thus, in order for KCBOE to attend the mediation with authority to settle, at least a quorum of the Board must be present at mediation, and be able to deliberate in order to determine whether to accept, reject, and/or provide counter-offers to any demands presented in mediation. When KCBOE meets, it must be in public pursuant to Tennessee law. KCBOE has determined that it will call a special meeting for the mediation, and will permit the public to attend its deliberation sessions.[2]

When such proposal was made to the mediator selected by the parties, former Knox County Chancellor Daryl Fansler, he, the Plaintiffs, and the attorneys representing Governor Lee expressed reservations that public discussion by KCBOE regarding the positions of other parties, or the holding of a public meeting in the context of a mediation pursuant to E.D. Tenn. L.R. 16.4, may violate the overarching rule of confidentiality contained within E.D. Tenn. L.R. 16.4(h). KCBOE proposes to resolve the issue of confidentiality of mediation as best it can as follows:

---

[1] "Conferences between a public body and its attorney concerning pending litigation have been held not to be subject to the provisions of the open Meetings Act. *See Smith County Educ. Ass'n v. Anderson,* 676 S.W.2d 328 (Tenn. 1984); *Cooper v. Williamson County Bd of Educ.,* 746 S.W.2d 176 (Tenn. 1987)." *Lakeway Publishers v. Civil Serv. Bd.*, 1994 Tenn. App. LEXIS 364, *4, 1994 WL 315919, n. 1.

[2] KCBOE reserves the right to meet with its attorneys in executive session during the course of this mediation in order to receive advice regarding the resolution of the litigation. KCBOE may also use an executive session to hear in confidence any communication from the mediator. However, KCBOE will not deliberate in any such session.

1. KCBOE recognizes the applicability of Fed. R. Evid. 408, and will comply with such rule inasmuch as applicable information is gathered in the course of mediation.
2. After consulting with attorneys for co-defendant Governor Lee, it appears that his attorneys intend to conduct a parallel mediation in which the offers and demands between Governor Lee and the Plaintiffs will not be reported to KCBOE.
3. KCBOE and Plaintiffs agree that offers [by Plaintiffs to KCBOE] and any counteroffers [to Plaintiffs from KCBOE] will be public. However, all other discussions inside Plaintiffs' mediation room will remain confidential.

However, beyond these guardrails, KCBOE acknowledges that if it conducts an open meeting during mediation as it believes it is obligated to do pursuant to the Tennessee Open Meetings Act (Tenn. Code Ann. §8-44-101, *et seq.*), information regarding the mediation, and especially the offers and counteroffers made between Plaintiffs and KCBOE, will necessarily be open to the public. To reconcile any potential conflicts between the rules, KCBOE seeks Court permission to conduct an open meeting within its conference room during the mediation. That would allow compliance with *both* E.D. Tenn. L.R. 16.4 and with Tennessee Open Meetings law.

KCBOE represents that neither Governor Lee nor Plaintiffs are joining in this Motion. Counsel for Plaintiffs have indicated that they do not oppose the motion, and counsel for Governor Lee have indicated that they take no position on this motion.

The parties are currently considering a mediation date of April 18, 2022, so an expedited ruling on this motion is requested.

Respectfully submitted,

s/David M. Sanders
David M. Sanders (BPR # 016885)
Amanda Lynn Morse (BPR # 032274)
Deputy Law Director
Suite 612, City-County Building
400 Main Street
Knoxville, TN 37902
(865) 215-2327

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was filed electronically on the date recorded by the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States Mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

s/David M. Sanders
David M. Sanders