IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IN THE MATTER OF S.B., A MINOR STUDENT, BY AND THROUGH HIS PARENTS, M.B. AND L.H.; | ) ) ) ) |
| M.S., A MINOR STUDENT, BY AND THROUGH HER PARENT, K.P.; | ) ) ) |
| T.W., A MINOR STUDENT, BY AND THROUGH HIS PARENTS, M.W. J.W., AND | ) ) ) ) |
| M.K. A MINOR STUDENT, BY AND THROUGH HER PARENT, S.K. | ) ) ) ) |
| PLAINTIFFS. | ) ) |
| vs. | ) ) No. 3:21–cv–00317–JRG–DCP |
| GOVERNOR BILL LEE, in his official capacity as GOVERNOR OF TENNESSEE, and KNOX COUNTY BOARD OF EDUCATION, | ) ) ) ) |
| DEFENDANTS. | ) |

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OR SUGGESTION OF POTENTIAL MOOTNESS

**COME THE PLAINTIFFS**, S.B., a minor student, and M.B. and L.H., the student's parents/guardians, for their minor son; M.S., a minor student, and K.P., the student's

1

parent/guardian, for her minor daughter; T.W., a minor student, and M.W. and J.W., the student's parent/guardian, for their minor son; and M.K. a minor student, and S.K, the student's parent/guardian, for her minor daughter, file this Memorandum in Support of Motion for Summary Judgment under Fed. R. Civ. P. 56, or Suggestion for Potential Mootness. They show:

## I. Introduction

Pursuant to Court order, all parties participated in a mediation on April 18, 2022 with former Chancellor, Daryl Fansler, as the mediator. (D.E. 130). The Plaintiffs and Knox County reached a settlement of all matters pending in both the District Court and the Sixth Circuit Court of Appeals as well as Knox County paying a portion of the Plaintiffs' attorneys' fees. (*Id.*)

The Plaintiffs and Governor Lee were unable to reach a settlement. Accordingly, they will represent the sole remaining parties before the Court. Unlike the Knox County Board of Education, Governor Lee has withdrawn his appeal of the preliminary injunction to the Sixth Circuit. (6th Cir. Case No. 21-5916, D.E. 29, 30-2, 31-3). Accordingly, this matter is back with the District Court at a stage where Executive Order has been preliminarily enjoined and the CDC is not currently recommending universal masking based on current transmission levels in Knox County.

## II. Facts

Executive Order 84 is no longer pending, having been enjoined by this Court. And as motions of Knox County Board of Education and Plaintiffs have indicated, universal masking is no longer a recommendation of the CDC based on the current transmission metrics in Knox County. Of course, Plaintiffs' disabilities remain unchanged. Accordingly, this motion is mostly legal in

2

nature. For reasons below, Plaintiffs move for summary judgment under Fed. R. Civ. P. 56 or, alternatively, for a finding of mootness upon the Governor making his intentions known.

### III. ARGUMENT

If Executive Order 84 *were* reissued when the CDC recommended universal masking in Knox County, then the Plaintiffs would face the same legal situation as before: the Executive Order would again interfere with their ADA-rights to seek a reasonable accommodation of universal masking with their local school districts in Knox County.

After all, it was the Executive Order that disrupted Knox County's ability to offer universal masking as an effective accommodation. "[T]he executive order foreclosed the Knox County Board of Education from adopting a mask mandate, the alleged reasonable accommodation that Plaintiffs request under the ADA." *S.B. v. Lee*, 2021 U.S. Dist. LEXIS 182674, at *26 (E.D. Tenn. Sep. 24, 2021); see also Transcript, D.E. 34, PAGEID#574-75.[1]

---

[1] "The Court: If the Governor's Order is not set aside, Knox County can never comply with its responsibility—Knox County Schools can never comply with its responsibilities under the ADA?

Ms. Morse: I do not believe that a mask mandate is required by the ADA.

The Court: Well, that's a different question. Let's assume that it is.

Ms. Morse: Correct.

The Court: Let's assume that there is a remedy under the ADA that may or may not include masking.

Ms. Morse: Certainly they could not offer an effective accommodation.

The Court: They could not offer the accommodation.

3

As mentioned, the Executive Order is no longer pending, but it could be reissued by the Governor at any point. To prevent that from happening, this case should be concluded by a summary judgment entering a permanent injunction. However, *if there is no possibility of its recurrence,* the litigation should be concluded through the mootness doctrine.

