# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| IN THE MATTER OF S.B., A MINOR STUDENT, BY AND THROUGH HIS PARENTS, M.B. AND L.H.; | ) ) ) ) |
| M.S., A MINOR STUDENT, BY AND THROUGH HER PARENT, K.P. | ) ) ) |
| T.W., A MINOR STUDENT, BY AND THROUGH HIS PARENTS, M.W. AND J.W. | ) ) ) |
| And | ) ) |
| M.K., A MINOR STUDENT, BY AND THROUGH HER PARENT, S.K | ) ) ) |
| Plaintiffs, | ) ) No. 3:21-cv-00317-JRG-DCP |
| v. | ) ) |
| GOVERNOR BILL LEE, in his official Capacity as GOVERNOR OF TENNESSEE And KNOX COUNTY BOARD OF EDUCATION | ) ) ) ) ) |
| Defendants, | ) ) |
| And | ) ) |
| M.M, A STUDENT WHO HAS REACHED THE AGE OF MAJORITY, and E.M. and D.M., MINOR STUDENTS, BY AND THROUGH THEIR PARENT, P.M. | ) ) ) ) ) |
| Intervenors-Defendants. | ) |

## MEMORANDUM IN SUPPORT OF INTERVENOR-DEFENDANTS' MOTION TO ALTER OR AMEND

# INTRODUCTION

This case continues to have substantive issues outside of attorney's fees determinations. Plaintiffs seek a permanent injunction against the Governor of the State of Tennessee from acting to protect the civil liberties of his citizens. As people that would be subject to the impact of an injunction against the Governor issuing Executive Order 84 or one like it in the future, Intervenors continue to have a substantial interest in this case.

In any event, regardless whether Plaintiffs continue to introduce substantive issues into this litigation post-KCBOE settlement, Intervenors can continue to litigate the claims of a case after original parties are dismissed. Intervenors intend to litigate the fundamental issues in this case, which include whether the ADA and §504 of the Rehabilitation Act of 1973 can provide the remedy of community masking over Fourth, 13th, and 14th Amendment rights, as well as statutory and regulatory hurdles, and even if these roadblocks can be overcome, whether universal masking is an effective remedy. Although some purported authorities may say that community masking is effective to protect the spread of airborne respiratory viruses, the science and real-world data declare that universal or community masking is not effective, and thus it is not a reasonable accommodation.

# ARGUMENT

Plaintiffs continue to seek relief based upon their claims under the ADA and §504 of the Rehabilitation Act of 1973. They state in their memorandum in support of summary judgment, Document 132-1, "[i]f Executive Order 84 were reissued when the CDC recommended [sic] universal masking in Knox County, then the Plaintiffs would face the same legal situation as before: the Executive Order would again interfere with their ADA-rights to seek a reasonable accommodation of universal masking with their local school districts in Knox County."

Although Plaintiffs settled with KCBOE, they have not departed within this litigation from their premise that universal masking is a reasonable accommodation commanded by the ADA and §504 of the Rehabilitation Act of 1973. Intervenors oppose this premise for a multitude of reasons. Intervenors' motion is not moot, and their intended defense against Plaintiffs' claims should be allowed to move forward, pursuant to case law precedent.

## I. THE RULES OF PROCEDURE PROVIDE FOR INTERVENORS CONTINUATION OF THIS LITIGATION WITH PLAINTIFFS

The dismissal of KCBOE did not terminate this case. Plaintiffs took pains to note in their joint motion with KCBOE to dismiss KCBOE [Doc. 131] that Fed. R. Civ. P. 21 provides for the dismissal of a party, without dismissing the case. This court granted the dismissal motion under Rule 21. This case is still active.

The dismissal of KCBOE did not make the claims of Plaintiffs moot, nor did it make Intervenors' defenses moot. This case is not a state declaratory judgment action where Article III standards did not have to be met, and then the defendants stopped the offending action thus making the case moot. Plaintiffs claim they suffered an injury in fact, traceable to the conduct of Defendants, which would be remedied by a favorable decision. Plaintiffs continue to seek a favorable decision from this court against one of the defendants. Plaintiffs did not nonsuit this case. Intervenors oppose Plaintiffs claims.

Sometimes intervention can occur even after a final judgment. <u>United Airlines, Inc. v. McDonald</u>, 432 U.S. 385, 394 (1977). Consequently there is nothing inherently provided by the dismissal of a defendant that prohibits intervention or otherwise makes an intervenor's claim moot. Indeed, the black letter law tells us that an intervenor can carry the baton of an original

party who is no longer a part of the lawsuit.  See, Horn v. Eltra Corp., 686 F.2d 439, 441 (6th Cir. 1982).

