| | |
|---|---|
| IN THE MATTER OF S.B., A MINOR STUDENT, BY AND THROUGH HIS PARENTS, M.B. AND L.H.; | ) ) ) ) |
| M.S., A MINOR STUDENT, BY AND THROUGH HER PARENT, K.P. | ) ) ) |
| T.W., A MINOR STUDENT, BY AND THROUGH HIS PARENTS, M.W. AND J.W. | ) ) ) |
| And | ) ) |
| M.K., A MINOR STUDENT, BY AND THROUGH HER PARENT, S.K | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:21-cv-00317-JRG-DCP ) ) |
| GOVERNOR BILL LEE, in his official Capacity as GOVERNOR OF TENNESSEE And KNOX COUNTY BOARD OF EDUCATION | ) ) ) ) ) |
| Defendants, | ) ) |
| And | ) ) |
| M.M, A STUDENT WHO HAS REACHED THE AGE OF MAJORITY, and E.M. and D.M., MINOR STUDENTS, BY AND THROUGH THEIR PARENT, P.M. | ) ) ) ) ) |
| Intervenors-Defendants. | ) |

**INTERVENOR-DEFENDANTS' ANSWER TO PLAINTIFFS'**
**FIRST AMENDED VERIFIED COMPLAINT**

Intervenor-Defendants, hereby respond to Plaintiffs' First Amended Verified Complaint

(ECF 7) ("Complaint") and assert their defenses as follows:

Page **1** of **22**

<u>GENERAL DEFENSES</u>

1. Plaintiffs' First Amended Verified Complaint for Declaratory and Injunctive Relief should be dismissed for failure to state a claim upon which relief can be granted.

2. Intervenor-Defendants adopt the defenses raised by Gov. Lee that Plaintiffs' claims necessarily arise under the Individuals with Disabilities Education Act ("IDEA"), and because Plaintiffs have not pursued administrative remedies, their claims are not ripe and not justiciable.

3. Intervenor-Defendants adopt the defenses raised by the KCBOE regarding Plaintiff's' lack of standing.

4. Plaintiffs are not entitled to recover any damages against Intervenor-Defendants', nor are they entitled to any attorney's fees, expert fees, or other costs in this action pursuant to the Innocent Intervenor doctrine.

5. Plaintiffs repeatedly cite to various CDC pronouncements, media webpages, and other third party assertions, to which Intervenor-Defendants' object as hearsay. These citations should be stricken from the pleading to the extent that the Court would consider them for any purpose other a representation pursuant to Rule 11 that Plaintiffs' counsel has a basis for making an allegation.

In answer to the numbered allegations of the Complaint, Intervenor-Defendants' respond as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 1 of the complaint.

2. Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 2 of the complaint.

3. Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 3 of the complaint.

4. Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 4 of the complaint.

5. Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 5 of the complaint.

6. Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 6 of the complaint.

7. Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 7 of the complaint.

8. Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 8 of the complaint.

9. Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 9 of the complaint.

10. Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 10 of the complaint.

11. Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 11 of the complaint.

12. Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 12 of the complaint.

Case 3:21-cv-00317-JRG-DCP   Document 143   Filed 06/02/22   Page 3 of 22   PageID #: 2127

13.     Upon information and belief, Intervenor-Defendants admit the allegations of Paragraph 13 of the complaint.

14.     Intervenor-Defendants admit the allegations of Paragraph 14 of the complaint.

15.     Intervenor-Defendants' admit the allegation in Paragraph 15 of the Complaint regarding public entities, but have insufficient information to either admit or deny the State of Tennessee's or Office of Governor's status as recipients of federal financial assistance as defined by the Rehabilitation Act.

16.     Intervenor-Defendants admit the allegations of Paragraph 16 of the complaint regarding public entity, but have insufficient information to either admit or deny the KCBOE receiving Federal financial assistance as defined by the Rehabilitation Act.

17.     Intervenor-Defendants admit the allegations of Paragraph 17 of the complaint regarding jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §§2201-2202, but deny jurisdiction pursuant to 28 U.S.C. §1343 (a)(3).

