IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IN THE MATTER OF S.B., A MINOR STUDENT, BY AND THROUGH HIS PARENTS, M.B. AND L.H.; | ) ) ) ) |
| M.S., A MINOR STUDENT, BY AND THROUGH HER PARENT, K.P.; | ) ) ) |
| T.W., A MINOR STUDENT, BY AND THROUGH HIS PARENTS, M.W. J.W., AND | ) ) ) ) |
| M.K. A MINOR STUDENT, BY AND THROUGH HER PARENT, S.K. | ) JUDGE RONNIE GREER ) ) MAGISTRATE JUDGE POPLIN |
| PLAINTIFFS. | ) ) |
| vs. | ) ) No. 3:21-cv-00317-JRG-DCP |
| GOVERNOR BILL LEE, in his official capacity as GOVERNOR OF TENNESSEE. | ) ) ) |
| DEFENDANTS. | ) ) |

**PLAINTIFFS' (SECOND) NOTICE OF
SUPPLEMENTAL AUTHORITY IN SUPPORT OF ATTORNEYS' FEES AND COSTS**

**COME THE PLAINTIFFS**, S.B., a minor student, *et. al.*, and file this (Second) Notice of Supplemental Authority. They show:

The last remaining item in this matter is Plaintiffs' pending motion for attorneys' fees and costs for obtaining the preliminary injunction. (D.E. 157). On November 23, 2022, Plaintiffs filed

1

a Notice of Supplemental Authority, citing *Tenn. State Conference of the NAACP v. Hargett*, 53 F.4th 406 (6th Cir. 2022). (D.E. 160). Defendant responded on November 30, 2022. (D.E. 161).

Yesterday, April 10, 2023, a unanimous panel of the Sixth Circuit Court of Appeals decided *Roberts v. Neace*, 2023 U.S. App. LEXIS 8448 (6th Cir. Apr. 10, 2023). In *Roberts*, the Kentucky Governor issued an executive order prohibiting mass gatherings including, in that case, Easter services at the Maryville Baptist Church. *Id.* at *2. After the plaintiffs obtained preliminary injunctions permitting attendance at religious services, the Governor issued orders permitting faith-based gatherings; the Kentucky legislature followed suit, limiting the Governor's authority to make similar COVID-19 orders. *Id.* at *2-3.

The District Court awarded $272,142.50 in attorneys' fees and costs to the plaintiffs for obtaining the preliminary injunction. *Id.* at *3. On appeal, the Sixth Circuit affirmed the "prevailing party" status of the *Roberts*-plaintiffs because "a preliminary injunction may well suffice if it mainly turns on the likelihood-of-success inquiry and changes the parties' relationship in a material and enduring way." *Id.* at *4. The *Roberts*-plaintiffs' status changed, from being unable to participate in religious gatherings to participating in them, which "is, assuredly a material, court-ordered change." *Id.* at *5.

The injunctions, even "though preliminary, also qualify as enduring." *Id.* at *5. They were not fleeting, they did not merely preserve the status quo, and the injunction "focused on the legal reality that the congregants would likely succeed on the merits." *Id.* In that sense, the preliminary injunctions were "final in all but name." *Id.* at *5. "No later decision reversed or vacated the injunctions." *Id.* at *6. Therefore, the trial court injunction "lasted for over a year" during which time the plaintiffs could attend faith-based gatherings. *Id.*

2

Governor Beshear made an argument in *Roberts* that is advanced by Governor Lee in the present case—that prevailing party status is not achieved if the Governor "voluntarily changed the orders after the preliminary injunctions issued." *Id.* at *7. (*See* D.E. 158, Gov. Lee Response). The Sixth Circuit disagreed. *Id.* "Once a plaintiff earns 'some relief,' however, he steps outside *Buckhannon*'s domain [of voluntarily relenting]." *Id.*

Turning to the present case, on September 24, 2021, the District Court struck Governor Lee's Executive Order 84, issued August 16, 2021, based upon a merits-analysis that it likely would expose children with disabilities to serious illness or death. (D.E. 35). District Judge Greer issued a mandatory masking order for all 60,000 students in Knox County by returning them to a previous state of universal masking. (*Id.*).

Governor Lee appealed the District Court's decision on October 19, 2021 (D.E. 56), though later dropped it on December 10, 2021. (D.E. 81). Back in District Court, in response to Plaintiffs' motion for attorneys' fees and costs, the Governor argued that an Executive Order that becomes moot "prior to resolution of the case" cannot establish prevailing-party status. (D.E. 158, p. 4). The Governor said that his Executive Order, even though *already enjoined* by Judge Greer, was mooted by subsequent legislation. (*Id.* at p. 5). Plaintiffs countered that the *legal relationship* between the parties was altered not by the legislation but first by the preliminary injunction—as *Roberts* now makes plain—and that an act of withdrawing an already-enjoined executive order was akin to stabbing a corpse. (D.E. 159, p. 2).

In sum, the District Court's preliminary injunction striking the Executive Order *changed* the legal relationship between the parties. As in *Roberts*, it did not "preserve the status quo," but met the "touchstone" of a "material alteration of the legal relationship of the parties." *Roberts*,

3

2023 U.S. App. LEXIS 8448 at *4. It was not "ill-considered, hastily entered, or tentative." *Id.* at *5. It required substantial testimony, "briefing and argument," and focused on likelihood of success. *Id.* In fact, the preliminary injunction permitted—required even—universal masking protection for all of the Plaintiffs. That protection lasted from September 24, 2021, the date the preliminary injunction was issued, until March 14, 2022, at which time universal masking ended by agreement of the parties due to risk of low transmission rates per CDC's guidance. (D.E. 124).

For the reasons stated previously, and with the addition of *Roberts v. Neace*, 2023 U.S. App. LEXIS 8448 (6th Cir. Apr. 10, 2023), Plaintiffs supplement the record and move for their attorneys' fees and costs in accordance with its previous filing. (D.E 157).

Respectfully submitted,

| | |
|---|---|
| **GILBERT LAW, PLC** | **THE SALONUS FIRM, PLC** |
| /s Justin S. Gilbert | /s Jessica F. Salonus |
| Justin S. Gilbert –TN Bar #17079 | Jessica F. Salonus—TN Bar #28158 |
| 100 W. MLK Blvd, St 501 | 139 Stonebridge Boulevard |
| Chattanooga, TN 37402 | Jackson, TN 38305 |
| Telephone: 423.756.8203 | Telephone: 731.300.0970 |
| justin@schoolandworklaw.com | jsalonus@salonusfirm.com |

### CERTIFICATE OF SERVICE

I certify that this Second Notice of Supplemental Authority was served upon counsel of record for the Defendants, Reed Smith and Marty McCampbell for Governor Lee, through the Court's ECF filing system on April 11, 2023.

/s Justin S. Gilbert