UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| S.B., a minor student, by and through his parents, M.B. and L.H. *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:21-CV-00317-JRG-DCP ) |
| GOVERNOR BILL LEE, in his official capacity as Governor of Tennessee, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Alter or Amend Judgment [Doc. 171], Defendant Governor Bill Lee's Response [Doc. 172], and Plaintiffs' Reply [Doc. 173]. For the reasons herein, the Court will deny Plaintiffs' motion.

### I. BACKGROUND

Earlier this year, Plaintiffs' attorneys, Justin S. Gilbert and Jessica F. Salonus, moved for attorneys' fees following the settlement of this case, and the Court referred their motion to United States Magistrate Judge Debra C. Poplin for a report and recommendation. In requesting fees, Mr. Gilbert and Ms. Salonus requested hourly rates of $500 and $400, respectively. Judge Poplin, however, recommended the Court grant them higher hourly rates of $650 and $500, respectively. Defendant Governor Lee objected to Judge Poplin's recommendation.

After performing a de novo review of Judge Poplin's report and recommendation, the Court determined that $500 and $400, Mr. Gilbert's and Ms. Salonus's claimed rates, were the appropriate rates and entered a final judgment in which it awarded them fees based on these hourly rates. Mr. Gilbert and Ms. Salonus now move the Court to alter or amend its judgment

under Federal Rule of Civil Procedure 59(e). Governor Lee opposes their motion. Having carefully reviewed and considered the parties' arguments, the Court is now prepared to rule on them.

## II. LEGAL STANDARD

Rule 59(e) states that a party may file a motion to alter or amend a judgment within twenty-eight days of its entry, and it permits a court to alter a judgment based on "(1) a clear error in law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quotation omitted). A Rule 59(e) motion, however, "run[s] contrary" to notions of "finality and repose" and it is "generally discouraged" and "afford[s] relief only under extraordinary circumstances." *Polzin v. Barna & Co.*, No. 3:07-cv-127, 2007 WL 4365760, at *3 (E.D. Tenn. Dec. 11, 2007). Rule 59(e) motions are, therefore, "seldom granted." *Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421, at *1 (M.D. Tenn. Jan. 26, 2011) (quotation omitted). The Court has "considerable discretion" in deciding whether to grant a Rule 59(e) motion. *Leisure Caviar*, 616 F.3d at 615 (citation omitted).

## III. ANALYSIS

In pursuing relief under Rule 59(e), Mr. Gilbert and Ms. Salonus "request an alteration solely on the attorney fee hourly rates," and in doing so, they contend that the Court committed clear error or acted in a way that was manifestly unjust by granting them fees at their claimed rates of $500 and $400 per hour, instead of granting them fees at rates of $650 and $500 per hour as Judge Poplin recommended. [Pls.' Mot. at 1]. In short, they maintain that Judge Poplin arrived at the correct lodestar and the Court did not.

2

They start, however, by acknowledging that "[t]he meaning in law of the nautical word 'lodestar' is not always clear," [*id.* at 2], an acknowledgment that is hardly denotive of clear error[1] on the Court's part and is instead a testament to the Court's *discretion* in awarding fees. Indeed, the Court has "considerable discretion" in determining the appropriate award of fees, *Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013) (citation omitted), partly because "[t]here is no precise rule or formula for making [attorney fee award] determinations," *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983). And not only that, but the Court was also operating under a de-novo standard of review when it addressed the report and recommendation, meaning that it had discretion to consider anew the issue of fees and to diverge from Judge Poplin's recommendation if it saw fit to. *See United States v. Raddatz*, 447 U.S. 667, 675 (1980) (stating that a de novo review requires district courts "to give fresh consideration" to the issues before it (quotation omitted)); *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005) (stating that a de novo review requires district courts to reach "the ultimate determination of the matter" through their own judicial discretion (quotation omitted)).