It is not "clear" Executive Order 84 will not be reissued. On September 24, 2021, this Court enjoined Executive Order 84. *S.B. v. Lee*, 2021 U.S. Dist. LEXIS 182674 (E.D. Tenn. Sep. 24, 2021). Thereafter, on November 12, 2021, Governor Lee used Executive Order No. 92 to "address mask requirements in schools" by stating that the Covid legislation of November 2021 "negate[d] the need for Executive Order No. 84, as amended by Executive Order Nos. 89 and 91." (*available at* https://publications. tnsosfiles.com/pub/execorders/exec-orders-lee92.pdf). And later still, October 22, 2021, in another case brought by these Plaintiffs, the Middle District, Judge Crenshaw, enjoined the Covid legislation as *also* interfering with the ADA. *R.K. v. Lee*, 2021 U.S. Dist. LEXIS 204078 (M.D. Tenn. Oct. 22, 2021). That case is now on appeal with the Sixth Circuit.

The key question about reissuing Executive Order 84 is whether it is "capable of repetition, yet evading review." *See* e.g., *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S.Ct. 63, 68 (2020); *Barry v. Lyon*, 834 F.3d 706, 715 (6th Cir. 2016). "Recurrence of the issue need not be more probable than not; instead, the controversy must be capable of repetition." *Barry*, (citing *Honig v.*

---

Ms. Morse: Yes, your Honor; and for the Knox County School Board this isn't a particular decision about a vote, . . . . and even if the Board could have voted, it's not ripe because there's no way to do an effective mask mandate if there's opt out."

(Transcript, D.E. 34, PAGEID#574-75).

*Doe*, 484 U.S. 305, 319 n.6, (1988)). On the one hand, the Governor has not reissued Executive Order 84. But on the other, the Governor said this was simply due to passage of the Covid legislation, which has since been declared unconstitutional.

To determine mootness of an Executive Order during Covid, the Sixth Circuit recently relied on a statement from a governor as to his intentions of not reissuing the order. *Pleasant View Baptist Church v. Beshear*, 838 F. App'x 936 (6th Cir. 2020) is similar. In *Pleasant View Baptist Church*, a Governor's executive order prevented certain social gatherings. *Id.* at 937. That executive order "expired" and the Commonwealth of Kentucky "replaced it with a voluntary recommendation to avoid large social gatherings…." *Id.* at 938.

On the subject of mootness, the Sixth Circuit Court of Appeals found "nothing in the record suggests that it is 'absolutely clear' that the Governor will reinstate the order or will otherwise subject the plaintiffs to prosecution." *Id.* at 939.[2] However, the Kentucky Governor provided an answer by publicly avowing that he would *not* reinstate the executive order. *Id.* at 938 ("The Governor has stated publicly that he will not issue a new order to 'keep people from getting together.'"). This was enough to satisfy mootness.

Unlike *Pleasant View Baptist Church*, Governor Lee has not yet made his intentions known after the Covid legislation was stricken by the Middle District of Tennessee. In the past, the Governor *has* defended Executive Order 84 notwithstanding it being stricken in three successive

---

[2] The standard is whether it is absolutely clear the Governor *will not* reissue the Order, not whether it is absolutely clear that he *will* reissue the Order. *See Pleasantville*, 838 F. App'x at 938 (6th Cir. 2020) ("'absolutely clear' showing that the challenged action will not be reinstated or is not one 'capable of repetition yet evading review.'"). In any event, the Governor in *Pleasantville* said definitively that he would not.

5

judicial districts. And even after it was enjoined three times, Governor Lee signed the Covid legislation that interfered *even more* with the ADA and Section 504.

Confronting a similar question, Judge Lipman in the Western District addressed mootness and Executive Order 84. *G.S. et. al. v. Governor Lee*, No. 2:21-cv-02552 (W.D. Tenn.). In what appears to be a close-call analysis, Judge Lipman found the issue moot in the Shelby County case. (D.E. 127, PAGE ID#1761-74). To Judge Lipman, even without a statement from the Governor, the facts were sufficient to find "there is no expectation that [Governor Lee] would reinstate a similar Executive Order in the future." (*Id.* at PAGE ID#1763).

This case, *S.B.*, and *G.S.*, have much in common.[3] However, absent a statement from the Governor, the better course may be to enter summary judgment to ensure Executive 84 *cannot* be reissued, as opposing to *assuming* it will not be reissued. Judge Lipman observed that Governor Lee "could be inclined to renew his own Executive Order now [that it has been declared unconstitutional."]. *G.S.*, No. 2:21-cv-02552, D.E. 127, p. 10, PAGE ID#1770. And the Governor's inaction *to date* does not foreclose a renewing of Executive Order 84 once this case is dismissed if the pandemic spikes and universal masking becomes recommended by the CDC for Knox County schools again.

---

[3] First, both Courts enjoined Executive Order 84. Second, the COVID-Act was subsequently passed, with the Governor stating this "negates the need for" his Executive Order. Third, the state law was declared unconstitutional in *R.K. ex. rel. J.K. v. Lee*, 2021 WL 5860924 (M.D. Tenn. Dec. 10, 2021). Fourth, a "state of emergency," a prerequisite to masking under the COVID-Act, expired on November 19, 2021, and has not been renewed since. (D.E. 121, pp. 5-6). Fifth, the threat of COVID-19 has decreased substantially since the injunction, even though a threat to Plaintiffs and the class remains. (*Id.* at 6).

6

Assuming the matter is not moot, the Court should enter a permanent injunction for the same legal reasons of the preliminary injunction, that it would interfere with the Plaintiffs' rights to seek and obtain universal masking as a reasonable accommodation under the ADA. *S.B. v. Lee*, 2021 U.S. Dist. LEXIS 182674, at *26 (E.D. Tenn. Sep. 24, 2021).

Regardless of whether this case is concluded through summary judgment or mootness, the matter of attorneys' fees against Governor Lee remains pending, though Plaintiffs must supplement to include time since their motion.[4] While the Knox County Board of Education has settled at the mediation, Governor Lee has not. And notably, after finding mootness, Judge Lipman found Plaintiffs remained the prevailing party under the ADA in the Shelby County case. (*G.S. v. Lee*, No. 2:21-cv-02552, D.E. 131, PAGE ID#1800-01)[5]

---

[4]  A successful preliminary injunction may afford the Plaintiffs their reasonable attorneys' fees regardless of mootness. *E.g., Thomas v. Haslam*, 2021 U.S. App. LEXIS 25897, *5 (6th Cir. Aug. 25, 2021) (legislative action "does not change the fact that the Plaintiffs prevailed at the district court."); *Miller v. Caudill*, 936 F.3d 442, 449 (6th Cir. 2019) (with the injunction in hand, "plaintiffs could obtain marriage licenses," and were entitled to fees notwithstanding subsequent change in the law); *Green Party of Tennessee v. Hargett*, 767 F.3d 533, 553 (6th Cir. 2014) ("The plaintiffs have *not* been stripped of their prevailing party status by the legislature's decision to amend the relevant statutes two months after the district court issued its order but before the defendants' appeal was heard.") *Id.* at 553.

[5]  "Now, the COVID-19 pandemic is in a different place (albeit with the full opportunity to reenergize in virulence and breadth), school-age children are, in large part, able to be vaccinated, and this case is now moot. Yet Plaintiffs already obtained access to in-person school at the time that their health was particularly threatened by the Governor's Executive Order. That relief cannot be revoked. In fact, it is unclear whether the same accommodation would be necessary now, given the change in circumstances—but whether further relief would be granted is immaterial here, because Plaintiffs sought and obtained an end to the Governor's opt-out provision when it threatened the health of their vulnerable children in access in-person education. . . . Subsequent legislative or executive action therefore does not strip Plaintiffs of their prevailing party status." (D.E. 131, PAGE ID#1803-04).

## IV. CONCLUSION

Based on the foregoing, Plaintiffs seek entry of summary judgment permanently enjoining Executive Order 84. Should Governor Lee respond by suggestion that he will not reissue Executive Order 84, then Plaintiffs would also concur with a conclusion of this case through the mootness doctrine.

Respectfully submitted,

**GILBERT LAW, PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
justin@schoolandworklaw.com
&

**THE SALONUS FIRM, PLC**
/s Jessica F. Salonus
JESSICA F. SALONUS (28158)
139 Stonebridge Boulevard
Jackson, Tennessee 38305
Telephone: (731) 300-0970
Facsimile: 731.256.5711
jsalonus@salonusfirm.com

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I certify that this Memorandum was served upon counsel of record for the Defendants, David Sanders for KCBOE and Reed Smith and Marty McCampbell for Governor Lee, through the Court's ECF filing system on April 26, 2022.

/s Justin S. Gilbert