Plaintiffs discuss in their motion for summary judgment the futility of having this case terminated without certainty as to whether a certain aspect of relief, a permanent injunction on Executive Order 84, is ascertained.  What is implied by Plaintiffs' argument is that they will be filing another lawsuit if the CDC recommends universal masking in Knox County due to certain metrics and the KCBOE does not adopt the community masking policy.  Therefore Plaintiffs seek a permanent injunction to prevent the Tennessee Governor from intervening on behalf of Tennessee citizens to protect their civil liberties.  Similarly, denial of intervention would be futile, only to have effectively this same case resurrect with Intervenors ready and willing to intervene into a new lawsuit, the next time that the CDC recommends that Knoxville should be subject to universal masking based upon its metrics.  Nothing in the settlement requires KCBOE to adopt in the future a community masking policy for children, teachers, and staff.

This potential futility is actually considered a good reason to allow an intervenor to litigate after dismissal of an original party.  The appellate court in Fuller v. Volk states, "[b]y allowing the suit to continue with respect to the intervening party, the court can avoid the senseless 'delay and expense of a new suit, which at long last will merely bring the parties to the point where they now are.'"  351 F.2d 323, 329 (3rd Cir. 1965) quoting Hackner v. Guaranty Trust Co., 117 F.2d 95, 98 (2d Cir. 1941).  Right now, this Court has before it parties who claim that the ADA and §504 provide for certain reasonable accommodations in response to respiratory viruses and Intervenors' denial of those claims.

## II. PLAINTIFFS CONTINUE TO SEEK SUBSTANTIVE RELIEF OPPOSED BY INTERVENORS

Intervenors oppose the constraining, by permanent injunction, of Governor Bill Lee or any subsequent Tennessee Governor, from executing his or her duty under the Tennessee Constitution and United States Constitution to ensure the protection of Tennessee citizens' civil liberties. Even if this court acted against the policy that Rule 24 should be "broadly construed in favor of potential intervenors," by denying intervention for the purpose of continuing this case until a final hearing on the full merits of plaintiffs' claims, still there remains an extant issue raised by Plaintiffs' that to a large degree touches upon the full merits of Plaintiffs' claims. Stupak-Thrall v. Glickman, 226 F.3d 467, 472 (6th Cir. 2000). Plaintiffs moved this court to grant a permanent injunction against Executive Order 84, on the same basis that they received a preliminary injunction.

But, Intervenors had no opportunity to be involved in that initial phase of this litigation. Intervenors seek the safe harbor provided by Executive Order 84, in the event that the KCBOE would implement a new community masking policy. Intervenors are third parties who would be affected by the elimination of this safe harbor, by an attendant inability to opt out from a community masking policy. Intervenors properly raised their opposition to Plaintiff's' sought-after relief and they may continue to litigate in defense of Plaintiffs' claims that would impose an obligation or duty upon them. See, Local No. 93, Intern. Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland, 478 U.S. 501, 529 (1986).

If Governor Lee declines to indicate whether he will reissue an Executive Order 84 or he does indicate that he will certainly reissue Executive Order 84, then Intervenors should have the

opportunity to argue defenses not made in the preliminary injunction hearing before their own rights are implicated, defenses which the State of Tennessee may not have been able to make as discussed in Intervenors' memorandum. If Governor Lee definitively states he will not reissue Executive Order 84, then intervenors have a right to take up the mantle in his stead to argue why there should be no permanent injunction against a Tennessee Governor seeking to protect the civil liberties afforded to the citizens of his state.

## CONCLUSION

Intervenors' motion is not rendered moot, because substantive issues continue to exist in this case in which Intervenors have a substantial legal interest. This court should amend its Order [Doc 133] denying Intervenor's motion as moot, and restore their motion to the active docket, with the parties resuming the briefing schedule.

Respectfully submitted this 25th day of May, 2022.

                              *s/ W. Andrew Fox*
                              W. Andrew Fox, BPR No. 017356
                              Attorney for Proposed Intervenors
                              Gilbert & Fox Law Firm
                              625 S. Gay Street, Ste. 540
                              Knoxville, TN 37902
                              Telephone: (865) 525-8800
                              Facsimile: (865) 525-8200
                              andy@andrewfoxlaw.com

## **Certificate of Service**

I hereby certify that on the 25th day of May, 2022, I electronically filed the foregoing document with the Clerk of Court and that the foregoing document will be served via the CM/ECF system on all counsel of record.

                              *s/ W. Andrew Fox*
                              W. Andrew Fox

                              Attorney for Proposed Intervenors