18.     Intervenor-Defendants admit the allegations of Paragraph 18 of Plaintiffs' complaint.

## II. Facts

19.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 19 of Plaintiffs' complaint.

20.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 20 of Plaintiffs' complaint.

21.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 21 of Plaintiffs' complaint.

22.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 22 of Plaintiffs' complaint.

23.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 23 of Plaintiffs' complaint.

24.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 24 of Plaintiffs' complaint.

25.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 25 of Plaintiffs' complaint.

26.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 26 of Plaintiffs' complaint.

27.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 27 of Plaintiffs' complaint.

28.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 28 of Plaintiffs' complaint.

29.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 26 of Plaintiffs' complaint, and in any event aver that the CDC's pronouncement does not substitute as expert opinion for the issue of Covid-19 or any disease, nor is a CDC pronouncement considered a public record, and therefore is irrelevant.

30.     Intervenor-Defendants deny the allegations of paragraph 30 of the complaint.

31.     Intervenor-Defendants deny the allegations of paragraph 31 of the complaint as stated.[1]

---

[1] The document cited by Plaintiffs is now located at https://stacks.cdc.gov/view/cdc/105949. Plaintiffs misstate

32.     Intervenor-Defendants deny the allegations of paragraph 32 of the complaint as stated.

33.     Intervenor-Defendants deny the allegations of paragraph 32 of the complaint regarding the claim of transmission by asymptomatic or pre-symptomatic persons infected with Covid-19, but have insufficient information to either admit or deny the allegations regarding how these persons may feel.

34.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 34 of Plaintiffs' complaint.

35.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 35 of Plaintiffs' complaint.

36.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 36 of Plaintiffs' complaint.

37.     Intervenor-Defendants deny the allegations of paragraph 37 of the complaint regarding the claims that community masking and social distancing can "seriously mitigate" any level of risk for Covid-19, but have insufficient information to either admit or deny the remaining allegations of this paragraph.

38.     Intervenor-Defendants deny the allegations of paragraph 38 of the complaint.

39.     Intervenor-Defendants deny the allegations of paragraph 39 of the complaint regarding the claim that community masking protects others, but has insufficient information to either admit or deny the allegations regarding medically fragile or compromised children. Intervenor-Defendants' aver that allegations regarding the anecdotal experience of a nonparty residing in another county is irrelevant to this case and should be stricken from these pleadings.

40.     Intervenor-Defendants deny the allegations of paragraph 40 regarding community masking being a reasonable modification and protective of selves and others.  Intervenor-Defendants' have insufficient information to either admit or deny whether Gov. Lee made said as the cited page is no longer available, but in any event aver that if he made the statement, it is not dispositive, it is not the statement of an expert for consideration by the court, it is not a legislative finding, and the statement has no evidentiary value other than to serve as an admission he made personally, which could impeach any statements made by Gov. Lee to the contrary if he were an expert.

41.     Intervenor-Defendants deny the allegations of paragraph 41 of the complaint.

42.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 42 of Plaintiffs' complaint, but in any event the recommendations, actions, or pronouncements of third parties do not make an unsupported hypothesis more or less likely to be true.

43.     Intervenor-Defendants admit the allegations of paragraph 43 regarding the issuance of Opinion No. 20-14 by the Tennessee Attorney General, and upon information and belief admit that the paragraph accurately reflects language from the opinion, but in any event aver that Gov. Lee's executive orders are not dispositive, are not the statement of an expert for consideration by the court, are not legislative findings, and have no evidentiary value except to be used against the State of Tennessee if it makes claims to the contrary.

44.     Intervenor-Defendants deny the substantive allegations made about Covid-19 in paragraph 44 of the complaint, purportedly emanating from the Tennessee Attorney General, but in any event aver that the Tennessee Attorney General's statements in Opinion No. 20-14 are not

dispositive, are not the statement of an expert for consideration by the court, are not legislative findings, and have no evidentiary value.

45.     Intervenor-Defendants' deny the substantive allegations made about Covid-19 in paragraph 45 of the complaint, purportedly emanating from the Tennessee Attorney General. Furthermore, Intervenor-Defendants' deny the legal reasoning of the Tennessee Attorney General and the comparison to seat belts and motorcycle helmets.  In Opinion No. 20-14, the Tennessee Attorney General relied heavily upon Jacobson v. Massachusetts as reasoning to defend emergency Executive Orders.  197 U.S. 11 (1905).  Jacobson has been implicitly overruled by the many cases dealing with bodily integrity under the 14th amendment. Additionally, Jacobson only spoke to the extent to which the United States Constitution and its Bill of Rights, as understood in 1905, placed limitations on the state and local governments' power to engage in state disease control efforts.  State and local governments, such as Tennessee, erred by construing Jacobson as authority to overlook their own state's constitutional limitations on the police power to engage in disease prevention and mitigation measures.

46.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 46 of the complaint.

47.     Intervenor-Defendants admit the allegations of paragraph 47 regarding Governor Lee's issuance of Executive Order No. 84, but have insufficient information to either admit or deny the remaining allegations of paragraph No. 47 of the complaint.

48.     Intervenor-Defendants' admit that the allegations of paragraph 48 regarding Governor Lee's declaration of a state of emergency, issuance of Executive Order 38, and issuance of Executive Order 84, but have insufficient information to either admit or deny the remaining allegations of this paragraph.

49.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 49 of the complaint.

50.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 50 of the complaint.

51.     Intervenor-Defendants deny the allegations of paragraph No. 51 of the complaint.

52.     Intervenor-Defendants admit the allegation of paragraph No. 52 that masks would be harmful physically, socially, and emotionally, but have insufficient information to either admit or deny the remaining allegations of paragraph No. 52 of the complaint.

53.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of paragraph No. 53 of the complaint.

54.     Intervenor-Defendants deny the allegations of paragraph 54 of the complaint.

55.     Intervenor-Defendants deny the allegations of paragraph 55 of the complaint.

56.     Intervenor-Defendants deny the allegations of paragraph 56 of the complaint.

57.     Intervenor-Defendants deny the allegations of paragraph 57 of the complaint that they are entitled to establish a class for certification pursuant to Fed. R. Civ. P. 23.

58.     Intervenor-Defendants deny the allegations of paragraph 58 of the complaint that they are entitled to establish a class for certification pursuant to Fed. R. Civ. P. 23.

59.     Intervenor-Defendants deny the allegations of paragraph 59 of the complaint.

60.     Intervenor-Defendants deny the allegations of paragraph 60 of the complaint.

61.     Intervenor-Defendants deny the allegations of paragraph 61 of the complaint.

62.     Intervenor-Defendants have insufficient information to either admit or deny the allegations of paragraph No. 62 of the complaint.

63.     Intervenor-Defendants admit that Plaintiffs seek declaratory and injunctive relief as alleged in paragraph No. 63 of the complaint.  Intervenor-Defendants have insufficient information to either admit or deny the remaining allegations of paragraph No. 63 of the complaint.

64.     Regarding paragraph 64 of the complaint, Intervenor-Defendants' adopt herein by reference all of their previous responses to the previous allegations.

65.     Intervenor-Defendants admit the allegations of paragraph No. 65 of the complaint, but deny that the KCBOE has violated any provision of 29 U.S.C. §794 (a) by forbearing from mandating the wearing of a mask while attending or working in a public school.

66.     Intervenor-Defendants admit that paragraph No. 66 accurately quotes the law, but deny that the KCBOE has violated any provision of 42 U.S.C. §12132 by forbearing from mandating the wearing of a mask while attending or working in a public school.

67.     Intervenor-Defendants admit that paragraph No. 67 accurately quotes the law, but deny that the KCBOE has violated any regulations or judicial interpretations of the ADA or section 504 of the Rehabilitation Act by forbearing from mandating the wearing of a mask while attending or working in a public school.

68.     Intervenor-Defendants deny the allegations of paragraph No. 68 of the complaint to the extent that Plaintiffs claim that the forbearance by the State of Tennessee and/or the KCBOE from mandating the wearing of a mask while attending or working in public school creates a violation of the statutes or regulations of the ADA.  Intervenor-Defendants have insufficient information to either admit or deny any remaining allegations of paragraph No. 68 of the complaint.

69.     Intervenor-Defendants' admit that paragraph No. 69 accurately states federal law.

70.     (Mislabeled as paragraph 42).  Regarding paragraph 70 of the complaint, Intervenor-Defendants' adopt herein by reference all of their previous responses to the previous allegations.

71.     (Mislabeled as paragraph 43).  Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 71 of the complaint.

72.     (Mislabeled as paragraph 44).  Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 72 of the complaint.

73.     (Mislabeled as paragraph 45).  Intervenor-Defendants have insufficient information to either admit or deny the allegations of Paragraph No. 73 of the complaint, except to the extent that Plaintiffs claim that community masking is needed to attend school safely, which Intervenor-Defendants' deny.

74.     (Mislabeled as paragraph 46).  Intervenor-Defendants deny the allegations of paragraph No. 74 of the complaint to the extent that Plaintiffs claim that the forbearance by the State of Tennessee and/or the KCBOE from mandating the wearing of a mask while attending or working in public school creates a violation of the statutes or regulations of the Section 504 the Rehabilitation Act.  Intervenor-Defendants have insufficient information to either admit or deny any remaining allegations of paragraph No. 74 of the complaint.

75.     (Mislabeled as paragraph 47).  Intervenor-Defendants deny that Plaintiffs are entitled to the relief requested in paragraph No. 75 of the complaint.

76.     (Mislabeled as paragraph 48).  Intervenor-Defendants deny that Plaintiffs are entitled to the relief requested in paragraph No. 76 of the complaint.

77.     (Mislabeled as paragraph 49).  Intervenor-Defendants deny that Plaintiffs are entitled to the relief requested in paragraph No. 77 of the complaint.

78.     (Mislabeled as paragraph 50).  Intervenor-Defendants deny that Plaintiffs are entitled to the relief requested in paragraph No. 78 of the complaint.

79.     (Mislabeled as paragraph 51).  Intervenor-Defendants deny that Plaintiffs are entitled to the relief requested in paragraph No. 79 of the complaint.

80.     Any allegations not heretofore admitted, denied, or otherwise addressed are hereby generally denied.

WHEREFORE, having fully answered Plaintiff's' complaint, Intervenor-Defendants' prays court would dismiss this Case with prejudice, grant attorney's fees to Intervenor-Defendants, and tax costs to Plaintiffs.  A jury trial has already been demanded.

## COUNTERCLAIM

Now come the Intervenor Defendants, who take the position of Intervenor Counter-claimants pursuant to Fed.R.Civ.P. 13, and show unto the court as follows:

### I.  PARTIES

1.     Counter-Claimants are Knoxville residents, residing with their parents.  In compliance with FRCP 5.2(a)(3), this document will refer to the minor children by their initials. In addition, because MM is related to the other Counter-Claimants, Counter-Claimants will refer to him by initials as well.

2.     MM is 18 years old and attended Hardin Valley Academy in Knox County Tennessee.

3.     MM graduated from high school in May 2022.

4.     MM opposed the face covering mandate imposed by this court during the 2021-2022 academic year.

5.      EM is 15 years old and attended Hardin Valley Academy in Knox County Tennessee during the 2021-2022 academic year.  She was in the Freshman class.

6.      EM opposed the face covering mandate imposed by this court during the 2021-2022 academic year.

7.      DM is 9 years old and attended Hardin Valley Elementary in Knox County Tennessee until October 15, 2021, when he enrolled in home schooling.

8.      DM opposed the face covering mandate imposed by this court during the 2021-2022 academic year.

9.      None of these three Counterclaimants have any known disability as defined under Title II of the Americans with Disabilities Act (42 USC 12131 et seq.) or §504 of the Rehabilitation Act, (29 USC §794).

10.     Counter-Defendant S.B. claims to have a disability as defined under Title II of the Americans with Disabilities Act (42 USC 12131 et seq.) and §504 of the Rehabilitation Act, (29 USC §794).  S.B. resides with his parents M.B. and L.H. Knoxville Tennessee. S.B. is zoned to attend public school Knox County Cedar Bluff Elementary.

11.     Counter-Defendant M.S. claims to have a disability as defined under Title II of the Americans with Disabilities Act (42 USC 12131 et seq.) and §504 of the Rehabilitation Act, (29 USC §794).  M.S. resides with her parent K.P. in Knoxville Tennessee.  M.S. is zoned to attend public schools in Knox County at West Valley middle school.

12.      Counter-Defendant T.W. claims to have a disability as defined under Title II of the Americans with Disabilities Act (42 USC 12131 et seq.) and §504 of the Rehabilitation Act, (29 USC §794).  T.W. resides with his parents J.W. and M. W. in Knoxville Tennessee.  T.W. is

zoned to attend public school Knox County at Shannondale Elementary, although she attends at Beaumont Magnet Academy.

13.    Counter-defendant M.K. claims to have a disability as defined under Title II of the Americans with Disabilities Act (42 USC 12131 et seq.) and §504 of the Rehabilitation Act, (29 USC §794).  M.K. resides with her parent, S.K. in Knoxville Tennessee.  M.K. is zoned to attend public school Knox County in Farragut middle school.

## II. FACTS

14.    Knox County Board of Education ("KCBOE") sets the policy for all public schools in Knox County, Tennessee, and operates and oversees the administration of all public schools in Knox County, Tennessee.

15.    In August 2020, the KCBOE implemented a "Face Coverings" mandate, commonly described as a mask mandate, for academic year 2020-2021, Policy C-240.

16.    KCBOE implemented a sunset provision to the mask mandate expressed in Policy C-240, which occurred on May 26, 2021.

17.    Although the issue of a mask mandate was raised by the KCBOE on August 4, 2021, prior to the 2021-2022 academic year, and again on September 1, 2022, KCBOE declined to renew the mask mandate.

18.    Counter-Defendants filed suit against KCBOE on September 2, 2021 in relation to KCBOE's forbearance from implementing a mask mandate.

19.    The gravamen of Counter-Defendants' lawsuit are claims under Title II of the Americans with Disabilities Act (42 USC 12131 et seq.) and §504 of the Rehabilitation Act, (29 USC §794)("disabilities laws").

20.     Counter-Defendants claim that they are considered disabled under disabilities laws, and are entitled to the relief afforded under these laws.

21.     Counter-Defendants claim that they are more vulnerable to Covid-19 respiratory virus then children who are not considered disabled under disabilities laws.

22.     Counter-Defendants claim in their lawsuit that disabilities laws require the forced community masking of other children attending school with them, as a reasonable accommodation to allow Counter-Defendants' to partake in the services of public education with a reduced threat of sickness from Covid-19.

23.     As a preliminary injunction, on September 24, 2021 this court ordered a reimplementation of the KCBOE mask mandate from academic year 2020-2021, and this court enjoined the KCBOE from enforcing its policy of refraining from implementing the mask mandate of academic year 2020-2021.

24.     None of the children who actually were required to engage in community masking were included as parties in this case at the time the mask mandate was imposed.

25.     The forced community masking of children in Knox County schools lasted until March 14, 2022.

26.     No randomized controlled trials have been conducted investigating the efficacy of community mask requirements in schools with respect to protection from transmission of Covid-19 between children, there are only observational studies.

27.     There are numerous observational studies performed in the United States and internationally finding no significant effect of school mask mandates on pediatric cases, meaning that the community masking of children in school is not an effective nonpharmaceutical intervention to protect against Covid-19.

28.     There is no evidence to reasonable degree of scientific certainty that a facial covering can stop or inhibit the transmission from a person infected with Covid-19 virions.

29.     Community masking of children in school to limit or prevent the transmission of Covid-19 is not a reasonable accommodation under disabilities laws.

30.     Surgical masks are not approved by the FDA as source control against the transmission of Covid-19.

31.     Face masks or cloth face coverings are not approved as source control against the transmission of Covid-19 by the FDA.

32.     Face masks or cloth face coverings may only be used as source control against the transmission of Covid-19 based upon an April 24, 2020 Emergency Use Authorization issued by the FDA pursuant to 21 U.S.C. § 360bbb-3(b)(1).

33.     Face masks or cloth face coverings are considered a product by the Emergency Use Authorization statute found at 21 U.S.C. § 360bbb-3(a)(4)(C).

34.     Counter-Claimants had and continue to have a statutory right to refuse administration of face masks or cloth face coverings, because they are only available for use as source control under an Emergency Use Authorization.

35.     Wearing masks daily for significant periods of time at school from September 24, 2021 through March 14, 2022 had negative physical effects on Counter-Claimants, including but not limited to aches, acne, and a threat of fibrosis, due to inhalation of microscopic particles.

36.     Wearing masks daily for significant periods of time at school from September 24, 2021 through March 14, 2022 was a nuisance for Counter-Claimants.

37.     Wearing masks daily for significant periods of time at school from September 24, 2021 through March 14, 2022 had negative psychological effects on Counter-Claimants.

38.     Wearing masks daily for significant periods of time at school from September 24, 2021 through March 14, 2022 was exhausting for Counter-Claimants.

39.     Wearing masks daily for significant periods of time at school from September 24, 2021 through March 14, 2022 impacted Counter-Claimants ability to learn.

40.     Counter-Claimants were compelled against their will to wear masks daily at school for significant periods of time from September 24, 2021 to March 24, 2022.


## III. JURISDICTION, VENUE, STANDING, VIOLATIONS OF COUNTERCLAIMANTS' RIGHTS

41.     This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this court pursuant to 28 U.S.C. §§1331 and 1343(b)(3).

42.     Counterclaimants' claims for declaratory relief are authorized by 28 U.S.C. §2201 by Fed. R. Civ. P. 57, and by the general legal and equitable powers of this Court.

43.     Venue is proper under 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

44.     Counterclaimants have a Tennessee statutory and Tennessee constitutional right to a public education. Project Reflect, Inc. v. Metropolitan Nashville Board of Public Education, 947 F.Supp.2d 868, 879 (M.D. Tenn. 2013), citing, Heyne v. Metropolitan Nashville Board of Public Education, 380 S.W.3d 715, 731-32 (Tenn. 2012).

45.     Counterclaimants have a statutory right under 21 U.S.C. §360BBB-3(e)(1)(A) to reject the administration of a medical device authorized under an Emergency Use Authorization, to the extent that the administration is compelled by the mandate of any governmental body, be it executive, legislative, or judicial.

Case 3:21-cv-00317-JRG-DCP   Document 143   Filed 06/02/22   Page 17 of 22   PageID #: 2141

46. Counterclaimants have a constitutional right under the Fourth Amendment to the United States Constitution to be secure in their persons against unreasonable searches and seizures.

47. Counterclaimants have a constitutional right against involuntary servitude under the Thirteenth Amendment of the United States Constitution.

48. Counterclaimants have a constitutional right of bodily autonomy under the Fourteenth Amendment of the United States Constitution.

49. Counterclaimants' heretofore-listed rights were violated during academic year 2021-2022 beginning on September 24, 2021, when this court enjoined the enforcement of the KCBOE's vote against a mask mandate and ordered the KCBOE to reimplement KCBOE's mask mandate.

50. The KCBOE complied with this court's order.

51. From September 24, 2021 until March 14, 2022, Counterclaimants were subject to penalties if they refused to comply with policy C-240, which was forced upon KCBOE.

52. Counterclaimants were forced to either relinquish their right to a public education, or suffer imposition upon their statutory and constitutional rights.

53. The action taken by this court is fairly traceable to the Counter-Defendants seeking relief under disabilities laws; if Counter-Defendants had never filed this lawsuit, this court would have never had the opportunity to issue its mask mandate for Knox County schools.

54. Counter-Defendants' have adverse interests to Counter-Claimants, because Counter-Defendants' maintain that community masking is a reasonable accommodation under disabilities laws, and Counter-Claimants oppose these claims on legal and factual grounds.

55.     The remedy sought by Counter-Defendants and forced upon Counter-Claimants, community masking, was achieved through coercion, physical force, or a show of authority by KCBOE, which was acting under compulsion from this court's order.

56.     For example, Counter-Claimants were physically forced to stay segregated from their classmates for a period of time after imposition of the community masking mandate, because they refused to wear a mask.

57.     Additionally, KCBOE policy C-240 contains penalties for failure to comply with community masking.

58.     The remedy sought by Counter-Defendants and forced upon Counter-Claimants, community masking, restrained Counter-Claimants' liberty to breathe unhindered by a mask.

59.     The remedy sought by Counter-Defendants and forced upon Counter-Claimants, community masking, was not reasonable given the minuscule chance of death or serious sickness from Covid-19 for children.

60.     The remedy sought by Counter-Defendants and forced upon Counter-Claimants, community masking, was not reasonable given the dearth of evidence that the Counter-Defendants' were actually more vulnerable to death or serious sickness from Covid-19.

61.     The remedy sought by Counter-Defendants and forced upon Counter-Claimants, community masking, was a violation of Counter-Claimants' Fourth Amendment rights against unreasonable seizure of their persons.

62.     The remedy sought by Counter-Defendants and forced upon Counter-Claimants, community masking, was a violation of Counter-Claimants' Fourth Amendment rights against unreasonable seizure of their persons, even if community masking was effective as a nonpharmaceutical intervention, because government may not impair the most basic biological

function, respiration, on mere speculation of inference upon inference – e.g., a child might become infected with Covid-19 and that child might spread it even if they are asymptomatic, and that child might come into contact with a Counter-Defendant.

63. The remedy sought by Counter-Defendants and forced upon Counter-Claimants, community masking, required the wearing of a mask for over six hours per school day.

64. Wearing a mask for over six hours per school day is tantamount to performing labor, as the term is conceived under the 13th amendment.

65. The remedy sought by Counter-Defendants and forced upon Counter-Claimants, community masking, was involuntary servitude performed by Counter-Defendants' for the benefit of Counter-Claimants, and therefore a violation of Counter-Claimants' 13th Amendment rights against involuntary servitude.

66. Covid-19 does not rise to the level of a compelling governmental interest with respect to children, given their minuscule chance of death or serious illness.

67. The remedy sought by Counter-Defendants and forced upon Counter-Claimants, community masking, was not narrowly tailored, inter alia because it impacted tens of thousands of children who never came into contact with Counter-Claimants.

68. The remedy sought by Counter-Defendants and forced upon Counter-Claimants, community masking, violated Counter-Claimants' rights of bodily autonomy afforded under the 14th Amendment.

69. The remedy sought by Counter-Defendants and forced upon Counter-Claimants, community masking, violated Counter-Claimants' statutory rights under 21 U.S.C. §360BBB-3(e)(1)(A) to reject the administration of an unapproved product that was authorized under an Emergency Use Authorization.

`    70.    The violation of Counter-Claimants' rights caused irreparable harm to them. Counterclaimants seek redress by vindication of their various rights through a favorable declaration.

WHEREFORE, Counter-Claimants pray for the following relief:

1.    This Countercomplaint be served upon the Counter-Defendants', and they be required to file an answer.

2.    This court would hold a final hearing in this matter and in a final judgment, grant judgment to Counter-Claimants, declaring that the disabilities laws do not provide for community masking as a reasonable accommodation in these circumstances or any circumstance, and further declare that Counter-Claimants' rights were violated by the imposition of a community masking mandate.

3.    This court would tax costs to Counter-Defendants.

4.    This Court would grant such other, good, and further relief to which this court finds Counter-Plaintiffs may be entitled.

Respectfully submitted this 2nd day of June, 2022.


*s/ W. Andrew Fox*
W. Andrew Fox, BPR No. 017356
Attorney for Proposed Intervenors
Gilbert & Fox Law Firm
625 S. Gay Street, Ste. 540
Knoxville, TN 37902
Telephone: (865) 525-8800
Facsimile: (865) 525-8200
andy@andrewfoxlaw.com

**Certificate of Service**

I hereby certify that on the 2nd day of June, 2022, I electronically filed the foregoing document with the Clerk of Court and that the foregoing document will be served via the CM/ECF system on all counsel of record.

*s/ W. Andrew Fox*
W. Andrew Fox
Attorney for Intervenor-Defendants