In attacking the Court's decision on this highly discretionary legal issue, Mr. Gilbert and Ms. Salonus' motion reads more as an expression of disagreement with the Court's analysis rather than as an illustration of clear error or manifest injustice on the Court's part. *Compare* [Pls.' Mot. at 5 (arguing that "Judge Poplin did it correctly"); *id.* at 2 (identifying the legal issue as whether "Judge Poplin correctly appl[ied] a lodestar")], *with Farmer v. Branstetter*, No. 3:23-cv-303, 2023 WL 6303009, at *1 (E.D. Tenn. Sept. 27, 2023) ("[D]isagreements with [the

---

[1] "The term 'clear error' is not well-defined in the Sixth Circuit, but it does 'clearly indicate[] that a high standard applies.'" *Forman v. Meridian Bioscience, Inc.*, 387 F. Supp. 3d 791, 796 (S.D. Ohio 2019) (alteration in original) (quotation omitted)); *but see Jackson v. Ford Motor Co.*, No. 1:15-cv-1180, 2016 WL 4533028, at *1 (W.D. Tenn. Mar. 21, 2016) ("A 'clear error of law' occurs where the original ruling 'overlooked or disregarded' some 'argument or controlling authority' or where the moving party 'successfully points out a manifest error[.]'" (quotation omitted)).

3

court's] conclusions are insufficient to support a Rule 59(e) motion." (citation omitted)). Under Rule 59(e)'s framework, the issue is not so much whether Judge Poplin "did it correctly" but whether this Court—in having the final say under a de-novo standard of review and choosing to depart from Judge Poplin's recommendation on what was an inherently discretionary legal issue—did it *incorrectly*, which requires a showing of clear error or manifest injustice.

Mr. Gilbert and Ms. Salonus make no such showing. As Governor Lee rightly argues, "[n]owhere do Plaintiffs identify any controlling authority that requires revisiting the Court's order." [Def.'s Resp. at 2]. Mr. Gilbert and Ms. Salonus, without citing legal authority, only casually address the principle concern that the Court had with the report and recommendation: that controlling precedent is pellucid that any increase in, or enhancement of, the lodestar cannot come through the *Johnson* factors. While they propose that district courts have license to create an "'enhanced lodestar,' as some cases call it . . . based [on] typical *Johnson* factors," they cite not a single case to support this proposition. [Pls.' Mot. at 6].

The *Johnson* factors aside, Governor Lee also effectively argues that Mr. Gilbert and Ms. Salonus received exactly what they asked for from the Court, and even a rudimentary understanding of the lodestar and a cursory review the record suffice to demonstrate why. The hallmark of the lodestar is reasonableness. *See Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005) (observing that the lodestar "is the proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate" (citing *Hensley*, 461 U.S. at 433)). As Governor Lee points out, Mr. Gilbert and Ms. Salonus' various declarations, which they submitted to the Court in support of their requests for fees, contained attestations that $500 and $400 were the rates of reasonable compensation for their work in this case. [Def.'s Resp. at 5]. Mr. Gilbert and Ms. Salonus themselves also identified these rates as the lodestar fees that

4

the Court should employ in its analysis. *See* [Pls.' Mem. Supporting Fees & Costs, Doc. 157-1, at 21 (stating that "the lodestars . . . for Gilbert ($500) and Salonus ($400) slightly exceed their hourly rates")]; *see* [Def.'s Resp. at 5 ("Plaintiffs cannot reasonably claim error when the Court awarded *their self-proclaimed* lodestar rate that their proffered experts determined are reasonable based on the factors in this case." (emphasis in original))].

So, yes, Mr. Gilbert and Ms. Salonus did receive exactly what they asked for from the Court, except an enhancement via a multiplier, which Judge Poplin decided was inappropriate under *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010) and which the Court, in the absence of any objection from Mr. Gilbert and Ms. Salonus, did not address. Although Mr. Gilbert and Ms. Salonus now argue for the first time that "[t]he $500 and $400 rates are not sufficient to attract counsel in the[] extraordinary, and even violent, circumstances" of this case, [Pls.' Mot. at 6], this argument is in every way irreconcilable with the statements and arguments that they, as well as their sworn declarants, originally made to the Court, *see Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("[A]rgument[s] . . . raised for the first time in a Rule 59(e) motion[] [are] barred where there [is] no reason why the [movant] could not have presented its argument prior to its motion to alter or amend the judgment." (citations omitted)). The Court therefore finds no basis to grant them the extraordinary relief they request under Rule 59(e).

## IV. Conclusion

Mr. Gilbert and Ms. Salonus fail to meet their heavy burden as movants under Rule 59(e), and their motion to alter or amend judgment [Doc. 171] is therefore **DENIED**.

So ordered.

ENTER:

                                                    s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE